IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Herman Kelly, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:06-cv-228 (JJF) |
| v. | ) | |
| | ) | |
| MBNA American Bank, National | ) | |
| Arbitration Forum, | ) | |
| Wolpoff & Abramson, L.L.P., | ) | |
| | ) | |
| Defendants. | ) | |

**OPENING BRIEF IN SUPPORT OF DEFENDANT NATIONAL
ARBITRATION FORUM'S MOTION TO DISMISS COMPLAINT**

Richard D. Kirk (Bar ID # 922)
Ashley B. Stitzer (Bar ID # 3891)
Kelly M. Dawson (Bar ID # 4786)
THE BAYARD FIRM
222 Delaware Avenue, 9th Floor
Wilmington, DE 19801
(302) 655-5000
rkirk@bayardfirm.com
astitzer@bayardfirm.com
kdawson@bayardfirm.com

Attorneys for National Arbitration Forum

Dated: May 22, 2006

625684v3

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... ii

NATURE AND STAGE OF THE PROCEEDINGS ........................................... 1

SUMMARY OF THE ARGUMENT .................................................................. 2

FACTUAL BACKGROUND .............................................................................. 3

ARGUMENT ....................................................................................................... 4

    I.    THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM AGAINST NAF UPON WHICH RELIEF CAN BE GRANTED ................................ 4

    II.    THE COMPLAINT SHOULD BE DISMISSED BECAUSE NAF IS ENTITLED TO ABSOLUTE ARBITRAL IMMUNITY ........................................................................... 5

    III.    THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT CONSTITUTES AN IMPERMISSIBLE COLLATERAL ATTACK ON AN ARBITRATION AWARD ....................................................................................... 7

    IV.    THE COMPLAINT MUST BE DISMISSED BECAUSE SERVICE OF PROCESS IS INSUFFICIENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(5) ........................ 9

CONCLUSION ................................................................................................... 12

# TABLE OF AUTHORITIES

Page

Cases

*Allied-Bruce Terminix Co., Inc. v. Dobson*,
513 U.S. 265 (1995)............................................................................................. 7

*Austern v. Chicago Bd. of Options Exch., Inc.*,
898 F.2d 882 (2d Cir. 1990)............................................................................. 6, 8

*Aziz v. Buckwalter*,
1999 WL 239035 (E.D. Pa. April 9, 1999)......................................................... 4

*Blair v. Wal-Mart Stores Inc.*,
2004 WL 2283560 (D. Del. Sept. 30, 2004)....................................................... 4

*Blue Cross Blue Shield of Tex. v. Juneau*,
114 S.W.3d 126 (Tex. App. 2003)...................................................................... 7

*Colburn v. Upper Darby Twp.*,
838 F.2d 663 (3d Cir. 1988)............................................................................... 4

*Corey v. N.Y. Stock Exch.*,
691 F.2d 1205 (6th Cir. 1982) ........................................................................... 7

*Foster v. Turley*,
808 F.2d 38 (10th Cir. 1986) ............................................................................. 7

*Fradella v. Petricca*,
183 F.3d 17 (1st Cir. 1999)................................................................................. 7

*Hawkins v. Nat'l Ass'n of Sec. Dealers Inc.*,
149 F.3d 330 (5th Cir. 1998) ............................................................................. 6

*Higdon v. Constr. Arbitration Assoc., Ltd.*,
71 S.W.3d 131 (Ky. Ct. App. 2002) .................................................................. 8

*Langford v. City of Atlantic City*,
235 F.3d 845 (3d Cir. 2000................................................................................ 4

*Larry v. Penn Truck Aids, Inc.*,
94 F.R.D. 708 (E.D. Pa. 1982)........................................................................... 5

*McCarty v. Derivium Capital, LLC*,
2005 WL 3320564 (D. Conn. Nov. 21, 2005) ................................................... 6

**TABLE OF AUTHORITIES**, continued

Page

Cases, continued

*Mettle v. First Union Nat'l Bank,*
  279 F. Supp. 2d 598 (D. N.J. 2003) ............................................................... 11

*Nami v. Fauver,*
  82 F.3d 63 (3d Cir. 1996) ................................................................................. 4

*New England Cleaning Serv., Inc. v. Am. Arbitration Ass'n,*
  199 F.3d 542 (1st Cir. 1999) ........................................................................ 5, 6

*Olson v. Nat'l Ass'n of Sec. Dealers,*
  85 F.3d 381 (8th Cir. 1996) .......................................................................... 5, 8

*Prudential Bache-Sec. v.*
  *Nat'l Ass'n of Sec. Dealers Dispute Resolution, Inc.,*
  289 F. Supp. 2d 438 (S.D.N.Y. 2003) .......................................................... 5, 6

