IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Herman Kelly )<br>)<br>    Plaintiff )<br>)<br>vs. )<br>)<br>MBNA America Bank, N.A., National Arbitration )<br>Forum, Wolpoff & Abramson, L.L.P. )<br>)<br>    Defendants )<br>) | Civil Action No.:  1:06-CV-228 (JJF) |

### DEFENDANT WOLPOFF & ABRAMSON, L.L.P.'S MOTION TO DISMISS

Defendant Wolpoff & Abramson, LLP, by and through its attorneys, hereby move this Honorable Court to dismiss this Amended Complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), for insufficiency of service of process under Fed.R.Civ.P. 12(b)(5), and/or for failure to state a cause of action for which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6) and respectfully as grounds therefore refers this Honorable Court to the accompanying Memorandum of Law.

WOLPOFF & ABRAMSON, L.L.P.

BY: _____
Neal J. Levitsky, Esquire  (#2092)
Fox Rothschild LLP
Citizens Bank Center
919 N. Market Street, Ste. 1300
P.O. Box 2323
Wilmington, DE 19899-2323
(302) 656-2555
Outside Wilm. Area:
1-800-678-0303
Attorney for Plaintiff

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Herman Kelly )<br>)<br>    Plaintiff )<br>)<br>vs. )<br>)<br>MBNA America Bank, N.A., National Arbitration )<br>Forum, Wolpoff & Abramson, L.L.P. )<br>)<br>    Defendants )<br>) | Civil Action No.: 1:06-CV-228 (JJF) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

### I.  INTRODUCTION

Defendant Wolpoff & Abramson, L.L.P., ("W&A") by and through counsel, submits this memorandum of law in support of its Motion to Dismiss. Because no complaint or summons has been properly served in this matter, W&A relies on Docket Entries ("DE") number 5 labeled Amended Complaint as the basis of Plaintiff's claims. Plaintiff's Amended Complaint does not assert any basis for this Court to exercise jurisdiction, does nothing to place the Defendant on notice as to how it may have acted wrongfully, and fails to identify which factual allegations even relate to the moving Defendant. The Amended Complaint is incoherent, nonsensical and must be dismissed.

### II.  STATEMENT OF FACTS

Plaintiff Herman Kelly of Detroit, Michigan filed an Amended Complaint in this Court that is a jumbled dissertation replete with jargon, case citations and statutory references without reference to any facts connecting the legal words in this pleading to alleged wrongs.

2

III. **PLAINTIFF HAS FAILED TO ALLEGE SUBJECT MATTER JURISDICTION IN THIS MATTER**

Pursuant to Fed.R.Civ.P. Rule 12(b)(1), this Court should dismiss this Amended Complaint for lack of subject matter jurisdiction because Plaintiff has not alleged jurisdictional averments. As to civil cases involving private parties, federal Courts have jurisdiction limited to matters involving a question of federal law, 28 U.S. § 1331, or where there is diversity of citizenship, 28 U.S. § 1332. [Fed.R.Civ.P.Rule 8(A) requires Plaintiff to provide in his claim "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it" (emphasis added).]

Plaintiff has not satisfied the pleading requirements based on the incoherent nature of the Amended Complaint. Because Plaintiff's Amended Complaint does not establish a federal question nor the requirements for diversity jurisdiction.

IV. **DEFENDANT HAS NOT BEEN PROPERLY SERVED AND THEREFORE THIS COMPLAINT SHOULD BE DISMISSED**

As reflected in the Docket Entries 1 through 5 ("DE") in this matter, the Clerk of this Honorable Court issued a Summons to file on May 4, 2006, but was not released to the Plaintiff. A summons is required to be issued and served along with the complaint on each defendant named in an action before the federal District Court. Fed.R.Civ.R. Rule (4)(a) and (c)(1). Pursuant to Fed.R.Civ.P. Rule12(b)(5), a Complaint may be dismissed for insufficiency of process.

Plaintiff filed under DE 6 copies of a post office receipt allegedly evidencing service of some document on Defendant. However, the document is not identified and provides no evidence that a court issued summons with copy of the Amended Complaint was ever served on

3

Defendant. Plaintiff has failed to comply with the Federal Rules by seeking a Summons and serving the Complaint or Amended Complaint on Defendant. Plaintiff did not perfect proper service of process upon any of the Defendants in this matter and Defendants were not properly notified of their rights to response in this action. For this reason, this Motion to Dismiss as to Defendant W&A should be granted.

