IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HERMAN KELLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-228-JJF |
| | ) |
| MBNA AMERICA BANK, NATIONAL | ) |
| ARBITRATION FORUM, and | ) |
| WOLPOFF & ABRAMSON, L.L.P., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiff Herman Kelly, who proceeds pro se and was granted leave to proceed in forma pauperis, filed this action alleging state and federal violations. The Court now proceeds to review and screen the complaint[1] and amended complaint[2] pursuant to 28 U.S.C. § 1915. (D.I. 2, 5.)

For the reasons discussed below, the claims against National Arbitration Forum and Wolpoff & Abramson, L.L.P. are dismissed.

I.  **PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff names as defendants MBNA America Bank, ("MBNA"), the National Arbitration Forum ("NAF"), and the law firm of Wolpoff & Abramson, L.L.P. ("Wolpoff & Abramson"). Plaintiff alleges discrimination, illegal high compound interest prime rate, harassment, breach of contract agreement, double jeopardy,

---

[1]The complaint is sealed due to the inclusion of personal information. The Court did not include in this Memorandum Order any personal information when discussing the complaint.

[2]The amended complaint is a redacted version of the complaint.

interference, fraud, sanctions/injunction, false prosecution, false advertising, deceit accounting practice, conspiracy, embezzlement, misrepresentation, negligence, settlement compromise, witness tampering, and extortion. (D.I. 2 at ¶ 2.) He also alleges denial of his constitutional rights to access to the courts, due process, equal protection, a jury trial, enjoyment of life, appointed counsel, and discovery. Id. at ¶ 4. Plaintiff specifically raises a claim against MBNA for "breach of contract agreement, accounting, discrimination, slander libel" and for general damages. Id. at ¶ 25(b).

More particularly, Plaintiff alleges that approximately ten years ago he invested money in MBNA and opened different credit card accounts with it and other third party banks. Id. at ¶ 14. He alleges that Stewart from MBNA, without written permission, consent, or notice took his available cash credit in violation of U.S. laws and the constitution. Id. at ¶ 16. Plaintiff further alleges that MBNA erred in the computation of any money balance due, illegally overcharged the daily interest rate, refused to provide a fair accounting audit, changed the interest rate, and charged a different higher illegal interest rate. Id. at ¶¶ 17, 19, 26, 27.

Plaintiff alleges that as of December 21, 2003, he had paid in full all his credit cards and loans, but that Defendants are "trying to steal more money" from him, and make him pay more than

double or triple the loan balance. <u>Id</u>. at ¶¶ 6a, 24, 29. Plaintiff alleges that he and Defendants were involved in settlement until "defendants started trying to get more money from plaintiff double the loan amount". <u>Id</u>. at ¶ 9. He alleges that all Defendants have refused to refund monies owed him. <u>Id</u>. at ¶ 7. Plaintiff further alleges that he is not and was not a member of NAF prior to filing this complaint. <u>Id</u>. at ¶ 8.

Plaintiff alleges that he has paid the loan balances and interest in full, and he seeks a refund of overpayment. He also asks for special, general, and punitive damages

Relevant attachments to the complaint include a letter from MBNA dated February 19, 2004, and a December 23, 2004, letter from the Administrator of National Banks advising Plaintiff that the matter was referred to outside counsel, Wolpoff & Abramson. Plaintiff also filed exhibits in support of his claim. (D.I. 16, 19.) Some of the exhibits are identical to those submitted with his complaint, but additional exhibits relevant to this Memorandum Order include: an April 8, 2005, letter from Wolpoff & Abramson making an offer to settle Plaintiff's past-due account (D.I. 16, Ex. D.); a March 9, 2006, letter from NAF advising Plaintiff and MBNA that it had received a response from the respondent in <u>MBNA America Bank, N.A. v. Herman Kelly</u>, and providing a scheduling notice for the case (D.I. 16, Ex.); and a credit card notice containing an "Arbitration and Litigation"

clause that states it applies unless the cardholder was given an opportunity to reject the Arbitration and Litigation clause and rejection was made in the manner and timeframe required (D.I. 19, Ex. B.).

