ORIGINAL

```
         In The   United States Federal District Court
         For the district of              Delaware
Herman Kelly, pro, se
         plaintiff                Civil action# 06-288(jjf)*
vs.                             ( federal rule of civil proc.frcp) 60 B
MBNA america bank,                18 USCA & 1961(6), 18USCA & 1964
National Arbitration Forum        R.I .C.O.
Wolpoff & Abramson
         defendants
-------------------------------/
```

FILED JUL 18 2006 U.S. DISTRICT COURT DISTRICT OF DELAWARE

" Plaintiff 's objection/request/motion to strike or setaside MBNA's attorneys fees,(defendants) N.A.F's arbitration litigations costs, and Wolpoff & abramson 's attorneys fees requested.

1. This plaintiff's request/motion is in support of complaint and supplement to motion to quash defendants motion to dismiss. Wolpoff & abramson c/o megan E. Fink misinformed & fraud this honorable court and national arbitration forum. MBNA bank have paid wolpoff & abramson and N.A.F money for their services in case.

2. All defendants refused to settle compromise, refused to send a full accounting audit of all bank statements stating what money total has been paid to mbna from plaintiff on all 6 loancredit accounts. Some money paid to mbna mergered other banks that issue card credit to plaintiff 8 years ago.

3. Plaintiff moves court to deny all defendants request for attorney fees, court costs with arbitration . N.A.F. never had full jurisdiction over plaintiff and complaint that was with USA comptroller of currency 's settlement proceedings prior to arbitors.

4. National arbitration forum (NAF) 's awards are void,illegal. Plaintiff prays to god & court to grant complaint damages amount.



attorney was disbarred for, among other things charging excessive fee in personal injury case for which he did little or no preparation after discharge by client, attorney at first refused to surrender file to new attorney unless paid one third of settlement offer plus costs and then surrendered file only after dispute was compromised. see... Re disbarment of Gillard 1978, Minn, 271, N W 2d, 785.

dated July 15 2006

Proof & Certificate of Service
--------------------------------

respectfully submitted

Herman Kelly, pro, se
P.o. Box 14157
Detroit, Michigan 48214
313-894-8855

Plaintiff Herman Kelly certify that a true and correct copy of this motion notice wa s mailed to all defendants at bayard firm 222 delaware ave. suite 900,p.o. box 25130, wilmington,Delaware 19899 on this date by first class pre-paid mail USA.

*Kelly vs. MBNA et al*

" attorney at law/menorandum of laws ".
-----------------------------------------

The court has inhernet power to suspend or remove an attorney whose conduct tends to impede , obstruct or prevent the administration of the law or to destory public confidence in such administration. see.. 7 Am, jur, 2d, & 41 attorney at law. Gould vs. State , 99, Fla, 662, 127, so, 309, 69, ALR, 699.re Mosher, 24, Okla 61, 102, P. 705.

accordingly disciplinary action will lie against an attorney for counselling a client to secreate his assets and give sworn testimony misrepresenting his financial position, and for failing to produce a paper or document material to the issues or physical evidence indicative of his client's guilt for concealing pertinent information. see.. 7 Am, jur,2d, & 43 attorney at laws.... sullins vs. State Bar Of California 15 , Cal. 3d, 609, 125, Cal, rptr, 471, 542,p. 2d, 631... Toledo Bar Assn, vs. Bell, 51, Ohio, St, 2d, 33, 5, Ohio, Ops, 3d, 19, 364, NE 2d, 872....

if an attorney is actuated by malicious motives or shares the illegal motives of his client he may be personally liable with the client for damages suffered by a third person as a result of the attorney's actions.. see. 7 am, jur, 2d, & 233.. attorney at law.. anderson vs. canaday, 37, Okla, 171, 131, P. 697....

in dealing on behalf of a client with a person who is not represented by counsel a lawyer shall not state or imply that the lawyer is disinterested. When the lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's   role in the matter , the lawyer shall make reasonable efforts to correct the misunderstanding. DR 7- 104 A, 2... rule in the model code.

a lawyer is required to be truthful  when dealing with others on a client's behalf... Dr 7- 102 A    5, dr 7- 102 (a) (3).

A lawyer's duty  , to  represent a client  competenly and effectively does not allow a lawyer to harass another person, to violate another's legal rights or to use means that serve no substantial purpose   but to embarrass, delay, or burden a third person. see.. Dr 7 102 A 1, Dr 7 106, C. 2 Dr  7 108, D, E.

