IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Herman Kelly,<br><br>       Plaintiff,<br><br>       v.<br><br>MBNA American Bank, National Arbitration Forum, Wolpoff & Abramson, L.L.P.,<br><br>       Defendants. | Case No. 1:06-cv-228 (JJF) |

**DEFENDANT NATIONAL ARBITRATION FORUM'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE COURT'S JUDGMENT/ORDER DATED JULY 18, 2006 [Docket No. 31]**

National Arbitration Forum ("NAF") respectfully submits this memorandum of law (the "Memorandum") in opposition to Plaintiff's Motion to Vacate Court's Judgment/Order Dated July 18, 2006 Against Defendants National Arbitration Forum and Wolpoff & Abramson [Docket No. 31] (the "Motion to Vacate") filed by Plaintiff Herman Kelly (the "Plaintiff"). Pursuant to Local Rule 7.1.2(a), NAF waives its right to file a separate answering brief in support of this Memorandum. Instead, NAF respectfully states in support of this Memorandum the following:

**FACTUAL BACKGROUND**

NAF is a Minnesota corporation and its primary place of business is located in Minnesota. NAF provides arbitration administration services to parties seeking to resolve disputes through alternative dispute resolution.

Upon information and belief, NAF acted as an arbitration administrator in several arbitrations conducted in Michigan involving the Plaintiff and MBNA and/or W&A. NAF's records indicate that the Plaintiff is or has been involved in six consumer

arbitrations in which NAF acted as the arbitration administrator. Five arbitrations are closed and one is stayed pending the outcome of this action.

On or about May 1, 2006, the Plaintiff commenced the above-captioned action in United States District Court for the District of Delaware (the "Court") against MBNA America Bank, N.A. ("MBNA"), NAF, and Wolpoff & Abramson, L.L.P. ("W&A") by filing a complaint (the "Complaint") [D.I. 1].

On May 22, 2006, NAF filed the Motion to Dismiss Complaint [D.I. 8] (the "Motion to Dismiss") and the Opening Brief in support of the Motion to Dismiss [D.I. 9]. The parties fully briefed the Motion to Dismiss.

On July 18, 2006, the Court entered the Memorandum Order [D.I. 23] that, *inter alia*, granted the Motion to Dismiss and dismissed the Plaintiff's claims against NAF.

On August 31, 2006, the Plaintiff filed the Motion to Vacate.

## ARGUMENT

A.   Relief Under Rule 59 of the Federal Rules Is Improper

In support of the Motion to Vacate, the Plaintiff relies on Rule 59(a) and (e) of the Federal Rules of Civil Procedure (the "Federal Rules"). "The purpose of a Rule 59(e) motion is to allow the court to reevaluate the basis for its decision. Rule 59(e) motions for reconsideration are appropriate when the court has made an error in interpreting facts or law or when there has been a significant change in the law or facts since the submission of the issue to the court." *Keyes v. National R.R. Passenger Corp.*, 766 F.Supp. 277, 280 (E. D. Pa. 1991)(citations omitted). Motions for reconsideration are not at the disposal of an unsuccessful party to "rehash" the same arguments and facts previously presented. *Id.*

In the present case, the Motion to Vacate does not present any new facts or arguments regarding NAF. Rather, the Motion to Vacate merely re-alleges facts and

arguments previously asserted by the Plaintiff in other filings in this action, namely, that NAF engaged in alleged fraud and misconduct in connection with the arbitrations between the Plaintiff and MBNA and/or W&A.[1] The Court has not erred in its interpretation of the alleged facts or the law and no significant change in the alleged facts or law has occurred. Therefore, relief under Rule 59(e) is improper. In addition, relief under Rule 59(a) is inappropriate because no trial was held.

B.   The Motion to Vacate Is Untimely Under Rule 59 of the Federal Rules

The Motion to Vacate was filed untimely. Rule 59(e) provides that a motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment. Fed. R. Civ. P. 59(e). The Memorandum Order was entered on July 18, 2006. The Motion to Vacate was filed on August 31, 2006. The Plaintiff has not asserted nor shown that excusable neglect or good cause exists to warrant an extension of time to file a motion or appeal. Therefore, the Motion to Vacate is untimely and should be dismissed.

