OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
DISTRICT OF DELAWARE

Peter T. Dalleo
CLERK

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170

April 3, 2007

Mr. Herman Kelly
P. O. Box 14 157
Detroit, MI 48214-0157

RE: Kelly v. MBNA America Bank
Civil Action No. 06-228 JJF

Dear Mr. Kelly:

Enclosed please find several filings received by the Court on March 28, 2007. These documents are being returned to you pursuant to Federal Rule of Civil Procedure 68 and Local Rule 68.1 which states that an offer of judgment shall not be filed with the Court unless it is accepted. It is not clear to the Court that your proposals have been accepted. In the event that the proposals have been accepted, the rules mentioned above provide for the manner in which the documents shall be filed.

Nothing contained in this letter is intended to express an opinion as to the merits of any claims which you may be alleging.

Sincerely,
Peter T. Dalleo, Clerk

By: _____
Deputy Clerk

cc: Hon. Joseph J. Farnan, Jr.
    Karen V. Sullivan, Esquire

In the United States Federal District court for Delaware

Herman Kelly, pro, se

    plaintiff

vs.

MBNA America Bank
Indiv. BankCard Services, et, al.
   defendants

case no. #1-06-cv-288JJF
notice/affidavit

credit cards account numbers;

#4264 2906 5000 1423
4800 1352 7 400 0023
5329 0581 1100 6921
4313 0402 1201 4211
                   4264 2984 2105 6519
4313 0277 0703 0919

FILED MAR 26 2007 U.S. DISTRICT COURT DISTRICT OF DELAWARE

(Kelly's settlement/compromise proposal)

" Notice of Loan credit balances and interests PAID IN FULL "
" Request for refund/money on all over payments " . 15 USCA &1637a, (8,9

1. Herman Kelly give his notice to comptroller of currency, court, and to MBNA bank, that he has now paid the loan balances amounts and legal interest in full as to his accounting audit payments on the aboved credit card accounts, covering 8 years minimum installment payments to MBNA banks to items computations, calulations herein.

2. Mr, Kelly request a total money refund of $ 27,352.84 dollars or any fair amount for all over chargesbilling payments to MBNA from Herman Kelly . That MBNA will send him all refunds money soon as possible. This notice & request is in pursuant to all apply laws and Mr. Kelly 's first contract agreements. Mr. Kelly has being paying MBNA 's banks since 1996 as a cardholder about 8 years, each month minimum payments amounts to cover all interest and loan added together one time as a set fix payment acounts.

3 . On all credit cards balance added together about $ 2,663.91 and interest paid added together on all account about $ 5,702.54 . The legal statutory interest rate on APR was about between 19 % or less. MB NA charges mr. kelly about 27.98 % APR. The interest and loan amount total paid to MBNA together was about $ 54,720.00 dollars. EST.

M r. Kelly prays to god and this honorable court to consider and review this request and to issue a order against MBNA to stop their illegal conducts of unfair banking, unfair billing, discrimination, breach of contract, ect..Further to grant any other relief deem fair and just. Mr. Kelly is trying to settle compromise this case matter problems , errors with MBNA 's banks.

P.1

FRCP 55. states ; in view of confusion surrounding docket entries, motion to set aside default would be granted to defendant and would not be treated as untimely though it came 11 months after general appearance in the case. see . Phillips vs.Flynn, d.c. pa, 1974,61 FRD,574. Allen russell pub. inc. vs. Levy,ND. Ill.1985.109,frd, 315.

defaults are not favored by the law any doubt should be resolved in favor of setting aside default so that determination may be made on merits of case. see . securities and exchange commission vs . Vogel dcny, 1970,49, frd. 297. Accu-weather, inc. vs. Reuters ltd.MD. pa.1991, 779, f. supp.801.

FRCP 11. states; sanctions in several cases moreover they entered it not against the defendants (kelly) for failing to respond to summon service but against the plaintiff( MBNA) for dishonesty or overly clever tactics connected with s ummons services in the first place.see.. Ordower vs. feldman,826,f. 2d. 1569,Ca 7 , 1987 ,Ecalibur oil inc. vs. gable 105, frd,543,at 544 nd, Ill.1985. 28 USCA & 1927...metro corps. inc. vs. eastern massachusetts jr. drum & bugle corps assn' ca.1 mass, 1990, 912, f. 2d. 1.

a default judgment entered when there has been no proper services of a complaint is a fortiori,void, and should be set aside. see... gold kist , inc. vs. Laurinburg oil co, inc. c a 3. pa. 1985, 756, f. 2d. 14. .. bruce vs. paxton, d .c ark. 1962, 31. frd, 197 ..

where there is doubt as to whether an answer in cludes a counterclaim the substance and form of t he entire answer will be considered as far as it throws any light on the question.see... state exrel.ziffrin vs. superiorcourt of marion county 242 ind. 246,177 n. e . 2d.898, 1961.

