IN The United States District Federal Court
For The District Of Delaware

Herman Kelly, pro, se
    plaintiff

vs.

MBNA America bank, et, al
    defendants
-----------------------------/

Case;# 1-06-cv-228,(JJF)
notice/affirmation

APR 9 - 2007

" Plaintiff's supplement answer brief and request/motion to strike, quash defendant mbna bank's motion to dismiss complaint. "   FRCP 71A (e), & FRCP 12(f).

( STATEMENT OF FACTS and CLAIMS )
*********************************

1. Herman Kelly, pro, se has filed many answers, objections, responses to defendant mbna bank's motion to dismiss complaint in this honorable court in trying to settle compromise resolve this matter with all defendants and mbna bank. Plaintiff moves this federal district court to deny, strike. quash defendant mbna bank's motion to dismiss and to grant plaintiff's complaint this motion and to have defendant pay all court's costs, also plaintiff's expenses of $ 10,000 dollars or any relief deem fair.

2. This court has full jurisdiction over all parties and complaint on this subject matter charges against mbna bank (defendant) for extortion, refused to settle, refused to reinstate plaintiff's loan/credit, refused to refund plaintiff his over payments money, refused to inform court on how much money plaintiff paid banks in full total amount for all 6 loan credit accounts, refused to send plaintiff and court a full accounting audit/discovery of all plaintiff's bank statement receipts, which is plaintiff main cause of action, where mbna bank is charge a illegal high interest rate APR which is also breach of contract.

3. Plaintiff request court to suppress all of defendant's exhibits as illegal, void, cancelled. Prior to any arbitration awards, and detroit mich, 36th district court's orders, plaintiff had his complaint against mbna bank filed, pending with this federal district court and with the USA comptroller of Currency. MBNA bank had full knowledge of that fact, and started retaliations against plaintiff by filing 9 illegal complaints against Herman Kelly that was on the same claims, offense, which was and is double jeopardy in violation of the USA constitution laws.

4. Parties agreement contract stated that all court disputes will be filed in Delaware where the mbna america bank main headquarter office is located. Also agreement stated that the APR interest rate would be set fit at the lowest rate of 5 %, that statutory state rate maximum interest was 18 %. Mbna charged 100% APR.

EX.(A)
P. 1

5. MBNA bank defendant's attorney Karen V. Sullivan has misinformed this federal court. Plaintiff submitted and filed in this court his legal notice of appeal/ directions to the clerk of court from the 36th dist/cir. court of detroit .michigan that plaintiff appeal NAF national arbitration forums and 36th dist cases to this United states federal court for review and consideration of both court/ arbitration's proceedings that were without proper legal jurisdiction over plaintiff & subject matter of this case.

6. Plaintiff and MBNA america bank agreed that all credit cards ,loan checks, monthly bank statements receipts would be mailed to plaintiff's mailing/locations for the 15 years loan period terms. Plaintiff 's correct mailing address is P. O. box 14157 Detroit, Michigan 48214-0157. Plaintiff 's po box 14157 is located at 10721 east Jefferson 48214-0157. Defendant mbna bank had full knowledge of that fact. However is delay in plaintiff answer all 9 complaint by mbna ,the defendant mbna america bank, national arbitration forum, (collect agent/attorney Wolpoff & Abramson) sent all their 9 summons/complaint to plaintiff's wrong address. Plaintiff has been using his p.o. box 14157 10721 east jefferson, Detroit, Michigan 48214-1057 since about Jan 1, 1987 over 20 year plaintiff was and still at same location.



7. As of this present date,time attorney Karen V. Sullivan refused to send plaintiff another copy of her motion to dismiss. Which is unfair, plaintiff has sent her many papers, pleadings over again in trying to do what rights legal in settleing,compromise of this matter. Plaintiff is tracking her loss mail with the United states postal services to find her papers mail.

8. Plaintiff Herman Kelly is a laymen to law and court's procedures and is not a bank attorney lawyer. Plaintiff do not owe mbna america bank no more money. All plaintiff's 6 credit loan accounts are paid in full. Defendant is trying to used arbitration, to steal cheat, extort more money from plaintiff. Plaintiff objected any NAF arbitration's litigation proceedings on time and defendants refused to answer plaintiff's written questions,depositions, discovery,interrogatories which are part of plaintiff answer to defendant's motion to dismiss.

