**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| Herman Kelly,<br><br>                Plaintiff,<br><br>v.<br><br>MBNA America Bank, National Arbitration<br>Forum, Wolpoff & Abramson, L.L.P.<br><br>                Defendants. | C.A. No. 06-228-JJF |

## EMERGENCY MOTION OF DEFENDANT FIA CARD SERVICES, NATIONAL ASSOCIATION F/K/A MBNA AMERICA BANK, N.A. TO STAY PROCEEDINGS

Defendant FIA Card Services, National Association f/k/a MBNA America Bank, N.A. ("MBNA") hereby moves this Honorable Court for an Order staying all proceedings, including discovery, pending decision on MBNA's motion to dismiss the Amended Complaint.[1] In support thereof, MBNA states as follows:

**Background**

1. On or about May 1, 2006, *pro se* plaintiff Herman Kelly (the "Plaintiff") filed a complaint (the "Complaint") (D.I. 2) against MBNA, National Arbitration Forum ("NAF") and Wolpoff & Abramson, L.L.P. ("W&A"). The Complaint was not served upon MBNA, and MBNA has not seen it because it is sealed. On May 4, 2006, Plaintiff filed a document titled "Pre-Summon Action Notice of Complaint," which was docketed as the Redacted and Amended Complaint (the "Amended Complaint") (D.I. 5). The Amended Complaint states:

> This is a claim of discrimination, illegal high compound interest prime rate, Harassment, Breach of comtract [sic] agreement, Double Jeopardy, Interference, Fraud, Sanctions/Injunction, False prosecution, False Advertising, Deceit

---

[1] In the alternative, and in the event the Court denies the motion to stay pending decision on the motion to dismiss, MBNA respectfully moves this Court for an Order extending the time for MBNA to respond to: 1) the Plaintiff's motions detailed herein until ten (10) days after entry of an Order denying the motion to stay; and 2) the Plaintiff's discovery requests until thirty (30) days after entry of an Order denying the motion to stay.

>Accounting practice, Conspiracy, Embezzlement, misrepresentation, Negligence, Settlement Compromise, Tampering with plaintiff as witness, Extortion.

Amended Complaint, D.I. 5, ¶ 2.  The claims are related to six credit card accounts that the Plaintiff had with MBNA.

    2.    On May 22, 2006, NAF filed a motion to dismiss the Complaint and opening brief in support thereof.  (D.I. 8 & 9).  On July 14, 2006, W&A filed a motion to dismiss the Complaint and memorandum of law in support thereof.  (D.I. 20).  On July 18, 2006, the Court dismissed all claims against NAF and W&A and ordered the Plaintiff to serve MBNA through the U.S. Marshall's Service.  (D.I. 23).  The return of service indicates that MBNA was served on October 31, 2006.  (D.I. 43).

    3.    On December 4, 2006, MBNA filed a motion to dismiss the Amended Complaint because Plaintiff's claims based on 5 of the 6 accounts are an improper, collateral attack on judgments of a Michigan state court and final arbitration awards.  Under the *Rooker-Feldman* doctrine, the Court lacks subject matter jurisdiction for the Plaintiff's claims related to three of the Plaintiff's accounts for which a Michigan state court has entered judgments in favor of MBNA. Under the doctrine of *res judicata*, the Plaintiff's claims related to five of the Plaintiff's accounts for which an arbitration award is final are precluded.  The Plaintiff's claims related to the remaining account are subject to a valid agreement to arbitrate that is governed by the Federal Arbitration Act, and as such, the Court's lacks subject matter jurisdiction and the Amended Complaint must be dismissed in favor of binding arbitration.  (D.I. 46 & 47)

    4.    The Plaintiff failed to timely file an answering brief in opposition to the motion to dismiss.  By letter dated February 23, 2007, counsel for MBNA requested that the Court grant the motion to dismiss as unopposed.  (D.I. 50).  On March 20, 2007, the Plaintiff requested that the Court extend the time for him to file his answering brief.  (D.I. 51).  On March 23, 2007, the

Plaintiff filed a document titled "Plaintiff's phoncopy [sic] of his notice of appeal and direction-designation to the Detroit district/circuit court, clerk of court", which was docketed as an answering brief in response to the motion to dismiss. (D.I. 52). Although the Plaintiff had not received permission from the Court to extend the time to file his answering brief, the Clerk's Office set a deadline of April 2, 2007 for MBNA to file a reply brief. (Docket Note for D.I. 52). By letter dated April 2, 2007, MBNA respectfully asserted that it did not have an obligation to file a reply brief unless and until the Court granted the Plaintiff's motion to extend the time to file his answering brief. (D.I. 62). In that letter, MBNA also opposed the Plaintiff's request to extend time.[2] (*Id.*).

