# OBERLY, JENNINGS & RHODUNDA, P.A.
### 1220 Market Street - Suite 710
### P. O. Box 2054
### Wilmington, Delaware 19899

Charles M. Oberly, III
Kathleen M. Jennings
William J. Rhodunda, Jr.
-----------
Karen V. Sullivan

(302) 576-2000
Fax (302) 576-2004
E.I.No. 51-0364261
Writer's e-mail ksullivan@ojlaw.com

May 9, 2007

Via CM/ECF & Hand Delivery
The Honorable Joseph J. Farnan, Jr.
United States District Court
844 North King Street
Wilmington, DE 19801

RE: **Herman Kelly v. MBNA America Bank**, 06-228-JJF

Dear Judge Farnan:

I write to seek guidance from the Court. Presently pending before the Court is the Emergency Motion of Defendant FIA Card Services, National Association f/k/a MBNA America Bank, N.A. ("MBNA") to Stay Proceedings pending the Court's decision on MBNA's motion to dismiss. (D.I. 71). MBNA filed the motion to stay on April 13, 2007 in response to the unusual and voluminous nature of Plaintiff's filings. The Plaintiff filed an opposition to the motion to stay on April 23, 2007, D.I. 73, and MBNA filed a reply on April 26, 2007, D.I. 74.

In addition to the 13 separate filings of Plaintiff outlined in the stay motion, the Plaintiff has since filed additional documents containing further argument regarding the motions to stay and to dismiss, D.I. 75 & 76, and, most concerning, "Plaintiff's request and Motion for a Sanction award of $22,000. dollars to be issue against MBNA america bank/Karen Sullivan for refusing to accept plaintiff's settlement offer and refusing to negotiate settlement/compromise. 28 USCS & 1927, 18usc1513, FRCP.12f,9d.16f (sic)", D.I. 77.[1] Following normal procedure, the Clerk's Office set a deadline of May 24, 2007 for MBNA to file an answering brief to the motion for sanctions.

---

[1] The additional arguments regarding the motions to stay and dismiss are in violation of D. Del. LR 7.1.2(c), which precludes filing, without prior approval of the Court, of briefs, affidavits and other papers in opposition to a motion other than the opening, answering and reply schedule set forth in D. Del. LR 7.1.2(a). The motion for sanctions is completely without merit. Moreover, to the extent that it alleges that MBNA and/or the undersigned counsel have committed the offense of Retaliating Against a Witness in violation of 18 U.S.C. § 1513, which prohibits killing, attempting to kill, or causing bodily injury or damage to tangible personal property in retaliation for a witness' testimony in an official proceeding, it is defamatory.

      In light of MBNA's pending motion for a stay and the vexatious nature of the Plaintiff's filings, MBNA respectfully requests instruction as to how the Court wishes MBNA to proceed with the motion for sanctions and future filings by the Plaintiff. If the Court wishes MBNA to respond to the filings, MBNA shall do so. However, based on the unusual proceedings in this case, MBNA respectfully submits that a temporary stay pending decision on MBNA's motion to stay would be a judicious use of the Court's inherent authority to control its docket, would not cause any prejudice to the Plaintiff, and would relieve MBNA and the Court of the significant costs in both attorneys' fees and time of addressing the motion for sanctions, the other miscellaneous pending motions, and, assuming that the Plaintiff would otherwise continue his past course of conduct, numerous future motions, supplemental arguments, etc.

      I will await instruction from the Court and am available to answer any questions the Court may have.

      **Respectfully,**

      *[signature]*

      **KAREN V. SULLIVAN (No. 3872)**

/KVS  
Enclosure  
cc:    Herman Kelly (via U.S. mail)