IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

HERMAN KELLY,                      :
                                   :
          Plaintiff,               :
                                   :
     v.                            : Civ. Action No. 06-228-JJF
                                   :
MBNA AMERICA BANK,                 :
                                   :
          Defendant.               :

---

Herman Kelly, Detroit, Michigan.  Pro se Plaintiff.

Karen V. Sullivan, Esquire, Oberly, Jennings & Rhodunda, PA,
Wilmington, Delaware.  Attorney for Defendant MBNA American Bank
now known as FIA Card Services, National Association.

---

**MEMORANDUM OPINION**

June 25, 2007
Wilmington, Delaware

Farnan, District Judge

Plaintiff Herman Kelly, who proceeds <u>pro</u> <u>se</u> and was granted leave to proceed <u>in forma pauperis</u>, filed this action alleging state and federal violations.  Presently before the Court is Defendant MBNA American Bank, now known as FIA Card Services, National Association's ("MBNA") Motion To Dismiss Amended Complaint with supporting memorandum and Plaintiff's Opposition thereto.  (D.I. 46, 47, 52, 54, 67, 75, 76, 80.)  For the reasons set forth below, the Court will grant in part and deny in part the Motion To Dismiss.  (D.I. 46.)  The Court will deny all other pending motions.  (D.I. 53, 57, 58, 60, 61, 64, 68, 69, 71, 77.)

## I.    PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed his Complaint alleging "discrimination, illegal high compound interest prime rate, harassment, breach of contract agreement, double jeopardy, interference, fraud, sanctions/injunction, false prosecution, false advertising, deceit accounting practice, conspiracy, embezzlement, misrepresentation, negligence, settlement compromise," witness tampering, and extortion.  (D.I. 2 at ¶ 2.)  He also alleges denial of his constitutional rights to access to the courts, due process, equal protection, a jury trial, enjoyment of life, appointed counsel, and discovery.  <u>Id</u>. at ¶ 4.  On July 18, 2006, the Court dismissed Defendants National Arbitration Forum and the law firm of Wolpoff & Abramson, L.L.P.  (D.I. 23.)

-2-

MBNA is the only remaining Defendant.  Plaintiff alleges that he paid MBNA his "loan balance amounts and legal interest in full" and requests a refund from MBNA for "over charges billing payments."  (D.I. 2, ¶ 11.)  He alleges that MBNA engaged in unfair banking, unfair billing, discrimination, and breach of contract.  Id. at ¶ 13.

More particularly, Plaintiff alleges that approximately ten years ago he invested money in MBNA and opened different credit card accounts with it and other third party banks.  Id. at ¶ 14.  He alleges that a Mr. Stewart from MBNA, without written permission, consent, or notice, took his available cash credit in violation of U.S. laws and the constitution.  Id. at ¶ 16.  Plaintiff further alleges that MBNA erred in the computation of any money balance due, illegally overcharged the daily interest rate, refused to provide a fair accounting audit, changed the interest rate, and charged a different higher illegal interest rate.  Id. at ¶¶ 17, 19, 26, 27.  Plaintiff alleges that as of December 21, 2003, he had paid in full all his credit cards and loans, but that "all" Defendants are "trying to steal more money" from him, and make him pay more than double or triple the loan balance.  Id. at ¶¶ 6a, 24, 29.  Plaintiff alleges that he and "all" Defendants were involved in settlement until "defendants started trying to get more money from plaintiff double the loan amount".  Id. at ¶ 9.  He alleges that "all" Defendants have

refused to refund monies owed him.  Id. at ¶ 7.  Plaintiff's
Complaint and Amended Complaint refer to Account Numbers 1423,
6921, 0023, 4211, 6519, and 0919.[1]  Plaintiff seeks a refund of
overpayment, and asks for special, general, and punitive damages.

    Plaintiff filed exhibits in support of his claim.  (D.I. 16,
19.)  Some of the exhibits are identical to those submitted with
his Complaint, but additional exhibits relevant to this
Memorandum Order include a credit card notice containing an
"Arbitration and Litigation" clause that states it applies unless
the cardholder was given an opportunity to reject the Arbitration
and Litigation clause and rejection was made in the manner and
timeframe required.  (D.I. 19, Ex. B.)

