IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Herman Kelly,<br><br>                    Plaintiff,<br><br>v.<br><br>MBNA America Bank, National Arbitration Forum, Wolpoff & Abramson, L.L.P.<br><br>                    Defendants. | C.A. No. 06-228-JJF |

### DEFENDANT FIA CARD SERVICES, NATIONAL ASSOCIATION F/K/A MBNA AMERICA BANK, N.A.'S ("MBNA'S") OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL & OPPOSITION TO PLAINTIFF'S MOTION TO VACATE & MBNA'S MOTION TO STAY

On July 13, 2007, Herman Kelly filed "Plaintiff's Motion to Compel discovery from defendant in support of plaintiff's motion to vacate court's order dated June 25, 2007" ("Motion to Compel," D.I. 85). On July 19, 2007, Plaintiff filed his "Motion to Vacate court's order/judgment dated June 25, 2007" ("Motion to Vacate," D.I. 86). Defendant FIA Card Services, National Association f/k/a MBNA America Bank, N.A. ("MBNA") respectfully requests that the Court deny Plaintiff's Motion to Compel and Motion to Vacate for the following reasons:

**The Court should deny Plaintiff's Motion to Vacate**

1.      Plaintiff's Motion to Vacate argues that the Court should reconsider its June 25, 2007 decision granting in part MBNA's motion to dismiss because the Court overlooked the fact that Plaintiff had filed a complaint with the Office of the Comptroller of the Currency ("OCC") prior to MBNA's initiation of the arbitration proceedings that sought to recover the balances owed by the Plaintiff. Motion to Vacate, D.I. 86, p. 1 of 8, ¶ 1. The Plaintiff further argued that

the Court "was to up hold office of the comptroller of the currency's opinion, responds." *Id.*, p. 7 of 8, ¶ 5 (errors in original). Plaintiff also restated his prior arguments that he had paid all his accounts in full and that the arbitration proceedings were "barred and illegal". *Id.*, p. 1 of 8, ¶ 3 & p.7 of 8, ¶ 4. Plaintiff cited Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure as the bases for his motion. *Id.*, p. 1 of 8.

2.  As a preliminary matter, to the extent that the Plaintiff relies upon Rule 59(e), the motion is time-barred. Rule 59(e) requires that a motion to alter or amend a judgment be filed within 10 days after entry of the judgment. Fed. R. Civ. P. 59(e).[1] Because the decision which the Plaintiff seeks to be vacated was issued on June 25, 2007 and his Motion to Vacate was not filed until July 19, 2007, 24 days later, it is time-barred by Rule 59(e) of the Federal Rules of Civil Procedure, as well as Rule 7.1.5 of the Local Rules for the District of Delaware.

3.  Even if the Motion to Vacate were not time-barred, it should be denied. Under Rule 59(e), "a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).[2] Plaintiff fails to articulate any reason the Court should vacate its decision granting, in part, MBNA's motion to dismiss.

---

[1] Likewise, Local Rule 7.1.5 requires motions for reargument to be filed within 10 days after the Court issues an opinion or decision. D. Del. LR 7.1.5; *See Kavanagh v. Keiper Recaro Seating, Inc.*, 2003 WL 22939281, at *2, n. 2 (D. Del. Jul. 24, 2003) (motion for reargument under D. Del. LR 7.1.5 is functional equivalent of motion to alter or amend judgment under Fed. R. Civ. P. 59(e)).

[2] Similarly, under Rule 7.1.5, a motion for reagument may be granted only "1) where the court has patently misunderstood a party, (2) where the court has made an error not of reasoning, but of apprehension, or (3) where the court has made a decision outside the scope of the issues presented to the court by the parties." *Kavanagh v. Keiper Recaro Seating, Inc.,* 2003 WL 22939281, at *1 (D. Del. Jul, 24, 2003).

