IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Herman Kelly,<br>    Plaintiff,<br><br>v.<br><br>MBNA America Bank, National Arbitration Forum, Wolpoff & Abramson, L.L.P.<br><br>    Defendants. | C.A. No. 06-228-JJF |

**DEFENDANT FIA CARD SERVICES, NATIONAL ASSOCIATION F/K/A MBNA AMERICA BANK, N.A.'S ("MBNA'S") OPPOSITION TO PLAINTIFF'S MOTION TO JOIN BANK OF AMERICA AS NEW CO-DEFENDANT IN CASE (D.I. 93)**

Herman Kelly filed a motion titled "plaintiff's motion to join BANK OF AMERICA as new co-defendant in case. frcp. 19 a". (the "Motion to Amend," D.I. 93). Although Mr. Kelly cites Fed. R. Civ. P. 19(a) in support of his motion, Mr. Kelly's motion is more accurately considered as a motion for leave to file a second amended complaint under Fed. R. Civ. P. 15(a). In fact, the Clerk's Office docketed the motion as a motion to amend the complaint. Defendant FIA Card Services, National Association f/k/a MBNA America Bank, N.A. ("MBNA") respectfully requests that the Court deny plaintiff's Motion to Amend for the following reasons:

1. The decision whether to allow amendment of a complaint "rests within the sound discretion of the trial court." *Massarsky v. General Motors Corp.,* 706 F.2d 111, 125 (3d Cir.), *cert. denied,* 464 U.S. 937 (1983). Although leave to amend is ordinarily freely given under Rule 15(a), leave is properly denied where there is undue delay, bad faith or dilatory motive, undue prejudice to the opposing party or futility of amendment. *Foman v. Davis,* 371 U.S. 178, 182 (1962). "The trial court may properly deny leave to amend where the amendment would

not withstand a motion to dismiss." *Massarsky,* 706 F.2d at 125.  In such a case, amendment would be futile.  *See Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988).  Here, amendment of the amended complaint to include a claim related to account ending in 8145 would be futile because the Court would dismiss those claims in favor of arbitration as a result of the arbitration provision in the Credit Card Agreement and MBNA's election of arbitration for any disputes related to account ending in 8145.  *See Smith v. The Equitable*, 209 F.3d 268, 272 (3d Cir. 2000) (dismissal is appropriate where claims are arbitrable) (cited by *Kelly v. MBNA America Bank*, 06-228-JJF, Mem. Op. (D.I. 82 June 25, 2007)).

      2.     There is a valid arbitration agreement that, if Plaintiff's amendment were allowed, would require dismissal of the additional claims.  Account ending in 8145 was initially issued by Bank of America, N.A.  *See* Affidavit of Robert Winzinger in Opposition to Motion to Amend, Exhibit 2 ("Winzinger Aff.").  After the merger between Bank of America, Corp. and MBNA, Corp., account ending in 8145 is now issued by FIA Card Services, National Association, which is referred to herein as MBNA.  *See* Winzinger Aff., Exhibit 1.  The current Credit Card Agreement governing account ending in 8145 contains an arbitration provision.[1]  *See* Winzinger Aff., Exhibit 1, ¶ 48.  The provision provides, in pertinent part:

> Any claim or dispute ("Claim") by either you or us against the other, or against the employees, agents or assigns of the other, arising from or relating in any way to this Agreement or any prior Agreement or your account (whether under a statute, in contract, tort, or otherwise and whether for money damages, penalties or declaratory or equitable relief) shall, upon election by either you or us, be resolved by binding arbitration.

*Id.*  MBNA has elected to arbitrate any claims that Mr. Kelly may assert related to account ending in 8145.  *See* Winzinger Aff., ¶ 2.  Thus, there is a valid agreement to arbitrate and

---

[1] Moreover, although it was slightly different, the original Credit Card Agreement governing account 8145 also included an arbitration provision.  *See* Winzinger Aff. Exhibit 2, ¶ 7.19.

Plaintiff's claims fall squarely within the broad, substantive scope of the agreement. *See PaineWebber v. Hartmann*, 921 F.2d 507-510-511 (3d Cir. 1990).

3. Because the claims that Plaintiff seeks to add by amending the complaint would be dismissed in favor of arbitration, amendment is futile, and the Court should deny Plaintiff's Motion to Amend.

WHEREFORE, MBNA respectfully requests that the Court deny Plaintiff's Motion to Amend the complaint.

OBERLY, JENNINGS & RHODUNDA, P.A.

Dated: October 31, 2007

/s/ Karen V. Sullivan
Charles M. Oberly, III (No. 743)
Karen V. Sullivan (No. 3872)
1220 Market Street – Suite 710
P.O. Box 2054
Wilmington, DE  19899-2054
(302) 576-2000 – Telephone
(302) 576-2004 – Facsimile
coberly@ojlaw.com
ksullivan@ojlaw.com

Attorneys for FIA Card Services, National Association f/k/a MBNA America Bank, N.A.

## **CERTIFICATE OF SERVICE**

      I, Karen V. Sullivan, Esquire, hereby certify that a copy of the foregoing Defendant FIA Card Services, National Association f/k/a MBNA America Bank, N.A.'s ("MBNA's") Opposition to Plaintiff's Motion to Join Bank of America as New Co-Defendant in Case (D.I. 93) was served by first class U.S. mail on this 31st day of October, 2007 on the following non-registered CM/ECF participant:

Herman Kelly
P.O. Box 14157
Detroit, MI  48214

                                                  /s/ Karen V. Sullivan
                                                  KAREN V. SULLIVAN (No. 3872)