In  THE  UNITED  STATES  FEDERAL  DISTRICT COURT FOR
THE    DISTRICT    OF    DELAWARE.

CASE#  06-228-jjf

HERMAN KELLY,pro,se

    plaintiff

vs.

MBNA  AMERICA  BANK, et,al

    defendants

--------------------------------/

civil division

(notice/affirmation/sua sponte)

```
F I L E D

NOV 1 3 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE
```

"  Plaintiff's objection/opposition to defendant(mbna)'s letter answer
dated  Oct  31, 2007 ". also " Plaintiff 's motion  for summary judgment
in support  to his mot ion   to   vacate. " frcp 56a..frcp 60 a,b.

----------------------------------------------------------------------

( statement of facts  and  claims  )
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1.    Here is a attached exhibit evidences as  a accounting audit
written  statement from  plaintiff's  witnesses  BP company and a
list of all herman kelly, pro, se plaintiff's monthly installment
payments  paid to bank of america on credit loan account   number
# ▉▉▉▉▉▉▉▉▉▉▉▉▉, that   showed this account is paid in full.
Plaintiff do not owe  bank of america and mbna bank no more money.
see. EX.  A

2.    Plaintiff objected, opposed  to defendant mbna bank's attorney
karen sullivan's  letter answer dated  Oct 31, 2007 on  against
co-defendant bank of america  being  joined as co-defendant.Bank of
America 's misconduct is extortion by requesting demanding plaintiff
pay them more money, which is illegal and in violation of plaintiff's
constitutional rights  to equal protection of laws, due process of laws.

3.    Plaintiff  paid $ 5836.54 dollars to  bank of america and the
credit loan  limit amount  was only for $2,900.00 dollars  covering
a 7 year period from about  Jan 3, 2001 to Aug 2, 2007 account was  paid
in full.Plaintiff paid  between  $33.00 to  $100.00 eack week & month.
Plaintiff paid  17 % apr to 37 .15 % apr  annual percentage rate  to
bank of america on the  $  2900.00 dollars  loan credit.

```
 $2900.00  loan              $2900.00 loan
X    17 % apr             X        37.15 % apr
------------------           -----------------
= $493.00 interest          = $1077.35 interest
+$2900.00 credit            +  $2900.00  credit/loan
------------------           -----------------
=$ 3393.00  total           =$ 3977.35 total      refund $2443.54
                                                   requested
                                              ********************
```

3a.  Plaintiff request 1st option of $2443.54
                       2nd option of $2000.00   for  possible refunds.
Plaintiff objected to any late fees but agreed to pay $ 443.54and
plaintiff did pay all late fees amounts in full to bank of america,
Payment was mailed to   bank of america.

P. 1

4.    Here is a copy of plaintiff 's bank receipt statement showing that bank of america charged him 37.15 % apr interest which is illegal usury interest rates .The usa statutory apr is 18 % as stated by the united states federal trade commission.Bank of america is located all over united states and in foreign countries.Parties agreed to 17 % would be the apr for the whole payment period term of the loan credit for up to ten years, max. see. EX .B

( motion for summary judgment )
*********************************

5.    Based on all facts,evidences herein submitted and filed in the records plaintiff move and reouest court to issue a summary judgment order in favor of plaintiff. There is no other remedy at law on this matter, plaintiff object to any arbitration of defendant.

    FRCP 56(a) states... for claimant,a party seeking to recover
    upon a claim, counterclaim or cross claim or to obtain a
    declaratory judgment may, at any time after the expiration
    of 20 days from the commencement of the action or after
    service of a motion for summary judgment by the adverse party
    move with or without supporting affidavits for a summary
    judgment in his favor upon all or any part thereof.

    summary judgment on contract is appropriate only when
    relevant provisions are so straighforward that they can be
    read in but one way. see .. davis vs. chevy chase financial
    ltd, 1981, app, dc, 667,f, 2d, 160.



