IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

HERMAN KELLY,                          :
                                       :
        Plaintiff,                     :
                                       :
    v.                                 :  Civ. Action No. 06-228-JJF
                                       :
MBNA AMERICA BANK,                     :
                                       :
        Defendant.                     :

Herman Kelly, Detroit, Michigan.  Pro se Plaintiff.

Karen V. Sullivan, Esquire, Oberly, Jennings & Rhodunda, PA, Wilmington, Delaware.  Attorney for Defendant MBNA American Bank now known as FIA Card Services, National Association.

**MEMORANDUM OPINION**

November 29, 2007
Wilmington, Delaware

Farnan, District Judge

*Joseph J. Farnan Jr.*

Plaintiff Herman Kelly ("Kelly"), who proceeds pro se and was granted leave to proceed in forma pauperis, filed this action alleging state and federal violations. On June 25, 2007, the Court granted in part, and denied in part, Defendant MBNA American Bank, now known as FIA Card Services, National Association's ("MBNA") Motion To Dismiss Amended Complaint. (D.I. 46, 83.) Now before the Court is MBNA's Motion For Reconsideration Of Motion To Dismiss Amended Complaint. Also before the Court are Plaintiff's Motions To Compel, To Vacate Court's Order/Judgment FRCP; 60b; 59e, and To Strike. (D.I. 85, 86, 90.) For the reasons set forth below, the Court will grant the Motion For Reconsideration and will deny the remaining Motions. (D.I. 84, 85, 86, 90.)

I.   **PROCEDURAL AND FACTUAL BACKGROUND**

This case involves six credit card accounts. Plaintiff's Complaint and Amended Complaint refer to Account Numbers 1423, 6921, 0023, 4211, 6519, and 0919. Plaintiff alleges that he paid MBNA his "loan balance amounts and legal interest in full" and requests a refund from MBNA for "over charges billing payments." (D.I. 2, ¶ 11.) He alleges that MBNA engaged in unfair banking, unfair billing, discrimination, and breach of contract. Id. at ¶ 13.

The parties are aware of the procedural and factual

background of this case which is set forth in detail in the Court's Memorandum Opinion dated June 25, 2007. (D.I. 82.) The Court granted in part and denied in part MBNA's Motion To Dismiss for lack of jurisdiction over the subject matter. The Court dismissed the claims relative to Account Numbers 1423, 6921, and 3734 based upon the Rooker-Feldman doctrine.[1] MBNA had also moved to dismiss claims on Account Numbers 7332 and 5567 based upon the Federal Arbitration Act ("FAA"), but dismissal was denied on the basis that there had been no allegations regarding these Account Numbers. The Court denied MBNA's Motion To Dismiss Account Number 5567 under a res judicata theory, again, on the basis that the Account Number was not mentioned by Plaintiff. Finally, the Court denied, without prejudice, MBNA's Motion To Dismiss in favor of binding arbitration because it was unable to discern what accounts, if any, were subject to arbitration. The Court noted, however, that MBNA's position regarding arbitration for Account Number 6445 was well-taken, even though the account had not been mentioned by Plaintiff.

MBNA moves for reconsideration on the basis that there was confusion over the Account Numbers at issue as a result of the parties referring to different a number for the same account. It submits an affidavit showing that the six accounts are each known

---

[1] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

by three different numbers, the Original Account Number, the Converted Account Number, and the Charge-Off Account Number.[2] At the time the Court rendered its Memorandum Opinion it did not have before it all relevant information for the Account Numbers. The Account Numbers changed from their Original Account Numbers to Converted Account Numbers when the accounts were sold to MBNA and converted to MBNA's system. When the Converted Account Number's balance became a bad debt it was given a Charge-Off Account Number and transferred for debt collection.

