

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HERMAN KELLY, | : |
| Plaintiff, | : |
| v. | : Civ. Action No. 06-228-JJF |
| MBNA AMERICA BANK, | : |
| Defendant. | : |

Herman Kelly, Detroit, Michigan.  Pro se Plaintiff.

Karen V. Sullivan, Esquire, Oberly, Jennings & Rhodunda, PA, Wilmington, Delaware.  Attorney for Defendant MBNA American Bank now known as FIA Card Services, National Association.

**MEMORANDUM OPINION**

January 3, 2008
Wilmington, Delaware

Farnan, District Judge

Plaintiff Herman Kelly ("Kelly"), who proceeds *pro se* and was granted leave to proceed *in forma pauperis*, filed this action alleging state and federal violations. All claims have been dismissed by the Court. Now before the Court is Kelly's Motion To Join Bank Of America As New Co-Defendant In Case, FRCP 19a, which the Court construes as a Motion For Leave To Amend. (D.I. 93.) Defendant MBNA American Bank now known as FIA Card Services, National Association ("MBNA") opposes the Motion. (D.I. 94.) Plaintiff has filed a Response and, in turn, MBNA has filed a Reply. (D.I. 97, 102.) For the reasons set forth below, the Court will deny the Motion.

I.  **PROCEDURAL AND FACTUAL BACKGROUND**

The initial case involved six credit card accounts. On November 29, 2007, the Court issued a Memorandum and Opinion dismissing all claims for a variety of reasons, including that certain claims were barred by the Federal Arbitration Act ("FAA"). (D.I. 99, 100.) The claims included discrimination, illegal high compound interest prime rate, harassment, breach of contract agreement, double jeopardy, interference, fraud, sanctions/injunction, false prosecution, false advertising, deceit accounting practice, conspiracy, embezzlement, misrepresentation, negligence, settlement compromise, witness tampering, and extortion.

Prior to the issuance of the November 29, 2007 Memorandum Opinion and Order, Plaintiff filed a Motion To Amend the Complaint to add as a new defendant Bank of America. (D.I. 93.) The Motion states that Bank of American ("BOA") has merged with MBNA (i.e., FIA Card Services). Plaintiff invokes Fed. R. Civ. P. 19(a)[1] and seeks to add BOA as a defendant and add new claims for credit card Account Number 8145.[2] Plaintiff alleges he has paid credit card Account Number 8145 in full, and that BOA is trying to extort money from him. Plaintiff states that he is charging BOA with fraud, discrimination, racketeering, interferences, and extortion. He alleges that BOA has charged him illegal high usury interest rates and canceled/terminated his loan without prior notice. Plaintiff contends that BOA is necessary to this action.

MBNA responds that prior to and after the merger with BOA, Account Number 8145 was, and is, subject to a valid arbitration agreement and a proposed amended complaint would be dismissed in favor of arbitration. It asks the Court to deny the Motion To Amend on the basis that amendment is futile. Plaintiff replied by asking the Court to grant summary judgment in his favor and

---

[1] While Fed. R. Civ. P. 19(a) provides for the required joinder of parties and Plaintiff seeks to add BOA as a necessary party, the Motion is better described as a Motion For Leave To Amend the Complaint.

[2] For security reasons, the Court uses only the last four digits of the account.

stated that he objected "to any arbitration of defendant." (D.I. 97.)

## II. STANDARD OF REVIEW

"After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. See Dover Steel Co., Inc. v. Hartford Accident and Indem., 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); See also Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). If

-3-

the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J. 1990).

## III.  DISCUSSION

### A.  Federal Arbitration Act

MBNA argues that Account No. 8145 is subject to a valid arbitration agreement and it has elected to arbitrate any claims Plaintiff may assert relative to the account. The "Arbitration and Litigation" clause states that "Any claim or dispute ("Claim") by either you or us against the other, or against the employees, agents or assigns of the other, arising from or relating in any way to this Agreement or any prior Agreement or your account (whether under a statute, in contract, tort, or otherwise and whether for money damages, penalties or declaratory or equitable relief) shall, upon election by either you or us, be resolved by binding arbitration." (D.I. 95.) Plaintiff does not deny that there is an arbitration agreement, but rather, he objects to arbitration by defendant.

Federal policy favors arbitration. See Medtronic AVE, Inc. v. Advanced Cardiovascular Sys., Inc., 247 F.3d 44, 55 (3d Cir. 2001). The credit card agreement contains an "Arbitration and Litigation" clause and it is governed by the FAA. (D.I. 95.) Under the FAA, a court, on application of one of the parties to

-4-

an agreement to arbitrate, must stay a judicial action commenced in that court which is the subject of an arbitration clause or, in the alternative, must dismiss any arbitrable claims. 9 U.S.C. §§ 3-4; Shaffer v. Graybill, 68 Fed. Appx. 374 (3d Cir. 2003). Also under the FAA, the proper procedure for a party to challenge whether it is subject to an arbitration agreement is to move the court for a stay of arbitration. Mays v. Lanier Worldwide, Inc., 115 F. Supp. 2d 1330, 1342-43 (M.D. Ala. 2000) (quoting Halley Optical Corp. v. Jagar Int'l Mktg. Corp., 752 F. Supp. 638, 639 (S.D.N.Y. 1990)); see also 9 U.S.C. § 4. The Third Circuit has interpreted § 3 of the FAA provision to permit dismissal when all issues raised in the action are arbitrable. See Smith v. The Equitable, 209 F.3d 268, 272 (3d Cir. 2000) ("when 'all the claims involved in an action are arbitrable, a court may dismiss the action instead of staying it'") (citations omitted).

In order to determine if there is an enforceable arbitration agreement between the parties that compels arbitration and a stay or dismissal of the present action, a court must consider the following issues: (1) does a valid agreement to arbitrate exist between the parties, and (2) do the plaintiff's claims fall within the substantive scope of the valid arbitration agreement. See PaineWebber v. Hartmann, 921 F.2d 507, 510-511 (3d Cir. 1990). Doubts are generally resolved in favor of coverage of the arbitration agreement. See A T & T Technologies, Inc. v.

-5-

Communications Workers of Am., 475 U.S. 643 (1986).

There appears to be a valid agreement to arbitrate and Plaintiff's claims appear to fall within the scope of arbitration clause as set forth in the credit card agreement. Plaintiff advances a claim that is legally insufficient and the Court finds it futile to amend the complaint to add a claim against BOA. Accordingly, the Court will deny the Motion To Amend relative to Account Number 8145 claims as they are subject to arbitration.

**B. Miscellaneous Claims**

Plaintiff also seeks to raise claims of fraud, discrimination, racketeering, interferences, and extortion. Plaintiff has previously attempted to raise similar claims, all of which were dismissed. A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to

relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).

As he has done in the past, Plaintiff advances a number of wholesale allegations against BOA. Plaintiff sets forth labels and conclusions, and falls short of stating any type of claim upon which relief may be granted. Moreover, some of the alleged conduct, such as fraud and racketeering, must be plead with specificity, but this has not been done. The proposed amendment is legally insufficient on its face and amendment would be futile. Therefore, the court will deny the Motion To Amend the remaining claims.

## VI. CONCLUSION

For the reasons discussed above, the Court will deny Plaintiff's Motion For Leave To Amend. (D.I. 93.) An appropriate Order will be entered.