*Smith v. Zeneca Inc.,*
  820 F. Supp. 831 (D. Del. 1993) ..................................................................... 4

*Vallies v. Sky Bank,*
  432 F.3d 493 (3d Cir. 2005) ............................................................................ 4

Statutes

10 *Del. C.* § 3104 ........................................................................................... 10

9 U.S.C. § 10 .................................................................................................... 8

9 U.S.C. § 10(a) ............................................................................................... 8

9 U.S.C. § 11 ................................................................................................. 8, 9

9 U.S.C. § 12 .................................................................................................... 9

9 U.S.C. §§ 1-16 (the "Federal Arbitration Act") ....................................... 2, 7

Rules

Del. R. Super. Ct. RCP Rule 4(f)(1)(III) ....................................................... 10

Minn. St. RCP R. 4.03(c) .......................................................................... 10, 11

FED. R. CIV. P. 12 ............................................................................................ 2

FED. R. CIV. P. 12(b)(5) ......................................................................... 2, 9, 11

<b><u>TABLE OF AUTHORITIES</u></b>, continued

<u>Page</u>

<u>Rules</u>, continued

FED. R. CIV. P. 12(b)(6) ................................................................................................... 2, 4

FED. R. CIV. P. 4(e)(1)...................................................................................................... 10

FED. R. CIV. P. 4(h) ........................................................................................................ 9, 10

FED. R. CIV. P. 4(h)(1) ...................................................................................................... 10

625684v3

## NATURE AND STAGE OF THE PROCEEDINGS

On or about May 1, 2006, pro se plaintiff Herman Kelly (the "Plaintiff") commenced the above-captioned proceeding in United States District Court for the District of Delaware (the "Court") against MBNA America Bank, N.A. ("MBNA"), National Arbitration Forum ("NAF"), and Wolpoff & Abramson, L.L.P. ("W&A") by filing a complaint (the "Complaint") [D.I. 1].

NAF filed the Motion to Dismiss Complaint (the "Motion") and respectfully submits this Opening Brief in support of the Motion.

## SUMMARY OF THE ARGUMENT

NAF moves to dismiss the Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure (the "Federal Rules"). The Complaint fails to assert a claim against NAF upon which relief can be granted and therefore dismissal is warranted under Rule 12(b)(6) of the Federal Rules. The Complaint merely names NAF as a defendant in the action and fails to allege any facts or assert any claims against NAF under which it can be held liable.

Even if the Court finds that the Complaint asserts a claim against NAF, the Plaintiff's claim should be dismissed because NAF is entitled to arbitral immunity. Arbitral immunity extends not only to arbitrators, but also to arbitration boards or sponsors, such as NAF. In addition, the claim should be dismissed because it is an impermissible collateral attack on an arbitration award. Under Title 9 of the United States Code, 9 U.S.C. §§ 1-16 (the "Federal Arbitration Act"), the Plaintiff's exclusive remedy was to file and serve a motion to vacate or modify an arbitration award in the United States court in and for the district wherein the award was made within three months after the award was filed or delivered. Plaintiff failed to do so and cannot now seek relief from the award by commencing an action in this Court.

Finally, the Complaint must be dismissed under Rule 12(b)(5) of the Federal Rules because service of process was insufficient.

## FACTUAL BACKGROUND

NAF is a Minnesota corporation and its primary place of business is located in Minnesota.  NAF provides arbitration administration services to parties seeking to resolve disputes through alternative dispute resolution.

Upon information and belief, NAF acted as an arbitration administrator in several arbitrations conducted in Michigan, not Delaware, involving the Plaintiff and MBNA and/or W&A.  NAF's records indicate that the Plaintiff is or has been involved in six consumer arbitrations in which NAF acted as the arbitration administrator.  All of the arbitrations were conducted as "desk hearings", meaning the parties did not make personal appearances at the arbitration but rather submitted documentary evidence and affidavits that were sent to the arbitrators for review.  Five arbitrations are closed and one is stayed pending the outcome of this action.  NAF is unable to determine with certainty based on the Complaint which, if any, arbitrations are at issue in the present action.

On or about April 26, 2006, the Plaintiff commenced the present action by filing the Complaint.  The Complaint names NAF as a defendant.  However, the Complaint fails to assert any claim against NAF.  Further, all factual allegations asserted in the Complaint relate to alleged conduct by MBNA and/or W&A.