**V.  PLAINTIFF'S COMPLAINT FAILS TO STATE A COGNIZABLE CAUSE OF ACTION**

    **1.  Standard of Review**

In deciding a Rule 12(b)(6) motion, the Court only accepts as true "well pleaded factual allegations" containing in the complaint, not bulk conclusory statements. Ma. Ex. Rel. E.F. v. State-Operated School Dist. of City of New York, 344 F.3d 335, 340 (3d Cir. 2003). "[W]e need not accept as true" unsupported conclusions and unwarranted inferences." Doug Grant, Inc. v. Greg Bay Casino Corp., 232 F.3d 173, 183-84 (3d Cir. 2000) (citations omitted).

The Court must consider only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record. Pension BN. Guar. Corp. v. White Consult. Industry, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993); see also, Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80 (1957). Although the standard of review requires this Court to accept as true all factual allegations, this Court need not accept "unsupported and unwarranted inferences." See, Maio v. Aetna, Inc., 221 F.3d 472, 485 n.12 (3d Cir. 2000). Furthermore, this Court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 ( 3d Cir. 1997)(citations omitted).

**VI.  ARGUMENT**

    **2.  Plaintiff's Conclusory Allegations are Insufficient to State a Valid Claim.**

Plaintiff's Amended Complaint fails to meet established pleading requirements and fails to state his claim clearly enough for the Defendant to know how to defend itself. Plaintiff fails to assert any factual or legal allegations against Defendant W&A. Plaintiff does not differentiate any individual Defendants except MBNA and does not specify any conduct by W&A that would violate any federal law. Accordingly, the Amended Complaint does not permit the Defendants or the Court to ascertain what legally sufficient claim the plaintiff is making and against whom he is making it.

Although Plaintiff states in paragraphs 2 that he claims fraud, false advertising, conspiracy, embezzlement, misrepresentation, and extortion, his Amended Complaint does not articulate any facts establishing such actions. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity". Fed. R. Civ. P. 9(b). See also, Warden v. McLelland, 288 F.3d 105, 114 n. 6 (3d Cir. 2002)(complaint subject to Federal Rule of Civil Procedure 9(b) when fraud is claimed). The Amended Complaint does not plead with any precision the allegations of fraud. Plaintiff recites various dollar amounts without any reference to account numbers, conduct, or actions by W&A. In fact, W&A is not specifically referenced anywhere in the Amended Complaint.

Plaintiff also requests punitive damages but does not assert a substantive claim against W&A as a basis for these damages. Punitive damages are not the basis of a substantive claim but rather a remedy available only under appropriate circumstances where other elements of a claim have been established. Plaintiff has failed to allege any cause of action for which such punitive damages are available. Plaintiff's Amended Complaint merely represents an incomprehensible attempt to avoid enforcement of his debts due MBNA.

Plaintiff's Amended Complaint is also replete with nonsensical, unintelligible, and confusing allegations. The section entitled "Compound interest memorandum of laws" provides only a historical discussion regarding a creditor's ability to contract for interest and charges but does not identify conduct by any of the individual Defendants in this matter nor assert what legal basis a lawsuit may be brought against Defendants. As a result of the jumbled, unintelligible and overall incoherent nature of Plaintiff's complaint, Plaintiff fails to assert any factual or legal basis for a cause of action or to provide the Defendant W&A with sufficient notice of any claim. Accordingly, Defendant W&A cannot be reasonably expected to identify the specific allegations and claims for relief which Plaintiff attempts to assert and thus is unable to prepare a response to the same. Plaintiff has wholly failed to put the Amended Complaint in a coherent and manageable form and therefore dismissal is warranted.

## VII.   CONCLUSION

For the reasons stated herein, Plaintiff's complaint should be dismissed with prejudice.

WOLPOFF & ABRAMSON, L.L.P.

BY: _____
Neal J. Levitsky, Esquire (2012)
Fox Rothschild LLP
Citizens Bank Center
919 N. Market Street, Ste. 1300
P.O. Box 2323
Wilmington, DE 19899-2323
(302) 656-2555
Outside Wilm. Area:
1-800-678-0303
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Herman Kelly )<br>)<br>    Plaintiff )<br>)<br>vs. )<br>)<br>MBNA America Bank, N.A., National Arbitration )<br>Forum, Wolpoff & Abramson, L.L.P. )<br>)<br>    Defendants )<br>) | Civil Action No.:  1:06-CV-228 (JJF) |

## **ORDER**

Upon consideration of Defendant Wolpoff & Abramson, L.L.P.'s Motion to Dismiss, and there appearing to be valid reasons therefore, it is this _____ day of _____, 2006,

ORDERED, that this Motion to Dismiss is granted, and further;

ORDERED, that this Amended Complaint is dismissed with prejudice.

_____
JUDGE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that two (2) copies of the attached were served this 14th day of July, 2006, upon the following individual, by U.S. Mail, postage prepaid, as follows: Herman Kelly, P.O. Box 14157, Detroit, MI 48214.

_____
Neal J. Levitsky, Esquire
Attorney for Plaintiff