On May 22, 2006, NAF filed a motion to dismiss the claims against it on the bases that the complaint fails to state a claim upon which relief may be granted, it is entitled to absolute arbitral immunity, the claims constitute an impermissible collateral attack on an arbitration award, and there was insufficient service of process[3]. (D.I. 8, 9.) Plaintiff responded by moving to strike and quash NAF's motion to dismiss. (D.I. 14.) Thereafter, NAF filed a reply brief (D.I. 15.) Finally, on June 23, 2006, Plaintiff filed a motion for appointment of counsel seeking assistance with his case. (D.I. 17.)

## II. STANDARDS OF REVIEW

### A. 28 U.S.C. § 1915

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the Court may dismiss a complaint at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief

---

[3] Plaintiff attempted to serve the complaint upon the defendants by mail.

from a defendant immune from such relief.  This section mandates that a court must "dismiss an in forma pauperis claim if it determines that the claim is of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1089 (3d Cir. 1995).

The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Inasmuch as plaintiff proceeds pro se, the Court construes the complaint liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).

    B.   **Rule 12(b)(6)**

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and views them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005) (citing Rocks v. City of

Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989) (other citations omitted). A Rule 12(b)(6) motion should be granted "if it appears to a certainty that no relief could be granted under any set of facts which could be proved." Id. at 351. (citations omitted). A court, however, need not credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss. Id. (citations omitted).

### III. ANALYSIS

#### A.   Deficient Pleading

Other than naming it as a defendant, the complaint contains no allegations against Wolpoff & Abramson. Exhibits submitted by Plaintiff indicate that Wolpoff & Abramson represents one of Plaintiff's creditors and that it attempted to engage in settlement negotiations with Plaintiff.

Generally, in federal civil cases, a claimant does not have to set out in detail the facts upon which a claim is based, but must merely provide a statement sufficient to put the opposing party on notice of the claim. Weston v. Pennsylvania, 251 F.3d 420, 428 (3d Cir. 2001) (citing Fed. R. Civ. P. 8) (other citations omitted). Indeed, the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Id. at 429 (citations omitted). Rather, all the Rules require is a short and plain statement of the claim that will give the defendant fair notice of what the

plaintiff's claim is and the grounds upon which it rests.  <u>Id</u>.

The allegations in the complaint are directed mainly towards MBNA.  In a very few instances Plaintiff makes reference "Defendants" but it is not clear to whom these allegations are directed.  It is evident from the exhibits filed by Plaintiff that Wolpoff & Abramson were retained as legal counsel for creditors of Plaintiff and engaged in settlement negotiations wit him.  However, there are no allegations in the complaint or amended complaint against Wolpoff & Abramson sufficient to put it on notice of any alleged a state or federal claim.

As to Wolpoff & Abramson, the complaint and amended complaint fail to state a claim upon which relief may be granted.  Therefore, Defendant Wolpoff & Abramson is dismissed without prejudice as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B).

**B.   Arbitral Immunity**

Similar to Wolpoff & Abramson, the complaint contains no allegations directed towards NAF.  Plaintiff, however, makes indirect reference to NAF when he alleges that he was not a member of NAF prior to the filing of this complaint.  Exhibits submitted by Plaintiff also refer to NAF and its involvement in a debt collection arbitration.

NAF moves for dismissal on a number of grounds, one being its arbitral immunity.  It argues that its only involvement in this matter was to act as the arbitration organization and

provide arbitration services for the arbitration between Plaintiff and MBNA and/or Wolpoff & Abramson. It therefore contends it is entitled to dismissal as a matter of law.

Plaintiff argues that MBNA hired NAF, and that it "sent lots of mail, bills, letter seeking money from plaintiff against his will for no reason". (D.I. 14 at 1.) He argues that he did not know NAF, is not a member of NAF, and did not have an agreement or contract with NAF or MBNA for resolution of the problem. Plaintiff further argues that NAF does not have jurisdiction over him. Nor, he argues, does it have immunity.