*Kelly vs. MBNA et al*

1. Candor;... the fundamental principle is that lawyers may not knowingly misrepresent either a material fact or law to opposing parties or other persons, DR 7 102 A 5, this principle applies whether the lawyer is involved in litigation or negotiation, Dr 7 102 A 4, rule 4.1. a, rule 8.4 c.

2. laws and procedures which discriminate against indigent defendants are inconsistent with the premise of equal treatment under the law... brown vs. State, 1975, 322, NE, 2d, 708, 262, ind, 629...

3. this amendment contemplates equal justice for poor and rich alike. see dobbs vs. Wallace, 1974, 201, S.E. 2d, 914, 157, W.Va. 405.

4. an attorney may not with impunity either conspire with a client to defraud or injure a third person or engage in intentional tortious conduct toward a third person. see... Roberts vs. Ball, Munt, Hart, Brown, & Baerwitz, 2d, dist, 57 Cal, app, 3d, 104, 128, Cal, rptr, 901... 7 am, jur 2d, & 233, attorney at law.

5. attorney was disbarred for collecting $19,600 in fees for representing estate where allowable fees were only $3,800. see... Lake county bar, Asso, vs. Ostrander, 1975, 41, Ohio, St, 2d, 93, 70, Ohio ops, 2d, 173, 322, NE 2d, 653, 81 ALR 3d, 1136...

6. attorney was properly disbarred for pattern of serious and extensive misconduct over four year period where he inter alia charged fee of $2,000. on gross estate of $ 8,092.45 which was violation of disciplinary rule dealing with charging clearly excessive fees. see..office of disciplinary counsel vs. Knepp 1982, 497, pa, 396, 441, A 2d, 1197.

7. attorney was disbarred for among other things chargeing excessive fee in personal injury case for which he did little or no preparation after discharge by client attorney at first refused to surrender file to new attorney unless paid one third of settlement offer plus costs and then surrendered file only after fee dispute was compromised. see.. Re Disbarment of Gillard 1978, Minnm 271 NW 2d, 785 see.... Re morris, 1977, 72, NJm 135, 367, A 2d, 1172.... Coloumbus Bar Asso, vs. Benis 1983, 5, Ohio, St, 3d, 199. 5 Ohio, Br, 415, 499, NE 2d, 1305.....attorney Grievance Comm. vs. Kemp, 1985, 303 md, 664, 496, A, 2d, 672.

*Koll vs MBNA, et al.*

if a false impression is made by words or acts in order to mislead and has such effect it may be sufficient, while false representations generally consist of verbal or written statements. see... Fraud and Deceit 37 Am, jur, 2d, & 42.. stewart vs. wyoming cattle ranche Co, 123, US 383, 32, L, ed, 439, 9, S. Ct, 101, Howard vs. Gould, 28, Vt. 523... Swift vs. Rounds, 19, RI, 527, 35, A, 45.

Elements of cause of action for fraudulent misrepresentation are representation of material existing fact, falsity, scienter, deception and injury. see.. menedelow vs. slabodkin, 47, AD 2d, 712, 365, NYS 2d, 296..

at common law misrepresentation made for the purpose of inducing reliance upon the false statement is fraudulent. see.. chiarella vs, United States, 1980, US, 63, L. ed, 2d, 348, 100, S. Ct. 1108....

a fraudulent representation need not be a positive oral assertion, it may consist of deeds, acts, or artifices calculated to mislead another. see... fickbohm vs. schoonover Mo, app. 452, S W 2d, 1.

37 Am, jur, 2d, & 32 fraud and Deceit... ... states; it is said to be a long standing principle of law that where a right of action exists and the defendant or someone for him, by fraudulent representation induces the plaintiff to make a settlement or release of his cause for an inadequate sum, the plaintiff . either avoid the settlement or release and sue on his original right of action, or he may sue in fraud and deceit and recover such amount as will make the settlement as honest one.

it is also said to be a general rule that where a wrongdoer fraudulenty conceals his wrong from the injured person, who agrees, in ignorance of the wrong to a settlement of the accounts of the wrongdoer and the entry of a judgment or judicial decree in accordance with the agreement the decree does not defeat an action for damages resulting from the fraud. see... ross vs. preston, 292, NY 433, 55 NE 2d, 490.





Brian Kelly Rose
Box 14157
Mich. 48214

ROYAL OAK MI 48[?]
15 JUL 2006 PM

United States Federal
District Court Civil Div-
Clerk of Court Office
844 N. King Street, Lockbox 18
Wilmington, DE. 19801-3570

U.S.M.S. X-RAY