C.   Relief Under Rule 60(b) of the Federal Rules Is Not Warranted

Rule 60(b) of the Federal Rules provides, *inter alia*, that a court may relieve a party from a final judgment, order, or proceeding for the following reasons:

> . . . (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been

---

[1] To the extent that the Motion to Vacate alleges that NAF engages in improper and/or illegal debt collection, NAF is not a collection agency. NAF provides arbitration administration services to parties seeking to resolve disputes through alternative dispute resolution and does not engage in any collection action in performing these services.

reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

Relief under Rule 60(b) "is not granted freely" and "is an extraordinary remedy that is available only in exceptional circumstances." *Barnes v. City of Chicago*, 2000 WL 1745180, *3 (N. D. Ill. 2000)(citations omitted).

The mere fact that a litigant is *pro se* is an insufficient basis for relief under Rule 60(b). *Id.* (citations omitted). Furthermore, *pro se* plaintiffs are not excused from satisfying minimal evidentiary requirements necessary to show that one of the six clauses of Rule 60(b) applies. *Id.* (citations omitted) "Vague and unsubstantiated allegations of unfairness or misconduct will not suffice. Instead, the *pro se* plaintiff must present specific and substantiated facts demonstrating why extraordinary relief is warranted." *Id.* (citations omitted).

None of the reasons delineated in Rule 60(b) for relief from a final order applies to the present case. The Motion to Vacate fails to assert or demonstrate any mistake, inadvertence, surprise, or excusable neglect justifying relief from the Memorandum Order.

In addition, the Plaintiff has not presented any newly discovered evidence. Rule 60(b)(2) requires for granting relief on the basis of newly discovered evidence that the new evidence (1) be material and not merely cumulative, (2) could not have been discovered before trial through the exercise of reasonable diligence and (3) would probably have changed the outcome of the trial. *Compass Technology, Inc. v. Tseng Laboratories, Inc.*, 71 F.3d 1125, 1130 (3d Cir.1995) *citing Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir.1991).

Here, NAF's only involvement was to act as the arbitration organization that provided arbitration administrative services for arbitrations between the Plaintiff and MBNA and/or W&A. The factual allegations asserted in the Motion to Vacate relate primarily to alleged conduct by MBNA and/or W&A. *See* Motion to Vacate, ¶¶ 3, 6, 7, 8, 12, 13, and exhibits thereto. To the extent that any factual allegations relate to NAF, they do not present any newly discovery evidence. Rather, the Motion to Vacate contains merely allegations of fraud and misconduct and attaches exhibits presented previously by the Plaintiff in other filings in this action. Therefore, the allegations in the Motion to Vacate are not material and are simply cumulative, at best. Further, the allegations in the Motion to Vacate could have been discovered previously through the exercise of reasonable diligence and would likely not have changed the outcome of the Motion to Dismiss.

Moreover, the Plaintiff has failed to demonstrate any fraud, misrepresentation, or other misconduct in this action on the Court or the Plaintiff warranting relief under Rule 60(b). Finally, the Memorandum Order is not void and no other reason justifying relief has been asserted or established. In short, the Plaintiff failed to show that relief from the Memorandum Order is justified under Rule 60(b).

D.  The Motion to Vacate Should Be Denied Because NAF Is Entitled to Absolute Arbitral Immunity

NAF acted solely as the arbitration organization that provided arbitration administrative services for certain arbitrations between the Plaintiff and MBNA and/or W&A. Therefore, the Motion to Vacate should be denied because NAF is entitled to arbitral immunity.