an attorney may not with impunity either conspire with a client to defraud, or injure a third person or engage in intentional tortious conduct toward a third person. see... Roberts vs, Ball, Hunt, Hart, Brown, & Baerwitz, 2d, dist, 57 Cal, app, 3d, 104, 128, Cal, rptr, 901... 7 am, jur. 2d, & 233, attorney at law.

attorney was disbarred for collecting $19,600 in fees for representing estate where allowable fees were only $3,800, see... Lake county bar, Asso, vs. Ostrander, 1975, 41, Ohio, St, 2d, 93, 70, Ohio ops, 2d, 173, 322, NE 2d, 653, 81 ALR 3d, 1136....

attorney was properly disbarred for pattern of serious and extensive misconduct over four year period where he inter alia charged fee of $2,800. on gross estate of $ 8,092,45 which was violation of disciplinary rule dealing with charging clearly excessive fees. see..office of disciplinary counsel vs. Knepp 1982, 497, pa, 396, 441, A 2d, 1197.

P-2

4.  Plaintiff object, opposed defendant mbna's motion to dismiss amended complaint.
    Mr. Kelly is suffering damages from the bank's illegal conducts and would like to seek a judgment award money of any fair statutory amount. The delay in refunds is causing plaintiff Mr. Kelly hardship and harm from the bank. There is no remedy at law of this matter and problems. This was a joint loan credit card account and the bank had no rights to compound interest on the loan and to change the interest rate to a higher rate. The account are paid in full and are not delinquent. The bank is reporting false incorrect information facts to different agencys to hurt mr. kelly's credit future profession.

5.  The cardholder asserts the defense against the issuer by withholding payment on the credit card account up to the amount of credit outstanding for the property or services that gave rise to the dispute, plus any finance or other charge imposed on that amount. The issuer may not report the disputed amounts as delinquent. see.... 15 USCS & 1666 i (a), 12 CFR & 2 26.12 (c). credit card... 20 am, jur, 2d. & 62, credit card, accounts.

    From an early day the courts in this country have opposed the allowance of compound interest. see... 4 5 am, jur. 2d. & 57. interest, usury...

    ( conclusion )
    Therefore based on the information, evidences, facts and laws of USC, Mr. Herman Kelly is discharged of all bills, debts to said respondant bank. Mr. Kelly is still trying to settle, compromise resolved this matter and prays to GOD and this honorable courts agency to consider review this notice and request in pursuant to all apply legal laws. This matter if denied shall be submitted to the United State Supreme court for review of these proceedings.

    Further Mr. kelly seek any relief deem just and fair justice.
State Of Michigan
                Certificate                        Respec tfully Submitted
Sworned and subcripted in person
before    on this  22      day              Herman Kelly,
of   March                                  p. o. box 14  157
                                            Detroit, Michigan 48214-    0157
     2007
                                            313-894 -885

witness
Genesis Acts                                Herman Kelly, pro, se.

                proof of service   certificate
    ----------------------------------------

    Herman Kelly, pro, se certified that a true correct copy of this motion to set-aside judgment,    complaint, motion for jury trial  mailed to wolpoff &   aurcmson, olivier, 39500 high pointe blvd, suite 250 Novi, Mich 48375- 2404, MBNA bank 655 paper mill rd. Wilmington, D e 19884-1411

P-3



In The United States Federal District Court
For the district of Wilmington, Delaware

Herman Kelly, pro, se
    plaintiff

vs.

MBNA America Bank,
National Arbitration Forum
Wolpoff & Abramson, llp
    defendants
-------------------------------/

Case No.    1,06 cv 228jjf
(notice/affidavit)


FILED
MAR 26 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

" Plaintiff' amended/supplement request and motion for settlement compromise.



1.  In respect to this court 's  order dated( July 18, 2006  )
on subject of parties settlement compromise. Plaintiff hereby submit
his 2nd proposal offer of settlement with all defenda nts.
In pursuant to ; FRCP 12c, 28 USCS &1927, 15USCA& 1692, 18USCA &1962 .

2.  Herman Kelly, pro, se request $ 10,000.00 dollars for
reinbursement of expenses costs for representing case, typing, mail,
postages, copies, ect. Plaintiff also request court costs amount
to be paid to court on it's own terms conditions. Defendants will
pay to plaintiff and Mr, Kelly shall dismiss all claims, case and
any appeals against all defendant if parties agree to this motion.

3.  MBNA bank ,will correct, clear all records information filed
in this court and the other lower circuit court in Detroit, Michigan,
government agencys. Defendants aboved will acknowledge that all credit
loan accounts are paid infull as of this date. As to account
# 4264290650001423.. 4800135274000023..5329058111006921..
4313040212014211    .. 4313027707030919..4264298421056519.

that are with mbna america banks. Defendants will informed this
court and governments, also informed their own staff-co-workers of all
total money paid to mbna bank on all 6 account . So there would be no
misunderstanding in this  matter, Plaintiff is dealing with two
many different persons of defendants, that could cause misleading
problems in communications. Plaintiff do not owe mbna bank no money.