9. Plaintiff never signed for any 9 summon/complaints for acknowledgement and plaintiff was never served with mbna's 9 same complaint , plaintiff had no knowledge any 9 hearing dates of defendant mbna bank. Plaintiff at a later time and date did file,made his written appearances in all 6 NAF cases proceedings,and all 3 det,mich,3 6th dist, cir,cases proceeding .However mbna bank is a member of NAF and plaintiff is not a member of NAF,national arbitration forum.



Comptroller of the Currency
Administrator of National Banks

December 23, 2004

Herman Kelly
P.O. Box 14157
Detroit MI 48214

Re: Case# 480980
    MBNA AMERICA BANK, NATIONAL ASSOCIATION

Dear Mr. Kelly:

The Office of the Comptroller of the Currency (OCC) is responding to your letter regarding the above-mentioned bank. In your correspondence you complain of the bank acquiring your accounts and the balances due on your accounts.

We have contacted the bank again on your behalf. The bank advised that out of the six accounts you have with them only account ending 1423 was opened by MBNA on November 15, 1994. The other five were converted to MBNA from other banks. The bank has researched all the accounts in question and has no record of any settlement agreement to pay the outstanding balances. Therefore, the bank has referred your accounts to outside counsel, Wolpoff and Abramson. Since the bank no longer is servicing your accounts you may contact Wolpoff and Abramson directly at 1-800-365-6584 to further discuss this matter.

Should you continue to dispute the balance on your accounts, please provide the specific information regarding each account and any documentation to substantiate your claim for further review by the bank.

Regulation Z (12 C.F.R 226), The Truth in Lending Act, establishes your rights and obligations in the event of a billing error on your credit card account. In order to protect your rights under Section 226.13 you must dispute any incorrect entries on your statement within 60 days of the date the bank sent the first statement where they appear, or, in the case of a missing credit, where they should appear. If you are disputing a statement that you did not receive, then your dispute is for the full balance owing on that statement. Your dispute must be in writing and must be sent to the address following the caption, Send Billing Inquiries To: found on your monthly statement.

---

Customer Assistance Group, 1301 McKinney Street, Suite 3450, Houston, Texas 77010-9050
Phone: (800) 613-6743, FAX: (713) 336-4301

December 23, 2004
Herman Kelly
Page 2

The bank must acknowledge your dispute within 30 days. The bank must correct any errors or explain to you in writing why it feels the entries are correct within 90 days or within two complete billing cycles. During this time, the bank may neither attempt to collect on any portion of the disputed amount nor report these amounts as delinquent to a credit bureau. The bank may, however, give you provisional credit and extend the time it has to research your dispute. The bank can then remove the credit from your account if it determines that there is no error.

If the bank fails to abide by these requirements, it forfeits its right to collect up to $50.00 of the amount indicated to be a billing error and any finance or late charges. If the bank gave provisional credit for the entire amount in dispute and all finance and late charges, the $50.00 forfeiture does not apply.

You may request the bank to forfeit up to $50.00 of the disputed amount if you have evidence that you notified the bank of your billing error in writing and to the proper address, and the bank failed to place the amount in question in a dispute status or notify you why the entry was correct within the required time frame.

If you fail to comply with the timing described above, or do not write the bank at the correct address, you may forfeit your rights under this law.

You can obtain a free copy of Regulation Z (12 C.F.R. 226), from the nearest Federal Reserve Bank.

We trust this is responsive to your complaint. If we can assist you in the future, please do not hesitate to contact our office.

Sincerely,

*Melinda L. Goodnight*

Melinda L. Goodnight
Complaint Operations Manager

FROM :                                                                      2004.03-10   11:23   #969 P.02/05



www.MBNA.com

MBNA America Bank, N.A.
Wilmington, Delaware 19884

(302) 453-9930   February 19, 2004


Herman Kelly
P. O. Box 14157
Detroit, MI 48214

Re:   4264 2906 5000 1423
      4800 1352 7400 0023
      5329 0581 1100 6921
      4313 0402 1201 4211
      4313 0277 0703 0919
      4264 2984 2105 6519

Dear Mr. Kelly:

Your correspondence dated February 2, 2004, was received by MBNA on February 9, 2004, and was forwarded to my attention for a resolution.

On behalf of MBNA America, and the Office of the President, I will be personally handling your concerns and would like to discuss this matter with you at your earliest convenience. Please contact me directly at (800) 441-7048, extension 78069. I am available Monday through Friday from 8 a.m. until 5 p.m. (EST). Also, when you call, please have the enclosed required information available so that I can reconsider your request.