     5.     On March 26, April 2, and April 9, the Plaintiff filed 13 separate documents for which the Clerk's office set response deadlines for MBNA or which, because they are discovery requests, otherwise require a response from MBNA. The documents are titled as follows:

    a.    MBNA America Bank's Written Submissions, Acknowledgement, Confesion agreed to NO (N.A.T.'s) National Arbitration Forum's Litigated Arbitration Proceedings and Plaintiff's Request and Motion to State/Show Court's Jurisdiction (D.I. 53)

    b.    Plaintiff's Supplement/Amended Exhibits/Evidences in Support of Complaint and Plaintiff's Objection/Opposition to Defendant MBNA's Motion to Dismiss (D.I. 54)

    c.    Plaintiff's Written Depositions and Request for Information, Documentation Discovery (D.I. 55)

    d.    Plaintiff's Amended/Supplement Exhibits, Evidence with Memorandum of Laws Authority in Support of Complaint (D.I. 56)

---

[2] MBNA is still opposed to the Plaintiff's motion to extend time. Despite the Plaintiff's assertion in his March 20 motion to extend time that he had not received a copy of the motion to dismiss, MBNA notes that he referenced the arguments made in MBNA's opening brief and the exhibits thereto in his filing titled Defendant MBNA America Bank's Admission/Submission/Guilty Plea to Misconduct of Double Jeopardy Violations USA Constitution Law, (Article 5) (D.I. 59), which was filed on March 26 and had been mailed on March 22. *See* USPS Track & Confirm Search results, attached hereto as Exhibit A. Counsel has not provided the Plaintiff a copy of the motion to dismiss or opening brief other than that mailed on December 4, 2006. Mr. Kelly advised counsel on April 12, 2007 that the Court has not provided him a copy of the motion to dismiss and opening brief. The only conclusion that can be drawn is that the Plaintiff received the motion and opening brief mailed on December 4. Counsel is, nonetheless, today providing the Plaintiff with another copy of the motion to dismiss and opening brief.

 e. Plaintiff's Motion for Jury Trial Demand and Herman Kelly's Request for Court's Appointment of Attorney, Counsel Lawyer to Represent Plaintiff (D.I. 57)

 f. Plaintiff's Objection/Request/Motion to Strike or Setaside MBNA's Attorneys Fees, (defendants) N.A.F.'s Arbitration Litigations Cost, and Wolpoff & Abramson's Attorneys Fees Requests (D.I. 58)

 g. Defendant MBNA America Bank's Admission/Submission/Guilty Plea to Misconduct of Double Jeopardy Violations USA Constitution Law, (Article 5) (D.I. 59)

 h. Plaintiff's Motion & Request that all Pleadings and Requests by Parties be Heard Sua Sponte without Personal Appearance from Herman Kelly (memorandum of laws) (D.I. 60)

 i. Motion for Injunction Order and Plaintiff's Objection to Defendants (National Arbitration Forum)'s Arbitrating Litigation Proceedings (D.I. 61)

 j. Plaintiff's Request that Court Issue a Sanction Award of $90,000 dollars judgment order against defendant MBNA America Bank for Mail Fraud/Extortion (D.I. 64)

 k. Plaintiff's Request that Defendant MBNA America Bank Answer these Written Deposition, Interrogatories, Discovery Questions (D.I. 66)

 l. Plaintiff's Supplement Answer Brief and Request/Motion to Strike, Quash Defendant MBNA Bank's Motion to Dismiss Complaint (D.I. 67)

 m. Plaintiff's Request and Motion that MBNA Pay all Court Costs, and Plaintiff's Expenses of $10,000 for Representing this Case. The second page, which restarted the numbered paragraphs at 1, was entitled Plaintiff's Objection to MBNA's Answer to Complaint and Plaintiff's Request for Order Enforcement, Injunction of Contracts, Agreement, Letter of Credit against Defendants MBNA also Plaintiff's Memorandum of Laws in Support of Complaint. The third and fifth pages appear to contain numbered paragraphs that relate to the second page. However, the fourth page is titled notice, Dispute, Complaint, Memorandum of Laws, Fair Crest Report Act (D.I. 68)

MBNA has also received other purported filings from the Plaintiff that were returned to the Plaintiff by the Clerk's Office entitled as follows:

 a. Kelly's Settlement/Compromise Proposal - Notice of Loan Credit balances and Interests Paid in Full – Request for Refund/Money on All Over Payments (returned by Clerk's Office to the Plaintiff, *See* D.I. 63-2)

 b. Plaintiff Amended/Supplement Request and Motion for Settlement Compromise (returned by Clerk's Office to the Plaintiff, *See* D.I. 63-3)