    In support of its Motion To Dismiss, MBNA submitted
documentation that Plaintiff had six credit card accounts with
it, and each account was subject to a credit card agreement
containing a mandatory arbitration provision.  (D.I. 47, Exs. 1A-
6A.)  According to MBNA, the Account Numbers are 1423, 3734,
5567,[2] 6335, 6921, and 7332.  Id.  The exhibits indicate that as
a result of Plaintiff's default, and pursuant to the arbitration
agreement, MBNA instituted six arbitration proceedings against

---

    [1]For security reasons, the Court uses only the last four
digits of each account number.

    [2]The documents provided by MBNA indicate that the Account
Number is 5567, but in the body of its brief, the Account Number
is typed as "5667."  (D.I. 47, at 3.)

-4-

Plaintiff in the National Arbitration Forum. _Id_. Service was
effected in each arbitration proceeding. _Id_. at Exs. 1B-6B.
Five of the cases, Account Numbers 1423, 3734, 5567, 6921, and
7332 resulted in arbitration awards in favor of MBNA; one case,
Account Number 6335, remains pending in arbitration. _Id_. at Exs.
1C-3C, 5C-6C. MBNA obtained judgments from the State of Michigan
District Court for the 36th Judicial District for three of the
arbitration awards, Account Numbers 1423, 3734, and 6921. _Id_. at
Exs. 1C, 2C, 5C. The State Court judgments were entered on
January 17, 2006, March 1, 2006, and September 12, 2006. _Id_.
Plaintiff filed late notices of appeal in each of the cases.
(D.I. 52, Ex, D.I. 76, Ex.)

MBNA moves for dismissal arguing first, that the Amended
Complaint is an impermissible collateral attack on state court
judgments and arbitration awards, and second, that the Amended
Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1)
because all disputes between Plaintiff and MBNA are subject to
arbitration.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) authorizes
dismissal of a complaint for lack of jurisdiction over the
subject matter, or if the plaintiff lacks standing to bring his
claim. Motions brought under Rule 12(b)(1) may present either a
facial or factual challenge to the Court's subject matter

jurisdiction.  In reviewing a facial challenge under Rule
12(b)(1), the standards relevant to Rule 12(b)(6) apply.  In this
regard, the Court must accept all factual allegations in the
Complaint as true, and the Court may only consider the complaint
and documents referenced in or attached to the complaint.  Gould
Electronics Inc. v. United States, 220 F.3d 169, 176 (3d Cir.
2000).  In reviewing a factual challenge to the Court's subject
matter jurisdiction, the Court is not confined to the allegations
of the complaint, and the presumption of truthfulness does not
attach to the allegations in the complaint.  Mortensen v. First
Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).
Instead, the Court may consider evidence outside the pleadings,
including affidavits, depositions and testimony, to resolve any
factual issues bearing on jurisdiction.  Gotha v. United States,
115 F.3d 176, 179 (3d Cir. 1997).  Once the Court's subject
matter jurisdiction over a complaint is challenged, the plaintiff
bears the burden of proving that jurisdiction exists.  Mortensen,
549 F.2d at 891.

**III. DISCUSSION**

   **A.  Rooker-Feldman Doctrine**

   MBNA argues that Plaintiff improperly attempts to litigate
issues that have been decided by the Michigan State Courts and/or
the National Arbitration Forum.  It contends that Plaintiff's
claims are based upon the issue previously decided, that is, does

Plaintiff owe MBNA money for his credit card accounts.  MBNA
specifically invokes the Rooker-Feldman doctrine as applicable to
Account Numbers 1423, 3734, and 6921, the three accounts wherein
judgment was entered by the State of Michigan District Court for
the 36th Judicial District.