4. As summarized above, Plaintiff's Motion to Vacate restates arguments considered by the Court in deciding the motion to dismiss. "Reargument should not be granted where it would merely 'allow wasteful repetition of arguments already briefed, considered and decided.'" *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990) (citation omitted). Moreover, to the extent that the Plaintiff argues that the Court overlooked the fact that Plaintiff previously filed a complaint with the OCC, he appears to be arguing the Court misunderstood his argument and erred in failing to recognize that the Court was to uphold the OCC's decision. This argument fails for a number of reasons. As a preliminary matter, the Plaintiff fails to cite any authority to support his argument that the complaint filed with the OCC has any bearing on MBNA's motion to dismiss. In fact, whether or not a complaint was filed with the OCC has no bearing on the subject matter jurisdiction issues raised in MBNA's motion to dismiss. Moreover, Plaintiff's claim that the Court was supposed to "uphold" the OCC's decision is fatally flawed, as evidenced by the letter from the OCC attached to Plaintiff's Motion to Vacate. Motion to Vacate, p. 2-3 of 8. In the letter, the OCC advised the Plaintiff:

> The bank has researched all the accounts in question and has no record of any settlement agreement to pay the outstanding balances. Therefore, the bank has referred your accounts to outside counsel, Wolpoff and Abramson. Since the bank is no longer servicing your accounts you may contact Wolpoff and Abramson directly at 1-800-36506584 to further discuss this matter.
> Should you continue to dispute the balance on your accounts, please provide specific information regarding each account and any documentation to substantiate your claim for further review by the bank….
> We trust this is responsive to your complaint….

Thus, the OCC did not make any determination in favor of the Plaintiff in resolving his complaint. Therefore, even if there was some jurisdictional basis for doing so, which there is

3

not, there is no OCC decision in favor of the Plaintiff for the Court to uphold. Therefore, the Court should deny Plaintiff's Motion to Vacate.

**The Court should deny Plaintiff's Motion to Compel**

5.  Plaintiff's Motion to Compel seeks "an order compelling defendant mbna bank to answer all of plaintiff's discovery & interrogatories questions and production of documents things that are in defendant's control and possession." Motion to Compel, ¶ 1. Plaintiff's motion is premature because discovery is not yet open in this case. Rule 26(d) provides:

> Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f).

Fed. R. Civ. P. 26(d). This case does not fall into any of the categories exempted under Rule 26(a)(1)(E). Nor is there an order of the Court or agreement by the parties taking the case outside of the operation of Rule 26(d) & (f). Because the parties have not yet conferred pursuant to Rule 26(f), any discovery requests served by the Plaintiff are premature and not permitted under Rule 26(d). As a result, MBNA has no current obligation to respond to any of the Plaintiff's discovery requests, and an order compelling a response would be premature. Moreover, the Plaintiff fails to cite any authority, nor could he, to support his request that the Court order MBNA to respond to his "settlement, compromise proposal and motion for settlement." Motion to Compel, ¶ 4.[3] In addition to there being no basis in law for an order requiring a response to his settlement offer, there is no basis in fact for the requested relief -- the undersigned counsel has previously advised the Plaintiff that MBNA is not willing to accept his settlement offer.

---

[3] The first paragraph numbered 4.

4

**The Court should grant MBNA's motion to stay discovery pending decision on MBNA's Motion for Reconsideration**

6. Prior to the filing of the Plaintiff's Motion to Compel or Plaintiff's Motion to Vacate, MBNA filed its Motion for Reconsideration of Motion to Dismiss Amended Complaint ("MBNA's Motion for Reconsideration," D.I. 84). If MBNA's Motion for Reconsideration is granted, MBNA respectfully submits that the Court will grant MBNA's motion to dismiss in its entirety, leaving no issues before the Court. As a result, and to prevent a recurrence of Plaintiff's prior voluminous filings, MBNA respectfully requests that the Court stay the case, with the exception of the now pending motions.[4]

7. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.,* 299 U.S. 248, 254-255 (1936). MBNA respectfully submits that it would be a waste of judicial resources and resources of the parties to proceed with the case until the pending motions are decided. Because MBNA's Motion for Reconsideration of the motion to dismiss is based on lack of subject matter jurisdiction, if the motion is granted, MBNA respectfully submits that the Plaintiff's complaint will be dismissed in its entirety. Any proceedings that occurred in the interim, such as potentially a Rule 26(f) conference, Rule 16 scheduling conference, discovery and any further motions of the sort previously filed by Plaintiff, would be a waste of resources. If the Motion for Reconsideration is denied and the Amended Complaint is not dismissed in its entirety, MBNA respectfully submits that the Plaintiff will not have been prejudiced by the intervening stay.

---

[4] Motion for Reconsideration, D.I. 84, Motion to Compel, D.I. 85 & Motion to Vacate, D.I. 86.

WHEREFORE, MBNA respectfully requests that the Court deny Plaintiff's Motion to Compel and Plaintiff's Motion to Vacate and grant MBNA's motion to stay pending decision on its Motion for Reconsideration.

                              OBERLY, JENNINGS & RHODUNDA, P.A.