    federal court under rule 56 will consider all papers of
    records as well as any material prepared for summary
    judgment motion. see.. allen vs.carlotti, 1975,dc . fla,
    400. f,supp.1037,affd,ca5,fla,552,f 2d,1086. ...zenith radio
    corp, vs. matsushita electric industrial co, 1981,ed, pa,
    513,f, supp,1100

    summary judgment 73,am jur, 2d,& 5. states...but an action
    on a written contract , the mere raising of an
    unfounded charge of ambiguity does not bar summary judgment
    where the charge is disproved by undisputed documentary
    evidences. see...freeman vs.continental gin.co,ca5, miss,
    381,f,2d,459,4,alr,fed,104 ,reh,den,384,f,2d,365 .

    motion may be made at any time for summary judgment and motion
    is not premature because discovery has not been compeleted
    and pretrial narrative statement are not yet due.in event
    that additional time to secure evidentiary material by way
    of discovery or otherwise is reouired fr civ,p. 56 f,
    provides for allowance of time to secure tthese materials.
    see...groover vs. magnavox co,1976, dc, pa,71, frd, 638.
    first american bank na, vs. united eouity corp ,1981,
    dc, dist,col,89,frd,81.

P.2

menorandum of laws
---------------------

the cardholder asserts the defense against the issuer by withholding
payments on the credit card account up to the amount of credit
outstanding for the property or services that gave rise to the
dispute plus any finance or other charge imposed on that amount.The
issuer may not report the disputed amounts as delinquent.The liability
of the card issuer is limited to the amount of credit outstanding with
respect to the transaction at the time the cardholder first notifies
the issuer of the claim or defense. see. 20 am, jur, 2d. & 62
credit cards,federal truth lending act & and regulation Z.

45 am jur.2d. & 57 interest... from an early day the courts in this
country have opposed the allowance of compound interest and the
generally recognized rule is that interest should not bear interest.

a creditor may contract for and receive a finance charge not exceeding
that permitted in the code. The finance charge may not exceed the
single annual percentage rate designed as 18 % per year on the
unpaid balances of the amount fina nced.see... uccc&2.201.1..
uccc & 2.201.2b.  17 am jur, 2d.& 295 consumer protection.

the common law has long favored simple interest and disfavored
compound interest. nation vs. W D E ,elec.co. 454 mich,489.563,n.w.
2d. 233 ,1977.

in the absence of a contractual provision or a statute,compound
interest is not allowed on a debt. lincoln lumber co, vs.
fowler ,248, Neb,221, 533, n.w. 2d .898,1995.. campbell vs. lake
terrace,inc. 111 nev.1329,905,p. 2d.163,1995

Bogosian vs. Woloohojian,158,f, 3d,1, 1st, cir.1998.
greenmoss builders ,inc. vs. dun & bradstreet inc, 149,Vt.365
543 A. 2d. 1320,1988.



The general American rule is that when interest is allowable interest
is to be computed on a simple rather than a compound basis in
the absence of express authorization to do so. Stovall vs.
Illinois central gulf R. Co. 722 f. 2d. 190 5th cir. 1984 .

compound interest means interest on interest in that accrued interest
is added periodically to the principal and interest is then computed
upon the new principal thus formed .

as a consequence compound interest may in effect be recovered on a
judgment whereby the aggregate amount of principal and interest is to
a new principal amount.The consequence which follow the exaction of
unlawful interest ny national banks are those provided in federal
law namely forfeiture of the entire interest which has been agreed
to be paid or if the interest has been paid liability for double the
amount of the interest. see. 45 am jur.2d.&11 interest & usury

A national bank charges interest at a higher rate than allowed by the
law of the state when it compounds interest a t a higher rate than
permitted by its home state law, even though the compound
interest rate is less than permitted by state law to be charged
directly without compounding/ see. . 45 am, jurn, 2d. & 12 interest

P.3

1    The illegality of an agreement may be in the consideration
in a promise or in its performance. An agreement to do an
2    illegal act is itself illegal. see... Ewell vs. Daggs, 108,
US 143, 27, L. Ed, 682, 2, S. Ct. 408.... .. 17 A, Am, jur, 2d,
3    & 239.. contracts..

4
A        concise     statement of the rule is that
5    agreement are illegal if they are
contrary to law, morality or public policy.. see... Goodrich
6    vs. Tenney, 144, Ill. 422, 33, NE, 44...