Plaintiff referred to the Converted Account Numbers in his Complaint and Amended Complaint and, with the exception of Converted Account Numbers 1423 and 6921, MBNA referred to the Charge-Off Account Numbers in its Motion To Dismiss. The Account Numbers including Original, Converted, and Charge-Off are as follows:

---

[2] In reviewing a factual challenge to the Court's subject matter jurisdiction, the Court is not confined to the allegations of the Complaint, and the presumption of truthfulness does not attach to the allegations in the Complaint. Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Instead, the Court may consider evidence outside the pleadings, including affidavits, depositions and testimony, to resolve any factual issues bearing on jurisdiction. Gotha v. United States, 115 F.3d 176, 179 (3d Cir. 1997). Once the Court's subject matter jurisdiction over a complaint is challenged, the plaintiff bears the burden of proving that jurisdiction exists. Mortensen, 549 F.2d at 891.

```
                  Account Numbers
        Original    Converted    Charge-Off

          1611        1423          1453
          3461        6519          3734
          7784        4211          5567
          4219        0919          6335
          9377        6921          3235
          0346        0023          7332
```

Plaintiff objects to MBNA's Motion For Reconsideration. (D.I. 88, 90.) In doing so, he provided a "history of case and facts" which corroborates MBNA's position on four of the accounts[3]: 0346/0023/7332; 1611/1423/1453; 7784/4211/5567; and 4219/0919/6335. Plaintiff maintains that he has paid in full all the accounts in question. He objects to MBNA's Motion To Reconsider and argues that he timely filed a Motion To Vacate/For Reconsideration[4] pursuant to Fed. F. Civ. P. 60(b).[5] (D.I. 88.) Plaintiff argues that: 1) any interest charged over eighteen percent is illegal, 2) the U.S. Comptroller of the Currency ("USCOC") is the proper agency having authority over a national bank such as MBNA, 3) the USCOC has the power to review issues

---

[3]So there is no further confusion the Court will refer to the Account Numbers using the Original/Converted/Charge-Off number for each account. For example, 1611/1423/1453.

[4]The Motion To Vacate argues that the Court overlooked the fact that an administrative case was pending against MBNA before the U.S. Office of the Comptroller of the Currency when, in retaliation, MBNA filed six arbitration claims and three Detroit state court cases against Plaintiff. (D.I. 86.)

[5]MBNA asks the Court to disregard Plaintiff's Objection To The Motion For Reconsideration and Motion To Vacate pursuant to Rule 60(b) because they were not timely filed. (D.I. 89.)

and complaints against MBNA, and 4) the USCOC had full jurisdiction over the matter and issued an order regarding the same prior to any arbitration or State court proceedings.[6] Plaintiff states that the USCOC informed him that MBNA was to pay him money. He argues that the U.S. Trade Commission and the USCOC's letter was pending before the "NAF ( i.e., National Arbitration Forum (hereafter ("NAF")) illegal awards." (D.I. 90.)

Plaintiff contends that this Court has complete jurisdiction over his Complaint to enforce all rulings, orders, and directions of the U.S. Federal Trade Commission ("FTC") and the USCOC. Plaintiff further contends that he has raised claims of account audit disclosures, fraud, racketeering, double jeopardy, discrimination, and extortion. Finally, he claims that the NAF did not have jurisdiction over him, and that he objected to the NAF proceeding by filing bank grievances with the USCOC and FTC.[7]

---

[6] Plaintiff refers to a letter dated December 23, 2004, from the USCOC to support his position that it has "full jurisdiction" over this matter. The Court has reviewed the letter and, rather than discuss jurisdiction, it advises Plaintiff that it contacted MBNA regarding Plaintiff's complaint and that the bank had referred Plaintiff's accounts to outside counsel. It also advised Plaintiff of the steps necessary to protect his rights in the event of a billing error on his credit card account. (D.I. 88, exhibit.) Contrary to Plaintiff's position, the letter is neither an order nor a judgment ruling in his favor.

[7] Plaintiff explains that the FTC forwarded the grievances to the USCOC who has full power and authority over national banks.

-5-

**II.  STANDARD OF REVIEW**

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. See Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Brambles USA, 735 F.Supp. at 1241 (D. Del. 1990) (citations omitted); See also D. Del. LR 7.1.5.