On or about May 1, 2006, the Plaintiff served the Complaint and the Summons on NAF by United States First Class mail to "National Arbitration Forum-President, P.O. Box 50191, Minn, MN 55405-1091."  A true and correct copy of the envelope that contained the service of process is attached hereto as Exhibit A.  The Plaintiff did not serve personally the Complaint and Summons on an officer or managing agent of NAF or its registered agent.

625684v3                                    3

## ARGUMENT

### I.    THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM AGAINST NAF UPON WHICH RELIEF CAN BE GRANTED

The Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules because it fails to state a claim against NAF.

A motion to dismiss for failure to state a claim "should be granted only if, accepting as true the facts alleged and all reasonable inferences that can be drawn therefrom[,] there is no reasonable reading upon which the plaintiff may be entitled to relief." *Vallies v. Sky Bank*, 432 F.3d 493, 494 (3d Cir. 2005) (citing *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 665-66 (3d Cir. 1988)).  *See also Langford v. City of Atlantic City*, 235 F.3d 845, 847 (3d Cir. 2000) (citing *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)).  "A court must view all reasonable inferences that may be drawn from the complaint in the light most favorable to the non-moving party." *Blair v. Wal-Mart Stores Inc.*, 2004 WL 2283560, at *2 (D. Del. Sept. 30, 2004).  "The burden to show failure to state a claim rests with the moving party." *Smith v. Zeneca Inc.*, 820 F. Supp. 831, 832 (D. Del. 1993).

The Complaint merely names NAF as a defendant and fails to allege any claim against it.  Further, the Complaint fails to assert any factual allegations against NAF.  All factual allegations asserted in the Complaint relate to alleged conduct by MBNA and/or W&A.  Therefore, the Complaint fails to state a claim upon which relief can be granted and dismissal of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules is warranted.  *See Aziz v. Buckwalter*, 1999 WL 239035, at *1-2 (E.D. Pa. April 9, 1999) (Court dismissed plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules because it named the United States Attorney General and the United States Attorney as

codefendants, but "did not mention the codefendants and . . . [was] devoid of any allegations against [the co-defendants].").

## II.    THE COMPLAINT SHOULD BE DISMISSED BECAUSE NAF IS ENTITLED TO ABSOLUTE ARBITRAL IMMUNITY

Even if the Court finds that the Complaint states a claim against NAF upon which relief can be granted, any such claim must be dismissed because NAF is entitled to arbitral immunity.

"Because an arbitrator's role is functionally equivalent to a judge's role, courts of appeals have uniformly extended judicial and quasi-judicial immunity to arbitrators." *New England Cleaning Serv., Inc. v. Am. Arbitration Ass'n*, 199 F.3d 542, 545 (1st Cir. 1999) (citing *Olson v. Nat'l Ass'n of Sec. Dealers,* 85 F.3d 381, 382-83 (8th Cir. 1996)). *See also Larry v. Penn Truck Aids, Inc.*, 94 F.R.D. 708, 724 (E.D. Pa. 1982) (citation omitted) (Court found that defendant, a member of the arbitration panel, was entitled to immunity because the allegations of the amended complaint against him plainly relate to actions taken in his role as a member of the arbitration panel and the plaintiff did not contend that any actions taken by the defendant were outside his jurisdiction as an arbitrator.); *Prudential Bache-Sec. v. Nat'l Ass'n of Sec. Dealers Dispute Resolution, Inc.*, 289 F. Supp. 2d 438, 440 (S.D.N.Y. 2003) (Court concluded that arbitrators and their sponsors are immune from suit for jurisdictional determinations made in their capacity as arbitrators.).

As with judicial and quasi-judicial immunity, arbitral immunity is essential to protect decision-makers from undue influence and protect the decision-making process from reprisals by dissatisfied litigants. *New England Cleaning Serv.*, *supra*.

"Arbitral immunity extends beyond arbitrators themselves to organizations that sponsor arbitrations." *McCarty v. Derivium Capital, LLC*, 2005 WL 3320564, at *1-2 (D. Conn. Nov. 21, 2005). *See also Austern v. Chicago Bd. of Options Exch., Inc.*, 898 F.2d 882, 885-87 (2d Cir. 1990) (Court stated the Second, Sixth and Eight Circuits have recognized an "extension of arbitral immunity to encompass boards [that] sponsor arbitration."); *New England Cleaning Serv.*, *supra* ("In proper circumstances, organizations that sponsor arbitrations, as well as arbitrators themselves, enjoy this immunity from civil liability." (citations omitted)); *Prudential Bache-Sec.*, 289 F. Supp. at 440 (Court noted "arbitrators and their sponsors are immune from suit for jurisdictional determinations made in their capacity as arbitrators.").