Arbitrators are entitled to immunity analogous to judicial immunity. See Cahn v. International Ladies' Garment Union, 311 F.2d 113 (3d Cir. 1962). In performing quasi-judicial duties, the arbitrator is clothed with immunity, analogous to judicial immunity, against actions brought arising out of the performance of the arbitrator's duties. Id. at 115. Moreover, "arbitral immunity extends beyond arbitrators themselves to organizations that sponsor arbitrations." Olson v. National Ass'n of Sec. Dealers, 85 F.3d 381, 382 (8th Cir. 1996); Austern v. Chicago Bd. Options Exchange, Inc., 898 F.2d 882, 886 (2d Cir. 1990) (arbitral immunity shields the arbitration-sponsoring organization "for all functions that are integrally related to the arbitral process"); Corey v. New York Stock Exchange, 691 F.2d 1205, 1209 (6th Cir. 1982).

Even construing the complaint liberally as the Court must do, the allegations against NAF concern its involvement in an arbitration proceeding. Such a role entitles NAF to arbitral immunity. Accordingly, NAF's motion to dismiss based upon arbitral immunity will be granted.

IV.  **APPOINTMENT OF COUNSEL**

Plaintiff requests appointment of counsel "to help [him] with his case". (D.I. 17.) A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to appointed counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). It is within the Court's discretion to seek representation by counsel for Plaintiff "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

This case is in its initial stages and service has not yet been effected upon the remaining defendant. It is this Court's practice to dismiss without prejudice motions for appointment of

counsel filed prior to service.  Based upon the foregoing, the motion for appointment of counsel (D.I. 17) is denied without prejudice, with leave to refile following service of the complaint.

**V.   CONCLUSION**

NOW THEREFORE, at Wilmington this __18__ day of July, 2006, IT IS HEREBY ORDERED that:

1.   The Clerk of the Court shall cause a copy of this order to be mailed to Plaintiff.

2.   The motion for appointment of counsel (D.I. 17) is denied without prejudice, with leave to refile following service of the complaint.

3.   Defendant National Arbitration Forum's motion to dismiss (D.I. 8) is **GRANTED** on the basis of arbitral immunity, and Plaintiff's motion to strike (D.I. 14) is **DENIED**.

4.   Plaintiff's claim against Wolpoff & Abramson, L.L.P. is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

5.   The Court has identified what appears at this time to be a cognizable claim against MBNA America Bank.  Plaintiff is allowed to **PROCEED** against this Defendant.

IT IS FURTHER ORDERED, that:

1.   Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2),

Plaintiff shall complete and return to the Clerk of the Court an **original** "U.S. Marshal-285" form for **remaining Defendant** MBNA America Bank. **Plaintiff has provided the Court with one copy of the complaint (D.I. 2), the amended complaint and exhibits (D.I. 5, 16, 19) for service upon the remaining Defendant for service upon the remaining Defendant. Plaintiff is notified that the United States Marshal will not serve the complaint, amended complaint and exhibits until the "U.S. Marshal 285" form with copies of the complaint, amended complaint and exhibits have been received by the Clerk of the Court. Failure to provide a "U.S. Marshal 285" form for the remaining Defendant within 120 days of the date of this order may result in the complaint being dismissed or Defendant being dismissed pursuant to Fed. R. Civ. P. 4(m).**

    2.   The Clerk of the Court is directed to provide Plaintiff with a "U.S. Marshal 285" form.

    3.   Upon receipt of the completed "U.S. Marshal 285" form and copies of the required pleadings and exhibits, the United States Marshal shall serve a copy of the complaint, amended complaint and exhibits (D.I. 2, 5, 16, 19) and this order upon the remaining Defendant as directed by Plaintiff. All costs of service shall be advanced by the United States.

    4.   No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in

this civil action unless the documents reflect proof of service upon the parties or their counsel.

                                                                 */s/ Joseph J. Farnan, Jr.*
                                                  UNITED STATES DISTRICT JUDGE