"Because an arbitrator's role is functionally equivalent to a judge's role, courts of appeals have uniformly extended judicial and quasi-judicial immunity to arbitrators." *New England Cleaning Serv., Inc. v. Am. Arbitration Ass'n*, 199 F.3d 542, 545 (1st Cir. 1999) (citing *Olson v. Nat'l Ass'n of Sec. Dealers*, 85 F.3d 381, 382-83 (8th Cir. 1996)). *See also Larry v. Penn Truck Aids, Inc.*, 94 F.R.D. 708, 724 (E.D. Pa. 1982) (citation omitted) (Court found that defendant, a member of the arbitration panel, was entitled to immunity because the allegations of the amended complaint against him plainly relate to actions taken in his role as a member of the arbitration panel and the plaintiff did not contend that any actions taken by the defendant were outside his jurisdiction as an arbitrator.); *Prudential Bache-Sec. v. Nat'l Ass'n of Sec. Dealers Dispute Resolution, Inc.*, 289 F. Supp. 2d 438, 440 (S.D.N.Y. 2003) (Court concluded that arbitrators and their sponsors are immune from suit for jurisdictional determinations made in their capacity as arbitrators.).

As with judicial and quasi-judicial immunity, arbitral immunity is essential to protect decision-makers from undue influence and protect the decision-making process from reprisals by dissatisfied litigants. *New England Cleaning Serv., supra.*

"Arbitral immunity extends beyond arbitrators themselves to organizations that sponsor arbitrations." *McCarty v. Derivium Capital, LLC*, 2005 WL 3320564, at *1-2 (D. Conn. Nov. 21, 2005). *See also Austern v. Chicago Bd. of Options Exch., Inc.*, 898 F.2d 882, 885-87 (2d Cir. 1990) (Court stated the Second, Sixth and Eight Circuits have recognized an "extension of arbitral immunity to encompass boards [that] sponsor arbitration."); *New England Cleaning Serv., supra* ("In proper circumstances, organizations that sponsor arbitrations, as well as arbitrators themselves, enjoy this

immunity from civil liability." (citations omitted)); *Prudential Bache-Sec.*, 289 F. Supp. at 440 (Court noted "arbitrators and their sponsors are immune from suit for jurisdictional determinations made in their capacity as arbitrators.").

A sponsoring organization's immunity extends to the administrative tasks it performs, insofar as these are integrally related to the arbitration. *New England Cleaning Serv*, *supra* (citations omitted); s*ee also Hawkins v. Nat'l Ass'n of Sec. Dealers Inc.*, 149 F.3d 330, 332 (5th Cir. 1998) (Court finding that arbitrators and sponsoring organizations are immune from civil liability arising from actions taken in the course of conducting arbitration proceedings.).

Here, NAF's only involvement was to act as the arbitration organization and provide arbitration administrative services for the arbitration between the Plaintiff and MBNA and/or W&A. Even if the allegations in the Motion to Vacate are viewed in the light most favorable to the Plaintiff, the Plaintiff's claims fail because they could only be based on NAF's performance of its administrative tasks as the arbitration organization. Therefore, NAF is entitled to arbitral immunity and the Motion to Vacate should be denied.

E.  The Motion to Vacate Should Be Denied Because It Constitutes an Impermissible Collateral Attack on an Arbitration Award.

Alternatively, the Motion to Vacate should be denied because it is an impermissible collateral attack on the arbitration award.

"[T]he [F]ederal Arbitration Act[2] provides the exclusive remedy for challenging acts that taint an arbitration award." *Corey v. N.Y. Stock Exch.*, 691 F.2d 1205, 111-12

---

[2]  Plaintiff appears to base his jurisdiction in federal court on diversity of citizenship. The Complaint alleges that the Plaintiff, a Michigan resident, made payments in connection with a