4.  Defendants will send plaintiff copies of all bank statements
receipts for each 6 accounts since 1996 over 9 years of paying mbna.
If needed plaintiff request a telephone conference call with parties
or personal meeting in person at one of defendants 's location in
Michigan wolpoff & Abramson 39500 high pointe blvd, suite 250, Novi,
Michigan 48375- 5508 or any near location that legal & safe.
To go over all bank receipt statement as a accounting audit review.
Soon as possible anytime monday thur friday 9;00 am to 5;00 pm.
Plaintiff shall have his summary of all payments to mbna on a list,
film video, tape. Plaintiff object opposed mbna motion to dismiss
amended complaint.

P.1

" Settlement,        Contract, Menorandum Of Laws "
-----------------------------------------------------------------

compromise and settlements are contracts governed by contractual legal principles, there fore they must possess all applicable requisites. An oral agreement may be binding on the parties where neither party denies having entered the agreement , even though there is a misunderstanding as to the agreements's effect. see.... zelenka vs. wayne county corp. counsel, 143, mich, app, 567, 372, nw 2 d, 356, 1985... Mastaw vs. Naiukow, 105, Mich, app. 25, 306, nw, 2d, 378, 1981.... Rossi vs. Transamerica Car, Leasing Co, 138, Mich, app. 807, 360, nw, 2d, 307, 1984.

A civil case may be settled at any time, even after an opinion is rendered by the supreme court, with the consent of all the parties. .... see... township of royal oak, vs. City, of pleasant ridge, 307, Mich, 714, 12, nw, 2d. 393, 1943....

it is axiomatic that settlements of disputed matters and compromise of unsettled claims are favored by the law over litigation and will only be voided on satisfactory evidence of mistake, fraud, duress or unconscionable advantage.. see.... Pedder vs. Kalish, 26, Mich app, 655, 182, NW 2d, 739, 1970... Clinton St. Greater Bethlehem Church vs. Detroit, 484, f, 2 d. 185, 1973....

The parties may validly assent to the settlements of a part of a controversy, provided the requisties for a complete settlement are present. see... Fisher vs. Burroughs adding Mach, Co, 157, Mich, 126 121 nw, 756, 1909....

However an alleged compromise and settlement may be contested where one of the parties acted unfairly or oppressively or asserted claims while knowing them to be wrongful for the purpose of obtaining the terms.

37 Am.jur 2d, & 32 Fraud and Deceit;.... it is aid to be a long standing principle of law that where a right of action exists and the defendant or someone for him by fraudulent representations induces the plaintiff to make a settlement or release of his cause for an inadequate sum, the plaintiff may either avoid the settlement or release and sue on his original right of action or he may sue in fraud and deceit and recover such amount as will make the settlement an honest one... automobile underwriters vs. Rich, 22 2   ind, 384, 53, ne, 2d. 775..

5.  Mr. Kelly is suffering damages from thebank's illegal conducts and would like to seek a judgment award money of any fair statutory amount. The delay in refunds is causing plaintiff Mr. Kelly hardship and harm from the bank. There is no remedy at law of thismatter and problems. This was a joint loan credit card account and the bank had no rights to compound interest on the loan and to change the interest rate to a higher rate. The account are paid in full and are not delinquent. The bank is reporting false incorrect information facts to different agencys to hurt mr. kelly 's credit future profession.

The cardholder asserts the defense against the issuer by withholding payment on the credit card account up to the amount of credit outstanding for the property or services that gave rise to the dispute, plus any finance or other charge imposed on that amount. The issuer may not report the disputed amounts as delinquent. see.... 15 USCS & 1666 i (a), 12 CFR & 2 26.12 (c). credit card... 20 am, jur, 2d. & 62, credit card, accounts.

From an early day the courts in this country have opposed the allowance of compound interest.  see... 4 5 am, jur. 2d. & 57. interest, usury...

(conclusion)
Therefore based on the information, evidences, facts and laws of USC , Mr. Herman Kelly is discharged of all bills, debts to said respondant bank. Mr. Kelly is still trying to settle, compromise resolved this matter and prays to GOD and this honorable courts agency to consider review this notice and request in pursuant to all apply legal laws. This matter if denied shall be submitted to the United State Supreme court for review of these proceedings .

Further Mr. kelly seek any relief deem just and fair justice.
State Of Michigan
          Certificate
Sworned and subcripted in person
before on this 22 day
of March 2007

Respec tfully Submitted

Herman Kelly,
p. o. box 14 157
Detroit, Michigan 48214- 0157

313-894-8855

*Herman Kelly* (signature)
Herman Kelly, pro, se.

proof of service    certificate
-------------------------------

Herman Kelly, pro, se certified that a true correct copy of this motion to set-aside judgment, complaint, motionfor jury trial mailed to wolpoff & abremson, olivier, 39500 high pointe blvd, suite 250 Novi, Mich48375- 2404, MBNA bank 655 paper mill rd. Wilmington, D e 19884-1411, p,o box 2054, wilmington, de , 19899-2054

*(signature)*

p.3