I look forward to hearing from you soon.

Sincerely,

*Mary Ellen Adams*

Mary Ellen Adams
Customer Advocate
Office of the President

Enclosure(s)

*H.K. Paid $27,366.45 to MBNA*
*Accounts paid in full*
*[signature] H. Kelly*

# Your Low Rate Access Checks Reflect BIG Savings!



Account #: 4340590200180439



Herman Kelly
P.O. Box 14157
Detroit, MI 48214-0157

Dear Herman Kelly:

First Union understands that saving money is more important than ever.

That's why we are giving you five Access Checks with a low 5.9% rate, which you can use for anything you want. To activate this special rate, just write your checks before July 1, 1998.

With the special discounted 5.9% APR (Annual Percentage Rate), you'll save on interest, and there are no per check fees. Plus, these checks are *so convenient*:

- **Pay off other balances with high interest rates**. By transferring balances to your First Union credit card at 5.9% APR, you are saving money on purchases you have already made.

- **Write yourself a check** -- it can be cashed today. Or, you can deposit it in your checking account. Either way, you'll have cash ready when you need it.

- **Don't miss a bargain at places that do not accept credit cards** -- write a check, instead! You'll pay no cash advance fee and the low 5.9% rate saves you money.

The sooner you pay off high rate accounts, the more you'll save. So, start now! If you need more 5.9% checks, call us at 1-800-359-3862. But hurry -- this special offer is good only until your July 1998 statement.

Sincerely,

Patrick J. Reily
Vice President

**SEE THE DIFFERENCE
5.9% APR CAN MAKE!**

P.S. Write as many checks as you want, up to your available credit limit. Why not write a check today and enjoy your savings!

*The total amount of checks you write must be at least $500.
The promotional APR (Annual Percentage Rate) of 5.9% corresponds to a monthly periodic rate of .49% and will apply through your July 1998 billing cycle (see reverse side for details).

---

**Save With
No Check Fees**

•

**Consolidate
High-Rate
Balances**

Herman Kelly
P.O. Box 14157
Detroit, MI 48214-0157

**9015**

19 _____    66-21/530

Pay to the Order of _____    $ _____

Dollars

Payable through First Union National Bank    434059 02001 80439

FOR _____

⑈053000 219⑈ 9L 10 200 180 43⑈ 10 90 15

Herman Kelly plaintiff's itemized list summary of 8 years 96 months installment payments transactions, deposit credits minimum payments for credit/loan account # 4264298421056519 MBNA america bank.

| year | 1996 | 1997 | 1998 | 1999 |
|---|---|---|---|---|
| Jan | $ | Jan 29 $52.83 | Jan 26 $37.12 | Jan 28 $53.47 |
| Feb | $ | Feb 26 $45.30 | Feb 26 $141.95 | Feb 25 $130.90 |
| Mar | $ | Feb 26 $22.66 | Mar 27 $89.30 | Mar 26 $24.66 |
| Apr | $ | Mar 27 $33.96 | Apr 28 $64.19 | Apr 28 $65.58 |
| May | $ | Apr 28 $21.61 | May 28 $98.25 | May 26 $121.02 |
| June | $ | May 29 $50.96 | June 26 $39.06 | June 28 $81.07 |
| July | $ | June 26 $49.45 | July 29 $37.72 | July 29 $41.79 |
| Aug | 27 $26.50 | July 29 $30.89 | Aug 27 $79.91 | Aug 26 $95.19 |
| Sept | 27 $63.32 | Aug 27 $27.91 | Sept 29 $67.59 | Sept 28 $88.10 |
| Oct | 29 $25.59 | Sept 26 $69.73 | Oct 29 $70.93 | Oct 27 $101.81 |
| Nov | 27 $32.18 | Oct 28 $37.43 | Nov 27 $47.41 | Nov 26 $70.41 |
| Dec | 27 $36.18 | Nov 26 / Dec 29 $47.76 | Dec 29 $88.93 | Dec |
| | $183.77 | $490.49 | $862.38 | $874.00 |