**Argument**

6.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.,* 299 U.S. 248, 254-255 (1936). MBNA respectfully submits that it would be a waste of judicial resources and resources of the parties to address the large number of the Plaintiff's filings and discovery requests while MBNA's motion to dismiss on subject matter grounds is pending. Because the motion to dismiss is based on lack of subject matter jurisdiction, if the motion to dismiss is granted, MBNA respectfully submits that it will be granted with prejudice. Thus, if the motion to dismiss is granted, there will be no further proceedings, and the Court need not address the Plaintiff's motions. In other words, if a stay is imposed, the parties and the Court will be relieved of the obligation to expend time and resources deciding issues that will be mooted by a dismissal. If the motion to dismiss is denied, MBNA respectfully submits that the Plaintiff will not have been prejudiced by the intervening stay.

7.  Responding to the Plaintiff's multitude of filings would require a great deal of time and expense. The Plaintiff's filings must be carefully parsed in order to respond adequately. The filings often morph from the topic stated in the title of the filing to include topics completely unrelated to the stated title. For instance, "'Plaintiff's motion & request that all pleadings and requests by parties be heard SUA SPONTE without personal appearances from Herman Kelly' (memorandum of laws)" (D.I. 60) begins with a request that he not have to appear in Delaware, then discusses setting aside default judgments, then seeks Rule 11 sanctions

against MBNA "for dishonesty or overly clever tactics", and then discusses the interpretation of an answer with respect to whether it includes a counterclaim.

8.  Further, MBNA would be compelled to address the many inaccurate assertions of law peppered throughout the filings, such as that, despite the Plaintiff's assertion to the contrary, Double Jeopardy applies only to criminal cases, U.S. Const. Amend. V ("nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb) and the excessive fines provision of the Eighth Amendment is not applicable to a credit card dispute between private parties, U.S. Const. Amend. VIII.  While some of the many other inaccurate assertions of law are as easily refuted as this, some are not. Moreover, the number of inaccuracies that would have to be addressed would be extremely time-consuming for both MBNA in responding to the motions and the Court in deciding the motions.[3]

9.  In addition to filing responses, MBNA would also file motions to strike to address the Plaintiff's improper filings and scurrilous statements.  For instance, MBNA would move to strike, *inter alia*: those portions of the Plaintiff's filings that are an attempt to amend his Amended Complaint without prior leave of Court or agreement of the parties;[4] the Plaintiff's discovery requests as premature since the parties have not had a discovery conference pursuant

---

[3] Although MBNA does not intend to seek Rule 11 sanctions, MBNA notes that, even if the Plaintiff's status as a *pro se* litigant is considered, some of the inaccurate assertions of law are so fundamentally inaccurate that they toe the Rule 11 line, if not cross it.

[4] *See* Plaintiff's Supplement/Amended Exhibits/Evidences in Support of Complaint and Plaintiff's Objection/Opposition to Defendant MBNA's Motion to Dismiss (D.I. 54); Plaintiff's Amended/Supplement Exhibits, Evidence with Memorandum of Laws Authority in Support of Complaint (D.I. 56).  The Plaintiff has neither received, nor even sought, leave to amend his Amended Complaint. Pursuant to Fed. R. Civ. P. 15(a), because the Plaintiff has already amended his complaint once as a matter of course, the Amended Complaint may only be amended by leave of Court or written consent of MBNA. Moreover, even though *pro se* complaints are held to less stringent pleading standards, it is not appropriate to prejudice the defendant by allowing a *pro se* plaintiff to amend his complaint multiple times, in violation of Rule 15, through variously titled documents such as those that the Plaintiff would like this Court to cobble together to, in effect, draft a complaint for him.  Even if the Court were to cobble together a complaint based on the Plaintiff's various documents, the Court still would not have subject matter jurisdiction for the reasons set forth in MBNA's motion to dismiss.

to Fed. R. Civ. P. 26(f);[5] the Plaintiff's scurrilous comments, such as "karen sullivan is toying with this court"[6] and "Defendant mbna america bank and their attorney karen sullivan have lied, misinformed, mislead this honorable USA federal district court by misconduct of mail fraud, extortion, racketeering…."[7]  The motions to strike would require the Plaintiff to expend time and resources responding, MBNA to expend time and resources replying, and, perhaps more importantly to the Court, would require the Court to expend time and resources deciding.

**D. Del LR 7.1.1 Statement**

Pursuant to D. Del. LR 7.1.1, the undersigned counsel certifies that she made a reasonable effort to reach agreement with the Plaintiff on the matters set forth in the motion. After leaving messages over several days for the Plaintiff, on April 12, 2007, counsel spoke to the Plaintiff and explained the relief that MBNA was seeking by this motion.  Although the Plaintiff initially indicated that he did not oppose a stay pending decision on the motion to dismiss, he then indicated he was not certain and suggested that MBNA file its motion so that he could review it before determining his position.