The Rooker-Feldman doctrine is a jurisdictional doctrine and
distinct from an affirmative defense.  Parkview Associates P'ship
v. City of Lebanon, 225 F.3d 321, 328-39 (3d Cir. 2000).  In some
circumstances, the Rooker-Feldman doctrine deprives a federal
district court of jurisdiction to review a state court
adjudication.  Turner v. Secretary of U.S. Dep't Housing and
Urban Dev., 449 F.3d 536, 547 (3d Cir. 2006).  The Rooker-Feldman
doctrine applies to "cases brought by state-court losers
complaining of injuries caused by state-court judgments rendered
before the district court proceedings commenced and inviting
district court review and rejection of those judgments." Exxon
Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284
(2005).  Here, Plaintiff alleges MBNA engaged in unfair banking,
unfair billing, discrimination, and breach of contract.
Plaintiff specifically alleges that MBNA attempts to collect on
accounts that he has paid in full.  Although not framed as such,
in essence, Plaintiff seeks review and rejection of the Michigan
State Court judgments rendered against him.  Plaintiff, however,
cannot invoke federal jurisdiction merely by couching his

disagreement with MBNA over his credit card accounts in a civil
action raising various and sundry legal theories.  See Valenti v.
Mitchell, 962 F.2d 288, 296 (3d Cir. 1992).  At least as to the
claims relative to the Michigan State Court judgments in Account
Numbers 1423, 6921, and 3734,[3] Plaintiff's claims fall under the
purview of the Rooker-Feldman doctrine and are barred.
Therefore, the Court will grant the Motion To Dismiss on the
basis of the Rooker-Feldman doctrine as to the three claims
wherein the Michigan State Court entered judgment.  It may be
that the Younger abstention doctrine is applicable to cases where
there are arbitration awards, but no State court judgment.  The
Court, however, is unable to discern from the record whether
State cases are pending in the arbitration award cases.  Also,
Plaintiff makes no claims regarding those particular accounts.

**B.  Federal Arbitration Act**

**1.  Notice**

MBNA argues Plaintiff improperly attempts to collaterally
attack the two arbitration awards for the accounts where the
arbitration award has been entered, but there is not yet a State
Court judgment.  It contends that Plaintiff attempts to use this
Court to judicially review the arbitration awards, but has failed
to timely move to vacate the arbitration awards as required by 9

---

[3]The Complaint and Amended Complaint make no reference to
Account Number 3734.

-8-

U.S.C. § 12 of the Federal Arbitration Act ("FAA").

Section 12 provides that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. "A party to an arbitration award who fails to comply with the statutory precondition of timely service of notice forfeits the right to judicial review of the award." Pfannenstiel v. Merrill Lynch, Pierce, Fenner & Smith, 477 F.3d 1155, 1158 (10th Cir. 2007) (quoting International Bhd. of Elec. Workers, Local Union No. 969 v. Babcock & Wilcox, 826 F.2d 962, 966 (10th Cir. 1987); see also Lander Co., Inc. v. MMP Investments, Inc., 107 F.3d 476, 478 (7th Cir. 1997); Cullen v. Paine, Webber, Jackson & Curtis, Inc., 863 F.2d 851, 854 (11th Cir. 1989).

There is no issue regarding the two arbitration awards where there are no state court judgments (i.e., Account Numbers 7332 and 5567). (D.I. 47, Exs. 3C, 6C.) Plaintiff mentions neither account in his Complaint or Amended Complaint. Because there are no allegations regarding Account Numbers 7332 and 5567, MBNA's argument is moot. Therefore, the Court will deny the Motion to Dismiss on the issue of notice.

### 2. **Res Judicata**

MBNA argues that even if Amended Complaint as to the March 17, 2006 arbitration award, Account Number 5567, is not viewed as

a late and improper attempt to vacate the arbitration award, dismissal is appropriate by reason of res judicata, citing to an Illinois District Court case which has no precedential value in the Third Circuit.  (D.I. 47 at 6.)  Res judicata is an affirmative defense.  Dismissal is appropriate on the basis of an affirmative defense "if the predicate establishing the defense is apparent from the face of the complaint."  Bethel v. Jendoco Constr. Co., 570 F.2d 1168, 1174 n.10 (3d Cir. 1978); see also Brody v. Hankin, No. 04-1376, 145 Fed. Appx. 768, 771-72 (3d Cir. 2005) (District Court improperly converted Motion To Dismiss into Motion For Summary Judgment without notifying Plaintiffs when it dismissed the action on res judicata grounds based upon a decision in a prior arbitration proceeding, where the Court expressly relied upon facts from documents related to the arbitration proceeding, but not mentioned in, or attached to, Plaintiffs' Complaint).