Dated: July 31, 2007                /s/ Karen V. Sullivan
                                        Charles M. Oberly, III (No. 743)
                                        Karen V. Sullivan (No. 3872)
                                        1220 Market Street – Suite 710
                                        P.O. Box 2054
                                        Wilmington, DE  19899-2054
                                        (302) 576-2000 – Telephone
                                        (302) 576-2004 – Facsimile
                                        coberly@ojlaw.com
                                        ksullivan@ojlaw.com

                                        Attorneys for FIA Card Services, National
                                        Association f/k/a MBNA America Bank, N.A.

Case 1:06-cv-00228-JJF    Document 87-2    Filed 07/31/2007    Page 1 of 3

Westlaw.

Not Reported in F.Supp.2d                                                                                Page 1
Not Reported in F.Supp.2d, 2003 WL 22939281 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

H

Kavanagh v. Keiper Recaro Seating, Inc.
D.Del.,2003.
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Juanita L. KAVANAGH and Gerald Kavanagh, Jr.,
Plaintiffs,
v.
KEIPER RECARO SEATING, INC., a Corporation of the State of Michigan, Keiper Enterprises, Inc., a Corporation of the State of Michigan, Recaro North America, Inc., a Corporation of the State of Michigan, Defendants.
**No. Civ.A. 98-556-JJF.**

July 24, 2003.

Robert Jacobs, of Jacobs & Crumplar, P.A., Wilmington, Delaware. for Plaintiffs.
Armand J. Della Porta, Jr., of Kelley Jasons McGuire & Spinelli, L.L.P., Wilmington, Delaware. for Defendants.

*MEMORANDUM OPINION*

FARNAN, J.
**\*1** Pending before the Court is a Motion For Reargument (D.I.219) filed by Plaintiffs, Juanita L. Kavanagh and Gerald Kavanagh, requesting the Court to reconsider its previously entered Order (D.I.218) granting partial summary judgment in favor of Defendants on Plaintiffs' claims for breach of warranty under Delaware law. For the reasons discussed, Plaintiffs' Motion For Reargument will be denied.

BACKGROUND

The pertinent factual background of this case has been set forth fully by the Court in its previously issued Memorandum Opinion. *Kavanagh v. Keiper,* Civ. Act. No. 98-556-JJF, mem. op. at 1-2 (D.Del. Sept. 30, 2002) (*"Kavanagh I"* ) (D.I.217). In *Kavanagh I,* the Court granted summary judgment in favor of Defendants on the grounds that Plaintiffs' warranty claims were barred by the applicable statute of limitations. In addition, the Court considered Plaintiffs' claim that the alleged defect was electrical in nature, and thus, covered by the three year express warranty in effect for electrical components. With regard to this claim, the Court concluded that Plaintiffs failed to establish a genuine issue of material fact as to whether the alleged defect was electrical in nature. Thereafter, Plaintiffs filed the instant Motion seeking reargument of that portion of the Court's decision pertaining to the warranty for electrical components.

DISCUSSION

I. Legal Standard For Reargument

Although not explicitly provided for in the Federal Rules of Civil Procedure, Local Rule 7.1.5 provides for the filing of reargument motions.[FN1] *See* D. Del. L.R. 7.1.5. The decision to grant a motion for reargument lies within the discretion of the district court; however, such motions should only be granted sparingly. *Dentsply Int'l, Inc. v. Kerr Mfg. Co., 42 F.Supp.2d 385, 419 (D.Del.1999)*.

> FN1. Local Rule 7.1.5 provides:
> A motion for reargument shall be served and filed within 10 days after the filing of the Court's opinion or decision. The motion shall briefly and distinctly state the grounds therefor. Within 10 days after service of such motion, the opposing party may serve and file a brief answer to each ground asserted in the motion. The Court will determine from the motion and answer whether reargument will be granted.

A motion for reargument "should not be used to rehash arguments already briefed or to allow a 'never-ending polemic between the litigants and the Court.' " *Id.* (citing *Ogelsby v. Penn Mutual Life Ins. Co., 877 F.Supp. 872, 892 (D.Del.1995)*). As such, a motion for reargument may only be granted in three narrow circumstances: (1) where the court has patently misunderstood a party, (2) where the court has made an error not of reasoning, but of apprehension, or (3) where the court has made a de-

Case 1:06-cv-00228-JJF   Document 87-2   Filed 07/31/2007   Page 2 of 3

Not Reported in F.Supp.2d                                                                                                          Page 2
Not Reported in F.Supp.2d, 2003 WL 22939281 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

cision outside the scope of the issues presented to the court by the parties. *Id.* (citing *Pirelli Cable Corp v. Ciena Corp., 988 F.Supp. 424, 445 (D.Del.1998)*). With this standard in mind, the Court will address Plaintiffs' Motion For Reargument.