7
it is   clear  that the courts will not recognize or enforce
8    contracts    resting upon an illegal  consideration, Illegal
consideration  consists  of any act or forbearance or a promise
9    to act or forbear which is contrary to law or public  policy.
.   ... It  is insufficient  consideration to support an
10    agreement and an agreement founded upon it is illegal. see...
17 A Am, jur, 2d, & 240   contracts... Hanley  vs. Savannah
11    Bank, & Trust, Co, 208, Ga. 585, 68, SE 2d, 581, ...
Baxter  vs. Wilburn, 172, md, 160, 190, A,           773,
12    Mc Cullough   vs.  Virginia, 172, US 102, 43, L. Ed, 382,
19, S. Ct. 134... Standard  Lumber Co. vs. Butler, Ice, Co.
13    CA 3, Penn, 146, f. 359..

14

15    As a general rule an agreement which violates a provision
of the federal or state constitution or of a constitutional
16    statute or which cannot be performed without violating  such
a provision is illegal and void...  see... Ewert   vs.
17    Bluejacket. 259,  US 129, 66, L. Ed. 858, 42, S, Ct. 442...
17 A Am, jur, 2d, & 247.. contracts...
18

19

20    where   fraud is alleged with respect to release intent of
parties should be  considered. see... theisen, vs.  kroger
21    co, 1981, 309, n.w. 2d. 676, 107, mich, app, 5 80.
van  avery   vs. seiter , 1968, 163, n.w. 2d, 643, 13, Mich,
22    app, 88.

23    scope of  release is governed by its terms as indicating
intentions of  parties at time it is accepted.      see..
24    auto  owner Inc, Co, vs. Rigby, 1976c  1975, 226, NW, 2d,
580, 57, Mich, app. 604...
25

26    a release may be  avoided in an action at law for fraud
in the inducement as well as for fraud in the execution. see...
27    66 Am, jur, 2d, & 56  release...       wagner  vs. national
L. Ins, Co, CA6, Mich, 90, f, 395..

28

P.4

( settlement proposal offer )
**********************************

6.    Defendant mbna bank and co-defendant  bank of america can deduct,
set off any loss or gain from their federal taxes as  a tax exempt
organization, foundation in respect to this  case.Plaintiff 's 7 credit
loan accounts are paid in full that are stated in  complaint, records on
files, evidences and this case is voluntary  dismissed by all parties.
There  shall be no  interferences or retaliation against or with
plaintiff's credit history,reports,professional careers, job,education, ect.

7.    Plaintiff  signed his credit loan application and agreed to a
one time  set fix interest rate  apr,  any contract agreement that change
without    plaintiff's  consent,permission  is illegal wrong incorrect.
Bank of America can not           compound interest  .

( conclusion )
****************

8.    Based on the  menorandum of laws , evidences, exhibits plaintiff
prays   to god and this  court to consider, review and grant this motion
for summary judgment as  not to cause any more delay in the  interest of
justice,there is  no  triable  issue to raise,and  to avoid needless
trials.There  is no  genuine issue  regarding  any material facts that
plaintiff paid all his 7 credit loan  account in full,Also defendants
refused to tell this  court  what the total amount of money that
mbna bank, bank of america  got from plaintiff .Court should    look at
plaintiff case, claims, complaint without  frequent  contribution to
injustice  which proceed  from  technicalities  of pleadings  and
practice.Plaintiff is not a attorney or lawyer only a tax payer seeking
help from this      federal court.

9.    Court   should deny  defendant motion for  reconsideration,vacate
court's order of    dismissal and reinstate case  for court proceedings
to issue a fair just relief deem proper on granting this motion,request .

10.    CO-defendant mbna bank of america should  pay all court's cost
and any fair settlement reinbursement expenses or refund plaintiff
$2000.00 dollars  for all over payments  to bank of america and mbna bank.
Court should deny any motion to  dismiss  filed by bank of america and
grant this  motion also as  a motion to  strike  defendants answer/letter
dated Oct 31, 2007  for  fraud, on the court by bank of america.

    county state of michigan          Respectfully  submitted
wayne, D A T E D  Nov 9, 2007

" proof of service s certificate"     Herman Kelly, pro, se
---------------------------------     p.o. box  14157
                                      Detroit, Michigan 48214 -0157

                                      313-894 -8855

                                      herman kelly, plaintiff

a copy of this motion was mailed to defendant
at; p.o. box  2054  wilmington, DE. 19899-2054

p.5