## III. DISCUSSION

### A. Rooker-Feldman Doctrine

MBNA sought dismissal of claims relating to Account Number 3734. In ruling on the Motion To Dismiss, the Court observed that the Complaint and Amended Complaint made no reference to Account Number 3734 but, nonetheless, claims relative to Account Number 3734 fell under the purview of the Rooker-Feldman doctrine and were barred. MBNA asks the Court to clarify dismissal of Account Number 3734 claim with respect to Account Number 3461/6519/3734.

The Motion To Reconsider is well-taken as to Account Number 3734. At the time the Court rendered its Memorandum Opinion it did not have before it information that the Account Numbers had changed. The Memorandum Opinion noted that the Michigan State Court entered judgment in Account Number 3734. Account Number 3734 is the same as Plaintiff's Account Number 6519 (i.e., 3461/6519/3734). Accordingly, the Court will grant MBNA's Motion For Reconsideration and clarifies that based upon the Rooker-Feldman doctrine the claims relative to Account Number 3461/6519/3734 are dismissed.

### B. Federal Arbitration Act

#### 1. Arbitration

MBNA moves for reconsideration and asks for dismissal of claims relative to Account Number 4219/0919/6335. In its Motion

To Dismiss MBNA referred to the account as Account Number 0919, while Plaintiff referred to it as Account Number 6335. As discussed above, the foregoing are one and the same account, but this was unknown to the Court at the time it issued its Memorandum Opinion.

The NAF opened a case for Account Number 4219/0919/6335 on July 15, 2005, and Plaintiff was served with process on February 1, 2006. MBNA indicates that arbitration is stayed in this matter. Plaintiff and MBNA both submitted credit card agreement exhibits indicating that disputes between them shall be resolved by binding arbitration conducted by the NAF.

The "Arbitration and Litigation" clause states that it applies unless the cardholder was given an opportunity to reject the Arbitration and Litigation clause and rejection was made in the manner and timeframe required. Plaintiff did not allege that he rejected arbitration nor did he allege the accounts are subject to arbitration. Nonetheless, he now argues that NAF had no jurisdiction over him and that he objected to the NAF proceeding by filing bank grievances with the USCOC and the FTC.

Federal policy favors arbitration. See Medtronic AVE, Inc. v. Advanced Cardiovascular Sys., Inc., 247 F.3d 44, 55 (3d Cir. 2001). The credit card agreement contains an "Arbitration and Litigation" clause and it is governed by the FAA. (D.I. 47, Exs. 3, 6.) Under the FAA, a court, on application of one of the

parties to an agreement to arbitrate, must stay a judicial action commenced in that court which is the subject of an arbitration clause or, in the alternative, must dismiss any arbitrable claims. 9 U.S.C. §§ 3-4; Shaffer v. Graybill, 68 Fed. Appx. 374 (3d Cir. 2003). Also under the FAA, the proper procedure for a party to challenge whether it is subject to an arbitration agreement is to move the court for a stay of arbitration. Mays v. Lanier Worldwide, Inc., 115 F. Supp. 2d 1330, 1342-43 (M.D. Ala. 2000) (quoting Halley Optical Corp. v. Jagar Int'l Mktg. Corp., 752 F. Supp. 638, 639 (S.D.N.Y. 1990)); see also 9 U.S.C. § 4. The Third Circuit has interpreted § 3 of the FAA provision to permit dismissal when all issues raised in the action are arbitrable. See Smith v. The Equitable, 209 F.3d 268, 272 (3d Cir. 2000) ("when 'all the claims involved in an action are arbitrable, a court may dismiss the action instead of staying it'") (citations omitted).