A sponsoring organization's immunity extends to the administrative tasks it performs, insofar as these are integrally related to the arbitration. *New England Cleaning Serv.*, *supra* (citations omitted); *see also Hawkins v. Nat'l Ass'n of Sec. Dealers Inc.*, 149 F.3d 330, 332 (5th Cir. 1998) (Court finding that arbitrators and sponsoring organizations are immune from civil liability arising from actions taken in the course of conducting arbitration proceedings.).

Here, NAF's only involvement was to act as the arbitration organization and provide arbitration administrative services for the arbitration between the Plaintiff and MBNA and/or W&A. Therefore, in the event that the Court finds that the Complaint asserts a claim against NAF, such claim could only be based on NAF's performance of its administrative tasks as the arbitration organization. Therefore, NAF is entitled to arbitral immunity and the claims against the NAF must be dismissed as a matter of law.

III.  **THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT CONSTITUTES AN IMPERMISSIBLE COLLATERAL ATTACK ON AN ARBITRATION AWARD**

Alternatively, in the event that the Court finds that the Complaint asserts a claim against NAF arising from the arbitration award, the claim would amount to an impermissible collateral attack on the award.

"[T]he [F]ederal Arbitration Act[1] provides the exclusive remedy for challenging acts that taint an arbitration award." *Corey v. N.Y. Stock Exch.*, 691 F.2d 1205, 111-12 (6th Cir. 1982) (Court affirming the District Court's decision that the plaintiff's claims against the defendant for the acts of the arbitrators are barred by arbitral immunity and those based on the arbitration director's acts constitute no more than an impermissible collateral attack on the arbitrators' award.); *Fradella v. Petricca*, 183 F.3d 17 (1st Cir. 1999) ("The only specified recourse for an aggrieved party under the FAA is to file a motion to vacate or modify the award in the district court."); *Foster v. Turley*, 808 F.2d 38, 41-42 (10th Cir. 1986) ("The Arbitration Act provides the exclusive remedy for challenging conduct that taints an arbitration award within the Act's coverage." (citations omitted)); *Blue Cross Blue Shield of Tex. v. Juneau*, 114 S.W.3d 126, 130-133 (Tex. App. 2003) (Court found where state statutes provide an exclusive remedy to contest arbitration awards, there is no need to allow collateral attacks in the form of lawsuits

---

[1]    Plaintiff appears to base his jurisdiction in federal court on diversity of citizenship. Plaintiff alleges that he, a Michigan resident, made payments in connection with a credit card agreement to either MBNA, a Delaware resident, or W&A, a Maryland resident. Complaint at ¶¶ 6-7. Thus, the agreement would affect commerce and fall under the purview of the FAA. *See Allied-Bruce Terminix Co., Inc. v. Dobson*, 513 U.S. 265 (1995) (FAA applies to "a contract evidencing a transaction involving commerce." "Involving commerce" is interpreted to mean "affecting commerce."). Moreover, NAF Code of Procedure 48 states, "[u]nless the Parties agree otherwise, any Arbitration Agreement . . . and all arbitration proceedings, Hearings, Awards, and Orders are to be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1-16." Had Plaintiff been involved in an arbitration administered by NAF, he would have been bound by the NAF Code of Procedure.

against arbitrators.); *see also Higdon v. Constr. Arbitration Assoc., Ltd.*, 71 S.W.3d 131 (Ky. Ct. App. 2002); *Austern*, 898 F.2d at 886; *Olson*, 85 F.3d at 382-383 .

Section 10 of the Federal Arbitration Act provides the grounds for a court to vacate an arbitration award and states, in relevant part, as follows:

> (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
>
>> (1) where the award was procured by corruption, fraud, or undue means;
>>
>> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>>
>> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>>
>> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

Section 11 of the Federal Arbitration Act provides the grounds for a court to modify or correct an arbitration award and states, in relevant part, as follows:

> In either of the following cases the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration—
>
> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
>
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
>
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

> The order may modify and correct the award, so as to effect the intent
> thereof and promote justice between the parties.

9 U.S.C. § 11.

Section 12 of the Federal Arbitration Act provides that a party seeking an order

vacating, modifying or correcting an arbitration award must file and serve a motion in the

United States court in and for the district wherein the award was made within three

months after the award is filed or delivered.

Thus, under the Federal Arbitration Act, the Plaintiff's exclusive remedy for

challenging the arbitration award was to file and serve a motion in the United States court

in and for the district wherein the award was made within three months after the award is

filed or delivered.  The Plaintiff failed to make such a motion.  Instead, the Plaintiff

commenced the present action in an attempt to launch an indirect attack on an arbitrator's

award.  Such collateral attacks on arbitration awards are prohibited and therefore the

Complaint should be dismissed.