(6th Cir. 1982) (Court affirming the District Court's decision that the plaintiff's claims against the defendant for the acts of the arbitrators are barred by arbitral immunity and those based on the arbitration director's acts constitute no more than an impermissible collateral attack on the arbitrators' award.); *Fradella v. Petricca*, 183 F.3d 17 (1st Cir. 1999) ("The only specified recourse for an aggrieved party under the FAA is to file a motion to vacate or modify the award in the district court."); *Foster v. Turley*, 808 F.2d 38, 41-42 (10th Cir. 1986) ("The Arbitration Act provides the exclusive remedy for challenging conduct that taints an arbitration award within the Act's coverage." (citations omitted)); *Blue Cross Blue Shield of Tex. v. Juneau*, 114 S.W.3d 126, 130-133 (Tex. App. 2003) (Court found where state statutes provide an exclusive remedy to contest arbitration awards, there is no need to allow collateral attacks in the form of lawsuits against arbitrators.); *see also Higdon v. Constr. Arbitration Assoc., Ltd.*, 71 S.W.3d 131 (Ky. Ct. App. 2002); *Austern*, 898 F.2d at 886; *Olson*, 85 F.3d at 382-383.

Section 10 of the Federal Arbitration Act provides the grounds for a court to vacate an arbitration award and states, in relevant part, as follows:

> (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
>
> > (1) where the award was procured by corruption, fraud, or undue means;

---

credit card agreement to either MBNA, a Delaware resident, or W&A, a Maryland resident. Complaint, D.I. 1 at ¶¶ 6-7. Thus, the agreement would affect commerce and fall under the purview of the FAA. *See Allied-Bruce Terminix Co., Inc. v. Dobson*, 513 U.S. 265 (1995) (FAA applies to "a contract evidencing a transaction involving commerce." "Involving commerce" is interpreted to mean "affecting commerce."). Moreover, NAF Code of Procedure 48 states, "[u]nless the Parties agree otherwise, any Arbitration Agreement . . . and all arbitration proceedings, Hearings, Awards, and Orders are to be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1-16." Had Plaintiff been involved in an arbitration administered by NAF, he would have been bound by the NAF Code of Procedure.

>    (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
>    (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
>    (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10(a).

Section 11 of the Federal Arbitration Act provides the grounds for a court to modify or correct an arbitration award and states, in relevant part, as follows:

>    In either of the following cases the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration—
>
>    (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
>
>    (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
>
>    (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.
>
>    The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties. 9 U.S.C. § 11.

Section 12 of the Federal Arbitration Act provides that a party seeking an order vacating, modifying or correcting an arbitration award must file and serve a motion in the United States court in and for the district wherein the award was made within three months after the award is filed or delivered.

To the extent that the Motion to Vacate alleges that NAF engaged in fraudulent and/or corrupt conduct in performing its arbitration administrative services as the

arbitration organization (*see* Motion to Vacate, ¶¶ 5, 6, 9, 10, 11, and 12), it constitutes an impermissible collateral attack on an arbitration award. Under the Federal Arbitration Act, the Plaintiff's exclusive remedy for challenging the arbitration award was to file and serve a motion in the United States court in and for the district wherein the award was made within three months after the award is filed or delivered. The Plaintiff failed to make such a motion. Instead, the Plaintiff commenced the present action and filed the Motion to Vacate in an attempt to launch an indirect attack on an arbitrator's award. Such collateral attacks on arbitration awards are prohibited and therefore the Motion to Vacate should be denied.

## CONCLUSION

For all the foregoing reasons, NAF respectfully requests that the Court deny the Motion to Vacate as it relates to NAF.

Dated: September 8, 2006

THE BAYARD FIRM

*/s/ Ashley B. Stitzer*

Richard D. Kirk (No. 922)
Ashley B. Stitzer (No. 3891)
222 Delaware Avenue, 9th Floor
Wilmington, DE 19801
(302) 655-5000
rkirk@bayardfirm.com
astitzer@bayardfirm.com

Attorneys for National Arbitration Forum

## CERTIFICATE OF SERVICE

I, Ashley B. Stitzer, hereby certify that on this 8th day of September, 2006, I caused a copy of the foregoing **Defendant National Arbitration Forum's Memorandum of Law in Opposition to Plaintiff's Motion to Vacate Court's Judgment/Order Dated July 18, 2006 [Docket No. 31]** to be served upon the following individual via United States First Class Mail:

Herman Kelly
Post Office Box 14157
Detroit, Michigan 48214

_____
Ashley B. Stitzer (No. 3891)

626083v1