| year | 2000 | 2001 | 2002 | 2003 |
|---|---|---|---|---|
| Jan | 27 $70.81 | 26 $249.42 | 28 $331.55 | 28 $263.06 |
| Feb | 25 $47.00 | 27 $252.48 | 25 $229.11 | 25 $185.43 |
| Mar | 28 $71.32 | 28 $149.30 | 27 $231.29 | 27 $190.51 |
| Apr | 27 $66.44 | 26 $148.36 | 26 $207.89 | 26 $296.91 |
| May | 26 $53.32 | 25 $186.33 | 28 $264.52 | may |
| June | 27 $89.78 | 27 $174.12 | $229.18 | 26 $204.84 |
| July | 27 $95.37 | 27 $182.73 | 27 $229.18 | 26 $312.26 |
| Aug | 28 $289.44 | 27 $173.47 | 28 $221.22 | 27 $237.14 |
| Sept | 28 $72.17 | 26 $212.32 | 26 $203.56 | 28 $336.77 |
| Oct | 27 $95.00 | 27 $168.92 | 28 $196.83 | 29 $234.00 |
| Nov | 28 $485.43 | 27 $262.14 | 26 $193.64 | 25 $280.72 |
| Dec | 28 $158.97 | 28 $300.22 | 27 $300.00 | 27 $229.91 |
| | $1,595.09 | $2459.81 | $1,343.43 + $1270.30 = $2613.73 | $2771.59 |

page 2. plaintiff Herman Kelly's # 4264298421056519
mbna america bank

2004
JAN 28 $303.09
Feb 25 $235.54
MAR 27 $225.84
apr 27 $226.51
may 27 $ 45.31
June 26 $108.92
July 28 $ 67.87
Aug $
Sept $
Oct $
Nov $
Dec $
$1,293.08

FRCP 55. states ; in view of confusion surrounding docket entries,motion to set aside default would be granted to defendant and would not be treated as untimely though it came 11 months after general appearance in the case. see . Phillips vs.Flynn, d.c. pa, 1974,61 FRD,574.Allen russell pub. inc. vs. Levy,ND. Ill.1985.109,frd, 315.

defaults are not favored by the law any doubt should be resolved in favor of setting aside default so that determination may be made on merits of case. see . securities and exchange commission vs . Vogel dcny, 1970,49, frd. 297.Accu-weather, inc. vs. Reuters ltd.MD. pa.1991, 779, f. supp.801.

FRCP 11. states; sanctions in several cases moreover they entered it not against the defendants (kelly) for failing t o respond to summon service but against the plaintiff( MBNA) for dishonesty or overly clever tactics connected with s ummons services in the first place.see.. Ordower vs. feldman,826,f. 2d. 1569,Ca 7 , 1987 ,Ecalibur oil inc. vs. gable 105, frd,543,at 544 nd, Ill.1985. 28 USCA & 1927...metro corps. inc. vs. eastern massachusetts jr. drum & bugle corps assn' ca.1 mass, 1990, 912, f. 2d. 1.



a default judgment entered when there has been no proper services of a complaint is a fortiori,void, and should be set aside. see... gold kist , inc. vs. Laurinburg oil co, inc. c a 3. pa. 1985, 756, f. 2d. 14. .. bruce vs. paxton, d .c ark. 1962, 31. frd, 197 ..

where there is doubt as to whether an answer in cludes a counterclaim the substance and form of t he entire answer will be considered as far as it throws any light on the question.see... state exrel.ziffrin vs. superiorcourt of marion county242 ind. 246,177 n. e . 2d.898, 1961.

an attorney may not with impunity either conspire with a client to defraud, or injure a third person or engage in intentional tortious conduct toward a third person. see... Roberts vs. Ball, Hunt, Hart, Brown, & Baerwitz, 2d, dist, 57 Cal, app, 3d, 104, 128, Cal, rptr, 901... 7 am, jur. 2d, & 233, attorney at law.

attorney was disbarred for collecting $19,600 in fees for representing estate where allowable fees were only $3,800. see... Lake county bar, Asso, vs. Ostrander, 1975, 41, Ohio, St, 2d, 93, 70, Ohio ops, 2d, 173, 322, NE 2d, 653, 81 ALR 3d, 1136...

attorney was properly disbarred for pattern of serious and extensive misconduct over four year period where he inter alia charged fee of $2,900. on gross estate of $ 8,092,45 which was violation of disciplinary rule dealing with charging clearly excessive fees. see...office of disciplinary counsel vs. Knepp 1982, 497, pa, 396, 441, A 2d, 1197.