**D. Del. LR 7.1.2(a) Waiver**

Pursuant to D. Del. LR 7.1.2(a), MBNA respectfully waives its right to file an opening brief.

---

[5] Plaintiff's Written Depositions and Request for Information, Documentation Discovery (D.I. 55); Plaintiff's Request that Defendant MBNA America Bank Answer these Written Deposition, Interrogatories, Discovery Questions (D.I. 66)

[6] Plaintiff's Supplement Answer Brief and Request/Motion to Strike, Quash Defendant MBNA Bank's Motion to Dismiss Complaint, p. 5 (D.I. 67)

[7] Plaintiff's Request that Court Issue a Sanction Award of $90,000 dollars judgment order against defendant MBNA America Bank for Mail Fraud/Extortion, p. 1 (D.I. 64)

**WHEREFORE**, MBNA respectfully requests that the Court stay all proceedings, with the exception of decision on Plaintiff's motion to extend the deadline to file an answering brief to the motion to dismiss, and if granted, further briefing on the motion to dismiss, until the Court renders its decision on the motion to dismiss.[8]

OBERLY, JENNINGS & RHODUNDA, P.A.

Dated: April 12, 2006

/s/ Karen V. Sullivan
Charles M. Oberly, III (No. 743)
Karen V. Sullivan (No. 3872)
1220 Market Street – Suite 710
P.O. Box 2054
Wilmington, DE  19899-2054
(302) 576-2000 – Telephone
(302) 576-2004 – Facsimile
coberly@ojlaw.com
ksullivan@ojlaw.com
Attorneys for FIA Card Services, National Association f/k/a MBNA America Bank, N.A.

---

[8] In the alternative, and in the event the Court denies the motion to stay pending decision on the motion to dismiss, MBNA respectfully moves this Court for an Order extending the time for MBNA to respond to: 1) the Plaintiff's motions detailed herein until ten (10) days after entry of an Order denying the motion to stay; and 2) the Plaintiff's discovery requests until thirty (30) days after entry of an Order denying the motion to stay.



Home | Help

Track & Confirm

# Track & Confirm

## Search Results

Label/Receipt Number: **7006 0100 0006 4087 4629**
Detailed Results:

- **Delivered, March 26, 2007, 2:49 pm, WILMINGTON, DE 19801**
- **Acceptance, March 22, 2007, 7:14 pm, DETROIT, MI 48233**

( < Back )    ( Return to USPS.com Home > )

**Track & Confirm**
Enter Label/Receipt Number.



### Notification Options

**Track & Confirm by email**
Get current event information or updates for your item sent to you or others by email.  ( Go > )



POSTAL INSPECTORS    site map   contact us   government services   jobs   National & Premier Accounts
Preserving the Trust    Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use  Privacy Policy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Herman Kelly,<br>      Plaintiff,<br><br>v.<br><br>MBNA America Bank, National Arbitration<br>Forum, Wolpoff & Abramson, L.L.P.<br><br>      Defendants. | C.A. No. 06-228-JJF |

## ORDER

Upon consideration of the Emergency Motion of Defendant FIA Card Services, National Association f/k/a MBNA America Bank, N.A. to stay proceedings, and any response thereto, IT IS HEREBY ORDERED, this _____ day of _____, 2007, that Defendant's motion is GRANTED. Except as noted below, all proceedings, including discovery, are stayed until after the Court issues a decision on Defendant's motion to dismiss. Proceedings related to the Plaintiff's motion to extend time to file his answering brief to Defendant's motion to dismiss are not stayed. If Plaintiff's motion to extend is granted, Plaintiff shall file one answering brief and Defendant shall file one reply brief, both complying with the requirements of Rule 7.1.3 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware. If Plaintiff's motion to extend is denied, no further filings will be permitted regarding the Defendant's motion to dismiss.

                    _____
                    UNITED STATES DISTRICT COURT JUDGE

## **CERTIFICATE OF SERVICE**

I, Karen V. Sullivan, Esquire, hereby certify that a copy of the foregoing Emergency Motion of Defendant FIA Card Services, National Association f/k/a MBNA America Bank, N.A to Stay Proceedings was served by first class U.S. mail and Express Mail on this 12th day of April, 2007 on the following non-registered CM/ECF participant:

Herman Kelly
P.O. Box 14157
Detroit, MI 48214-0157

      /s/ Karen V. Sullivan
KAREN V. SULLIVAN (No. 3872)