The Court has thoroughly reviewed Plaintiff's Complaint and Amended Complaint and while he makes numerous allegations, nowhere does he mention or attach documents referencing the arbitration proceeding that resulted in the March 17, 2006 for Account Number 5567 arbitration award.  Moreover, there is no indication that any state or federal court has confirmed the March 17, 2006 award for Account Number 5567.  Courts have refused to give unconfirmed arbitration awards issue preclusive

effect in subsequent litigation.  See Leddy v. Standard Drywall, Inc., 875 F.2d 383, 385 (2d Cir. 1989) (It is the judgment entered on an arbitration award that is given preclusive effect in subsequent litigation.  An arbitration award that is not filed and confirmed in an appropriate court is without effect.); Singer Co. v. Tappan Co., 593 F.2d 545, 549 (3d Cir. 1979) (The final judgment confirming an arbitration award properly forecloses future litigation.)

Granted, since the filing of the Motion To Dismiss Plaintiff has referenced the arbitration award.  Yet, as to the March 17, 2006 award, res judicata is not evident from the face of the Complaint or the Amended Complaint, and as previously discussed there is nothing to indicate that the award has been confirmed by the appropriate court.  Based upon the foregoing it would be improper for the Court to grant dismissal on the basis of res judicata.  Further, the Court declines to convert the Motion To Dismiss into one for summary judgment.  MBNA, however, has the option of raising the issue in such a motion.  Based upon the foregoing, the Court will deny the Motion To Dismiss on the basis of res judicata as to the March 17, 2006 arbitration award for Account Number 5567.

C.  **Rule 12(b)(1)**

Finally, MBNA moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) because all disputes between it and Plaintiff are

-11-

subject to arbitration.  Plaintiff and MBNA both submitted
exhibits indicating that disputes between them shall be resolved
by binding arbitration conducted by the National Arbitration
Forum.  The "Arbitration and Litigation" clause states that it
applies unless the cardholder was given an opportunity to reject
the Arbitration and Litigation clause and rejection was made in
the manner and timeframe required.  Plaintiff does not allege he
rejected the clause nor does he allege the accounts are subject
to arbitration.

Plaintiff refers to several accounts in the Complaint,
Account Numbers 1423, 6921, 0023, 4211, 6519, and 0919.  (D.I. 2,
¶ 10.)  Out of these six accounts only 1423 and 6921 are
referenced by MBNA in its Motion To Dismiss and, as discussed
above, any claims regarding those two accounts are barred by the
Rooker-Feldman doctrine.  MBNA makes no mention of Account
Numbers 0023, 4211, 6519, and 0919.

Federal policy favors arbitration.  See Medtronic AVE, Inc.
v. Advanced Cardiovascular Sys., Inc., 247 F.3d 44, 55 (3d Cir.
2001).  Under the FAA, a court, on application of one of the
parties to an agreement to arbitrate, must stay a judicial action
commenced in that court which is the subject of an arbitration
clause or, in the alternative, must dismiss any arbitrable
claims.  9 U.S.C. §§ 3-4; Shaffer v. Graybill, No. 02-1260, 68
Fed. Appx. 374 (3d Cir. July 7, 2003).  The Third Circuit has

-12-

interpreted § 3 of the FAA provision to permit dismissal when all issues raised in the action are arbitrable. See Smith v. The Equitable, 209 F.3d 268, 272 (3d Cir. 2000) ("when 'all the claims involved in an action are arbitrable, a court may dismiss the action instead of staying it'") (citations omitted).

In order to determine if there is an enforceable arbitration agreement between the parties that compels arbitration and a stay or dismissal of the present action, a court must consider the following issues: (1) does a valid agreement to arbitrate exist between the parties, and (2) do the plaintiff's claims fall within the substantive scope of the valid arbitration agreement. See PaineWebber v. Hartmann, 921 F.2d 507, 510-511 (3d Cir. 1990). Doubts are generally resolved in favor of coverage of the arbitration agreement. See A T & T Technologies, Inc. v. Communications Workers of Am., 475 U.S. 643 (1986).