II. Plaintiffs' Motion For Reargument

By their Motion, Plaintiffs contend that the Court erred in concluding that Plaintiffs did not produce evidence creating a genuine issue of material fact as to whether the three year electrical warranty applied to the alleged defect in this case. Specifically, Plaintiffs contend that the report of Plaintiffs' expert, Frank Johnson, establishes that "a defect was found in the switch for activating the air or pneumatic column, which supports the seat." (D.I. 219 at 2, citing D.I. 160 at 1-2). Because the switch is an electrical component, Plaintiffs maintain that the three year warranty with respect to electrical components is still in effect.

*2 Plaintiffs presented this exact argument to the Court in its opposition to Defendants' motion for summary judgment. Plaintiffs also advanced the same expert report, and the Court considered that report in reaching its conclusion that Plaintiffs "failed to provide any documentary or testimonial evidence that the alleged defect was electrical in nature." *Kavanagh I,* Civ. Act. No. 98-556 at 6. As such, Plaintiffs' Motion attempts to relitigate matters already decided by the Court, and therefore, Plaintiffs have not stated a cognizable ground justifying reargument in this case.[FN2]

> FN2. Plaintiffs did not specify whether they were seeking reargument pursuant to Local Rule 7.1.5 or reargument pursuant to Federal Rule of Civil Procedure 59(e). However, a motion for reargument under Rule 7.1.5 that challenges the correctness of a previously entered order is considered the "functional equivalent" of a motion to alter or amend judgment pursuant to Rule 59(e). *See e.g. New Castle County v. Hartford Accident and Indemnity Co., 933 F.2d 1162, 1176-1177 (3d Cir.1991)*. Even if the Court were to consider the standards governing Rule 59(e) motions to alter or amend judgment, the Court would conclude that Plaintiffs are not entitled to relief. Plaintiffs have not presented the Court with a change in controlling law, newly discovered evidence, a clear error of law or fact, or the need to prevent manifest injustice. *Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999)*.

However, even if the Court were to consider the substance of Plaintiffs' argument, the Court would not grant reargument and would reach the same conclusion it reached previously. The warranty for electrical components covers breakage and excessive wear under normal use. Mr. Johnson's expert report does not allege that any electrical component was broken or worn. At most, Mr. Johnson's report suggests that the location of the pneumatic suspension control switch may have been problematic, but the location of the switch is not an electrical issue covered by the applicable warranty. Accordingly, the Court finds no basis to alter its previous conclusion that Plaintiffs have "failed to provide any documentary or testimonial evidence that the alleged defect was electrical in nature." *Kavanagh,* Civ. Act. No. 98-556 at 6. Because Plaintiffs have failed to create a genuine issue of material fact as to whether the three year express warranty on electrical components applies, the Court concludes that summary judgment was properly granted in favor of Defendants, and therefore, Plaintiffs' Motion For Reargument will be denied.

CONCLUSION

For the reasons discussed, the Court will deny Plaintiffs' Motion For Reargument.

An appropriate Order will be entered.

*ORDER*

At Wilmington, this 24th day of July 2003, for the reasons discussed in the Memorandum Opinion issued this date;

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                Page 3
Not Reported in F.Supp.2d, 2003 WL 22939281 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

IT IS HEREBY ORDERED that Plaintiffs' Motion For Reargument (D.I.219) is DENIED.

D.Del.,2003.
Kavanagh v. Keiper Recaro Seating, Inc.
Not Reported in F.Supp.2d, 2003 WL 22939281 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**CERTIFICATE OF SERVICE**

     I, Karen V. Sullivan, Esquire, hereby certify that a copy of the foregoing Defendant FIA Card Services, National Association f/k/a MBNA America Bank, N.A ("MBNA's") Opposition to Plaintiff's Motion to Compel & Opposition to Plaintiff's Motion to Vacate & MBNA's Motion to Stay was served by first class U.S. mail and Express Mail on this 31st day of July, 2007 on the following non-registered CM/ECF participant:

Herman Kelly  
P.O. Box 14157  
Detroit, MI  48214-0157

                                              /s/ Karen V. Sullivan  
                                            KAREN V. SULLIVAN (No. 3872)