In order to determine if there is an enforceable arbitration agreement between the parties that compels arbitration and a stay or dismissal of the present action, a court must consider the following issues: (1) does a valid agreement to arbitrate exist between the parties, and (2) do the plaintiff's claims fall within the substantive scope of the valid arbitration agreement. See PaineWebber v. Hartmann, 921 F.2d 507, 510-511 (3d Cir. 1990). Doubts are generally resolved in favor of coverage of the

-9-

arbitration agreement. See A T & T Technologies, Inc. v. Communications Workers of Am., 475 U.S. 643 (1986).

There appears to be a valid agreement to arbitrate and Plaintiff's claims appear to fall within the scope of arbitration clause as set forth in the MBNA credit card agreement. Plaintiff now contends that he did not agree to arbitration and objected by filing bank grievances with the USCOC and the FTC. He does not, however, assert that he rejected the arbitration clause in the manner and timeframe as is required in the credit card agreement. Nor is there evidence he moved the court to stay arbitration as is required by the FAA. Accordingly, the Court will grant the Motion For Reconsideration and will dismiss the claims relative to Account Number 4219/0919/6335 as they are subject to arbitration.

### 2. Notice

MBNA sought dismissal of claims relative to Account Numbers 5567 and 7332 on the basis that Plaintiff attempted to use this Court to judicially review the arbitration awards, but failed to timely move to vacate the arbitration awards as required by 9 U.S.C. § 12 of the FAA. MBNA seeks reconsideration of the Court's denial as moot MBNA's Motion To Dismiss on the basis that Plaintiff mentions neither account in his Complaint or Amended Complaint. As discussed above, Account Numbers 7332 and 5567 as used by MBNA are actually Plaintiff's Account Numbers 0023 and

-10-

4211 (i.e., Account Numbers 0346/0023/7332 and 7784/4211/5567).

Arbitration awards were entered in Account Numbers 0346/0023/7332 and 7784/4211/5567, both accounts requiring mandatory arbitration. Section 12 of the FAA provides that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. "A party to an arbitration award who fails to comply with the statutory precondition of timely service of notice forfeits the right to judicial review of the award." Pfannenstiel v. Merrill Lynch, Pierce, Fenner & Smith, 477 F.3d 1155, 1158 (10th Cir. 2007) (quoting International Bhd. of Elec. Workers, Local Union No. 969 v. Babcock & Wilcox, 826 F.2d 962, 966 (10th Cir. 1987); see also Lander Co., Inc. v. MMP Investments, Inc., 107 F.3d 476, 478 (7th Cir. 1997); Cullen v. Paine, Webber, Jackson & Curtis, Inc., 863 F.2d 851, 854 (11th Cir. 1989).

MBNA filed claims in the NAF for both accounts at issue. A claim was filed for Account Number 0346/0023/7332 on April 15, 2005, and an arbitration award was entered against Plaintiff on September 1, 2005. A claim was filed for Account Number 7784/4211/5567 on September 9, 2005, and an arbitration award were entered against Plaintiff on March 17, 2006.

The arbitration award for Account Number 0346/0023/7332 was entered against Plaintiff on September 9, 2005, and this action

-11-

was not commenced until April 6, 2006, long after the three month time period had expired. The arbitration award for 7784/4211/5567, however, was entered on March 17, 2006, approximately three weeks prior to the filing of this lawsuit. Regardless, neither the Complaint nor the Amended Complaint make no mention of the arbitration award for Account Number 7784/4211/5567, but instead speak to the business practices of MBNA. Moreover, the Court has reviewed all of Plaintiff's objections and responses, and nothing indicates that, as to Account Number 7784/4211/5567, it was Plaintiff's intent in filing his Complaint and Amended Complaint to vacate, modify, or correct the arbitration award as is required by Section 12 of the FAA.[8] Nor has Plaintiff advanced such an argument. Accordingly, the Court finds that Plaintiff has forfeited his right to judicial review of these two arbitration awards. Based upon the foregoing, the Court will grant MBNA's Motion For Reconsideration and will dismiss the claims relative to Account Numbers 0346/0023/7332 and 7784/4211/5567 for failure to comply with Section 12 of the FAA.