## IV.    THE COMPLAINT MUST BE DISMISSED BECAUSE SERVICE OF PROCESS IS INSUFFICIENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(5)

The Complaint should be dismissed because service of process was insufficient

pursuant to Rule 12(b)(5) of the Federal Rules.

Rule 4(h) of the Federal Rules provides for service upon corporations and

associations and states in relevant part as follows:

> Unless otherwise provided by federal law, service upon a domestic or
> foreign corporation or upon a partnership or other unincorporated
> association that is subject to suit under a common name, and from which a
> wavier of service has not been obtained and filed, shall be effected:
>
>> (1) in a judicial district of the United States in the manner
>> prescribed for individuals by subsection (e)(1), or by

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

FED. R. CIV. P. 4(h)(1).

Rule 4(e)(1) of the Federal Rules provides that service upon individuals within a judicial district of the United States may be effected pursuant to the law of the state in which the district court is located, or in which service is effected. FED. R. CIV. P. 4(e)(1).

Rule 4(f)(1)(III) of the Rules of Civil Procedure for the Superior Court of the State of Delaware[2] (the "Superior Court Rules") mirrors the language of Rule 4(h) of the Federal Rules.[3] Similarly, Rule 4.03(c) of the Minnesota Rules of Civil Procedure governing service of process upon a corporation mirrors language of Rule 4(h) of the Federal Rules.[4] Minn. St. RCP R. 4.03(c).

---

[2]    Superior Court Rule 4(f)(1)(III) provides, in relevant part, that service of summons shall be made

> [u]pon a domestic or foreign corporation . . . by delivering copies of the summons, complaint and affidavit, if any, to an officer, a managing or general agent or to any other agent authorized by law to receive service of process and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Del. R. Super. Ct. RCP Rule 4(f)(1)(III).

[3]    Section 3104 of Title 10 the Delaware Code (the "Delaware Long-Arm Statute"), provides for personal jurisdiction over nonresidents and states that service of process shall be made upon the Secretary of State of the State of Delaware. In the event that NAF is subject to jurisdiction under the Delaware Long-Arm Statute, Plaintiff still did not properly serve process on NAF because Plaintiff did not serve the Secretary of State of the State of Delaware.

[4]    Rule 4.03(c) of the Minnesota Rules of Civil Procedure provides,

> [s]ervice of summons within the state shall be as follows: (c) Upon a domestic or foreign corporation, by delivering a copy to an officer or managing agent, or to any other agent authorized expressly or impliedly or designated by statute to receive service of summons, and if the agent is one authorized or designated

Here, Plaintiff did not properly effectuate service of process on NAF.  Plaintiff served the Summons and Complaint by United States First Class mail to "National Arbitration Forum-President, P.O. Box 50191, Minn, MN 55405-1091." *See* Exhibit A. The Plaintiff failed to serve personally NAF by delivering a copy to an officer or managing agent of NAF or its registered agent. *See Mettle v. First Union Nat'l Bank*, 279 F. Supp. 2d 598, 602 (D. N.J. 2003) (Court stated the plaintiff's service by mail was ineffective because it was not personal service.).

As Plaintiff failed to properly effectuate service of process on NAF, Plaintiff's complaint must be dismissed pursuant to Federal Rule 12(b)(5) for insufficiency of service of process.

---

under statute to receive service any statutory provision for the manner of such service shall be complied with.

Minn. St. RCP R. 4.03(c).

## CONCLUSION

For all the foregoing reasons, NAF respectfully requests that the Court grant the

Motion and dismiss the Complaint as it relates to NAF.

Dated:  May 22, 2006                    THE BAYARD FIRM

                                        _____
                                        Richard D. Kirk (No. 922)
                                        Ashley B. Stitzer (No. 3891)
                                        Kelly M. Dawson (No. 4786)
                                        222 Delaware Avenue, 9th Floor
                                        Wilmington, DE 19801
                                        (302) 655-5000
                                        rkirk@bayardfirm.com
                                        astitzer@bayardfirm.com
                                        kdawson@bayardfirm.com

                                        Attorneys for National Arbitration Forum

EXHIBIT A



## CERTIFICATE OF SERVICE

I, Ashley B. Stitzer, hereby certify that on this 22nd day of May, 2006, I caused a

copy of the foregoing **Opening Brief in Support of Defendant National Arbitration**

**Forum's Motion to Dismiss Complaint** to be served upon the following individual via

United States First Class Mail:

Herman Kelly
Post Office Box 14157
Detroit, Michigan 48214

Ashley B. Stitzer (No. 3891)