Motion to Dismiss/menorandum of laws
-------------------------------------------

motion to dismiss for failure to state a claim should not be granted unless it is clear that plaintiff would not be entitled to recover under any stated facts which could be proved in support of his claim . see... donovan vs, American leader newspaper, Inc, D.C.  Fla. 1981, 524, f, supp.  1144...

action is not to be dismissed unless it appears beyond doubt that plaintiff has alleged no set of facts on which he would be entitled to relief. see... B.J. Liquors, Inc, vs. American Nat. Bank, and Trust Co, of South Bend, D.C.Ind, 1983, 29 , B.R. 1011...

motion to dismiss for failure to state claim upon which relief can be granted should not be granted when material allegations of complaint taken in their most favorable light are legally sufficient to support claim. see... In Re M R T, Industries Inc, BKRTCY, N.Y. 1983, 29 B.R. 861...

purpose of a motion to dismiss under rule 12 b, 6 is to assess the legal feasibility of the complaint, not to weigh the evidence which the plaintiff offers or intend to offer, motion should not be granted on ground that possibility of ultimate recovery is remote . see.... schieffin & Co, vs. Jack, Co, of Boca, Inc, SDNY, 1989, 725, f, supp, 1314...

motion to dismiss for failure to state a claim is not favored and should rarely be granted resolution on merits being preferred to disposition on technical grounds of failure to state a claim. see.... airline Car Rental, Inc, vs, Shreveport Aitport Authority, W.D. La, 1986.. 667, f, supp, 293...

on motion to dismiss for failure to state claim court must accept as true facts alleged in complaint, together with reasonable inferences therefrom and determine whether on those assumptions plaintiff has right to legal relief. see... Bane vs, Ferguson C.A. 7, Ill. 1989, 890, f, 2d, 11.

pro, se complaints must be held to less stringent standards than pleading drafted by lawyers. see... federal Nat. Mortg, Ass'n vs, Cobb, N.D. Ind, 1990, 738, f, supp. 1220...

in considering motion to dismiss for failure to state claim upon which relief can be granted court must accept all facts well pleaded in the complaint as true and inspect them in light most favorable to the plaintiff. see... mathis vs. indemnity, Ins, Co, of north America, D.C. Miss, 1983, 588, f. supp. 489

P. 4

( CONCLUSION and Relief Sought )
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1.   Defendant mbna america bank 's motion to dismiss, evidences, exhibits are unorthodox, incoherent, nonsensical, fraud, misleading, and karen sullivan is toying with this court. All plaintiff's papers, pleadings, motions, requests, exhibits, evidences are in support of plaintiff 's complaint and are part of plaintiff's answer, responses to defendant's motion to dismiss, which must be review, considered by this United States federal district court. Plaintiff prays to god and this honorable court to deny defendant's motion to dismiss and that parties settle this matter. Defendant shall pay all court's costs and pay plaintiff $ 10,000.00 dollars for his expenses representing all these 9 double jeopardy cases of defendant.

2.   Court shall issue an order if needed that mbna america bank shall stop filing law suite complaint cases on the same claims, offense against plaintiff. Court will consider plaintiff's motion for settlement/compromise. All NAF national arbitration forum awards, cases are illegal void, cancelled, all detroit michigan 36th dist, cir, judgment/ orders are cancelled, void, illegal for lack of jurisdiction, and are unfair and in violation of plaintiff's usa constitutional rights on equal protection of laws, due process of laws, double jeopardy. Court will consider all plaintiff evidences, exhibits filed in this court. Attorneys Neal J. Levitsky, Wolpoff & Abramson, Fox Rothschild are NOT Plaintiff's Herman Kelly, pro, se 's lawyer. Plaintiff request that Wolpoff & Abramson be reinstated as join defendants where this court stated that plaintiff could refile complaint against Wolpoff & Abramson for fraud, mispresentation, perjury. Court said without prejudice against Wolpoff & abramson in its' order.

State Of Michigan
county wayne. dated;

april 6, 2007

Proof and certificate/affirmation
of service.
-----------------------------------

Respectfully Submitted

Herman Kelly, pro, se
p.o. box 14157
Detroit, Michigan 48214-0157
313-894-8855

Herman Kelly, plaintiff

Plaintiff Herman Kelly certified that a true and correct copy of his motion to strike was mailed as ( answer brief ) by first class usa pre-paid mail to all defendants at p.o. box 2323, Wilmington, de 19899-2323, p.o. box 2054 wilmington. de 19899, 222 delaware ave. wilmington, de 19801.

Herman Kelly, pro, se

p. 5



Herman Kelly, Pro Se
P.O. Box 14157
Detroit, Michigan 48214-0157

Clerk of Court Office
United States Federal
District Court Civil Division
844 N. King Street Lock Box 18
Wilmington, Delaware
19801-3570