MBNA's position that Account Number 6335 is subject to arbitration is well-taken, even though the account is not mentioned in the Complaint or Amended Complaint. There appears to be a valid agreement to arbitrate and Plaintiff's claims appear to fall within the scope of arbitration. The Court, however, cannot make any determinations whether Account Numbers 0023, 4211, 6519, and 0919 are subject to arbitration. Plaintiff specifically refers to these accounts in his Complaint and alleges they are MBNA accounts, yet MBNA makes no mention of the

-13-

accounts in its Motion To Dismiss.  Based upon the information
before the Court, it is impossible to determine whether these
four accounts are now subject to arbitration.  Accordingly, the
Court will deny, without prejudice, MBNA's Motion To Dismiss in
favor of binding arbitration.

## IV.  MISCELLANEOUS MOTIONS

There are a number of pending Motions in this case, all save
one, filed by Plaintiff.  Plaintiff's motions are either
frivolous upon their face, duplicative of other pleadings, an
attempt to litigate issues in the case, or moot due to the
dismissal of Defendants National Arbitration Forum and Wolpoff &
Abramson, L.L.P.

**A**.  The Court will deny Plaintiff's Motion To State To Show
Court's Jurisdiction.  (D.I. 53.)  Plaintiff asks the Court to
find that the State of Michigan District Court for the 36th
Judicial District did not have jurisdiction in Civil Cases
05137016GC and 05140139GC.  Plaintiff's avenue of relief is
through the Michigan Court system.

**B**.  The Court will deny without prejudice Plaintiff's Motion
To Appoint Counsel.  (D.I. 57.)  Indigent civil litigants possess
neither a constitutional nor a statutory right to appointed
counsel.  Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).
Nonetheless, district courts have statutory authority to appoint
counsel for indigent civil litigants at any time during the

-14-

litigation.  28 U.S.C. § 1915(e)(1) (providing that "[t]he court may request an attorney to represent any person unable to afford counsel"); <u>Montgomery v. Pinchak</u>, 294 F.3d 492, 504 (3d Cir. 2002).  Section 1915(e)(1) affords district courts broad discretion in determining whether appointment of counsel in a civil case is appropriate.  <u>Tabron v. Grace</u>, 6 F.3d 147, 153 (3d Cir. 1993).

When evaluating a motion for the appointment of counsel filed by a <u>pro</u> <u>se</u> plaintiff, initially, the court must examine the merits of the plaintiff's claim to determine whether it has some arguable merit in fact and law.  <u>See</u> <u>Parham</u>, 126 F.3d at 457 (citing <u>Tabron</u>, 6 F.3d at 157).  If the case has arguable merit the court should proceed to consider (1) Plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the extensiveness of the factual investigation necessary to effectively litigate the case and Plaintiff's ability to pursue such an investigation; (4) the degree to which the case may turn on credibility determinations; (5) whether the testimony of expert witnesses will be necessary; and (6) whether Plaintiff can attain and afford counsel on his own behalf.  <u>See</u> <u>Parham</u>, 126 F.3d at 457-58 (citing <u>Tabron</u>, 6 F.3d at 155-56, 157 n.5).  The list of factors is not exhaustive.

The court assumes solely for the purpose of deciding the pending motion, that Plaintiff's claims have arguable merit, and

-15-

will, therefore, consider the factors articulated in <u>Parham</u> and

<u>Tabron</u>.  Keeping in mind the practical considerations cited above

and exercising the broad discretion offered the Court, the Court

concludes that the appointment of counsel is not warranted at

this time.

Plaintiff proceeds <u>in forma pauperis</u> and it appears,

therefore, he is unable to afford legal representation.

Plaintiff, however, is no stranger to litigation.  PACER, the

federal judiciary's electronic public access system indicates

that Plaintiff has filed several lawsuits in Michigan, as well as

in Texas and Ohio.  <u>See</u> <u>e.g.</u>, <u>Kelly v Chase Bank, Inc.</u>, Civ.

Action No. 07-1650 (S.D. Tx. May 23, 2007); <u>Kelly v. Citi Bank</u>,

Civ. Action. No. 06-1440-CAB (N.D. Ohio Aug. 16, 2006), <u>Kelly v.</u>

<u>Van Dykes Men's Clothing, Inc.</u>, Civ. Action No. 98-77242-NGE

(E.D. Mich. Aug. 17, 1998).  Plaintiff has demonstrated the

ability to present his own case and file appropriate responses to

Defendants' motions.  Additionally, Plaintiff's filings with the

Court demonstrate some knowledge of the legal system.