**IV. SUA SPONTE DISMISSAL**

Plaintiff proceeds pro se and has been granted leave to proceed in forma pauperis. The in forma pauperis statute gives the Court authority to dismiss a case **at any time** if the Court

---

[8] The Amended Complaint seeks five million dollars in damages for Defendant's "illegal misconduct." (D.I. 5, ¶ 3.)

-12-

determines that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff alleges discrimination, illegal high compound interest prime rate, harassment, breach of contract agreement, double jeopardy, interference, fraud, sanctions/injunction, false prosecution, false advertising, deceit accounting practice, conspiracy, embezzlement, misrepresentation, negligence, settlement compromise, witness tampering, and extortion. (D.I. 2 at ¶ 2.) He also alleges denial of his constitutional rights to access to the courts, due process, equal protection, a jury trial, enjoyment of life, appointed counsel, and discovery. Id. at ¶ 4.

Plaintiff specifically raises a claim against MBNA for "breach of contract agreement, accounting, discrimination, slander libel" and for general damages. Id. at ¶ 24(b). More particularly, Plaintiff alleges that approximately ten years ago he invested money in MBNA and opened different credit card accounts with it and other third party banks. Id. at ¶ 14. He alleges that MBNA, without written permission, consent, or notice, took his available cash credit in violation of U.S. laws and the constitution. Id. at ¶ 16. Plaintiff further alleges that MBNA erred in the computation of any money balance due, illegally overcharged the daily interest rate, refused to provide

a fair accounting audit, changed the interest rate, and charged a different higher illegal interest rate. Id. at ¶¶ 17, 19, 26, 27.[9]

A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).

The Court liberally construes the allegations raised by Plaintiff. The disjointed allegations consist primarily of

---

[9] Plaintiff filed similar lawsuits in Kelly v. Citibank, C.A. No. 06-1440-CAB (N.D. Ohio) and Kelly v. Chase Bank, Inc., C.A. No. 07-1650 (S.D. Tex.). Both cases were dismissed. The Citibank case was dismissed on August 16, 2006, pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief can be granted and for lack of an arguable basis in law or fact; the Chase Bank case was dismissed on May 23, 2007, for want of jurisdiction and failure to state a claim

-14-

labels and conclusions that MBNA engaged in unlawful credit card financial practices. Plaintiff refers, in particular, to the six credit card accounts discussed in this Memorandum Opinion. The Court finds that the claims as to the six credit card accounts fall under the umbrella of the FAA. As previously discussed above, the Court will dismiss those claims.

Plaintiff also makes a number of wholesale allegations. Most are frivolous and some allege violations of his constitutional rights. When bringing a civil rights claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). There are no allegations to suggest that MBNA engaged in conduct which could be characterized as either state or federal action. Based upon the foregoing, the Court will dismiss, with the exception of the FAA credit card claims, all remaining claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

## V. MISCELLANEOUS MOTIONS

The Court will grant MBNA's Motion For Reconsideration, and will dismiss sua sponte all other claims, thus, disposing of all issues in the case. Plaintiff has filed a Motion To Vacate Court's Order/Judgment FRCP; 60b; 59e. (D.I. 86.) In seeking reconsideration Plaintiff presents no new information or law, makes the same argument, and submits the same documents. His

motion does not meet the requisites for the Court to vacate, set aside, or reconsider its June 25, 2007 Memorandum Opinion and Order. Therefore, the Court will deny the remaining pending Motions, as follows: Plaintiff's Motion To Compel (D.I. 85), Motion To Vacate Court's Order/Judgment FRCP; 60b; 59e, (D.I. 86) and Motion To Strike (D.I. 90).

## VI. CONCLUSION

For the reasons discussed above, the Court will grant MBNA's Motion For Reconsideration, will deny all other pending motions, and will dismiss *sua* sponte the remaining claims as frivolous and for failure to state a claim upon which relief may be granted. (D.I. 84, 85, 86, 90.) An appropriate Order will be entered.