C.  The Court will deny Plaintiff's Motion To Strike Or Set

Aside Attorney's Fees.  (D.I. 58.)  Plaintiff asks the Court to

strike or set aside portions of arbitration awards of State court

judgments awarding MBNA attorney fees.  Plaintiff's request is

beyond the purview of this Court.

D.  The Court will deny Plaintiff's Motion To Be Heard <u>Sua</u>

<u>Sponte</u> Without Personal Appearance.  (D.I. 60.)  Plaintiff asks to be relieved from appearing in Court for all motion hearings. Should it be required, Plaintiff shall appear in Court. Plaintiff filed this case and it is his responsibility to prosecute it.

    **E.**  The Court will deny Plaintiff's Motion For Injunctive Relief.  (D.I. 61.)  Plaintiff seeks an order against "all" Defendants "to stop, cease harassing plaintiff with letters demanding more money from him,. . .to stop adding interest to a illegal void naf's awards default judgment."  (D.I. 61, ¶ 1.) Plaintiff has not met his burden to show he is entitled to injunctive relief.  In order to grant injunctive relief, Plaintiff must show "(1) the likelihood that the moving party will succeed on the merits; (2) the extent to which the moving party will suffer irreparable harm without injunctive relief; (3) the extent to which the nonmoving party will suffer irreparable harm if the injunction is issued; and (4) the public interest." <u>Shire US Inc. v. Barr Laboratories, Inc.</u>, 329 F.3d 348, 352 (3d Cir. 2003).  Whether or not a court should grant a preliminary injunction under the four factor test is committed to the sound discretion of the trial court.  <u>Id.</u>  The moving party has the burden to prove that all elements needed for a preliminary injunction are satisfied.  <u>New Jersey Hosp. Ass'n v. Waldman</u>, 73 F.3d 509, 512 (3d Cir. 1995).

After reviewing the pleadings on hand and the exhibits submitted by Plaintiff to date, the Court finds that Plaintiff has not demonstrated the likelihood of success on the merits. From the record, it appears Plaintiff defaulted on a number of accounts held with MBNA, that several judgments have been entered against him in State court seeking payment on those accounts, and that Plaintiff did not timely appeal those judgments.

**F.**  The Court will deny Plaintiff's Motion For Sanctions and Motion For Court Costs And Expenses. (D.I. 64, 68.) Plaintiff asks the Court to render sanctions of $90,000 against MBNA for "mail fraud" and to reimburse Plaintiff $10,000, apparently as attorney fees for representing himself in the credit card cases against MBNA. The Motions rehash other pleadings and contain frivolous allegations. Further, costs are generally not awarded until litigation ends.

**G.**  The Court will deny Plaintiff's Motion To Reinstate/Join Previously Dismissed Defendant. (D.I. 69.) Plaintiff seeks to have the dismissed Defendant, Wolpoff & Abramson, L.L.P., reinstated. Similar to other Motions, Plaintiff again seeks monetary sanctions of $90,000 against the law firm and a $15,000 reimbursement to him for costs. The motion is frivolous.

**H.**  The Court will deny as moot Emergency Motion of Defendant FIA Card Services, National Association F/K/A MBNA America Bank, N.A. To Stay Proceedings. (D.I. 71.) MBNA seeks a

-18-

stay pending the Court's ruling on its Motion To Dismiss. It also notes that it has been bombarded by Plaintiff's litigious bent. The Court agrees that Plaintiff's numerous filings are burdensome. **Plaintiff is placed on notice that future frivolous filings will be summarily denied, without explanation**.

    I. The Court will deny Plaintiff's Motion For Sanctions. (D.I. 77.) Plaintiff asks the Court to sanction MBNA and its attorney for refusing his "settlement offer and refusing to negotiate settlement/compromise." (D.I. 77.) The motion is frivolous. MBNA is not required to acquiesce to Plaintiff's settlement demand.

## V. CONCLUSION

    For the reasons discussed above, the Court will grant in part and deny in part the Motion To Dismiss. (D.I. 46.) The Court will deny all other pending motions. (D.I. 53, 57, 58, 60, 61, 64, 68, 69, 71.) An appropriate Order will be entered.